1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMTIN ZAKIKHANI, KIMBERLY ELZINGA, THEODORE MADDOX JR., MICHAEL SUMMA, JACQUELINE WASHINGTON, PATTI TALLEY, ANA OLACIREGUI, ELAINE PEACOCK, MELODY IRISH, and DONNA TINSLEY, individually and on behalf of all others similarly situated, | Case No.: 8:20-cv-01584-SB-JDE **STIPULATED PROTECTIVE ORDER** **DISCOVERY MATTER** |
| Plaintiffs, | |
| v. | |
| HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, KIA CORPORATION, and KIA AMERICA, INC., | |
| Defendants | |

        Pursuant to the parties' Stipulation (Dkt. 86), and for good cause shown, the Court finds and orders as follows.

/ / /

/ / /

/ / /

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action involves production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.   <u>GOOD CAUSE STATEMENT</u>

This Action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, private customer information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Discovery Materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Action, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will

1   not be designated as confidential for tactical reasons and that nothing be so designated

2   without a good faith belief that it has been maintained in a confidential, non-public

3   manner, and there is good cause why it should not be part of the public record of this

4   case.

5   3.     <u>ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE</u>

6       The Parties acknowledge, as set forth in Section 14.3 below, that this Stipulated

7   Protective Order does not entitle the Parties to file confidential information under seal;

8   Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards

9   that will be applied when a Party seeks permission from the Court to file material under

10   seal. There is a strong presumption that the public has a right of access to judicial

11   proceedings and records in civil cases. In connection with non-dispositive motions,

12   good cause must be shown to support a filing under seal. *See Kamakana v. City and*

13   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips ex rel. Estates of*

14   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Wellbon*

15   *v. Sony Elec., Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective

16   orders require good cause showing), and a specific showing of good cause or

17   compelling reasons with proper evidentiary support and legal justification, must be

18   made with respect to Protected Material that a Party seeks to file under seal. The

19   Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL

20   does not—without the submission of competent evidence by declaration, establishing

21   that the material sought to be filed under seal qualifies as confidential, privileged, or

22   otherwise protectable—constitute good cause.

23       Further, if a Party requests sealing related to a dispositive motion or trial, then

24   compelling reasons, not only good cause, for the sealing must be shown, and the relief

25   sought shall be narrowly tailored to serve the specific interest to be protected. *See*

26   *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item

27   or type of information, document, or thing sought to be filed or introduced under seal,

28   the Party seeking protection must articulate compelling reasons, supported by specific

facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any requests for sealing filed in connection with a dispositive motion, a class certification motion, or trial must be granted by the District Judge presiding over the Action.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    DEFINITIONS

4.1    Action: the above-captioned action, *Ramtin Zakikhani, et al. v. Hyundai Motor Company, et al.*, 8:20-cv-01584-SB-JDE (C.D. Cal.).

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

4.3    "CONFIDENTIAL" Information or Items: For purposes of this Stipulated Protective Order, information that may be designated as "CONFIDENTIAL" includes any information that a Party intends to produce and believes in good faith to be confidential or sensitive non-public information, including, but not limited to, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c), and as specified above in the Good Cause Statement. "CONFIDENTIAL" Information or Items also include information that a Party is required to maintain as confidential under the terms of an agreement or other understanding.

4.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

1    4.5   <u>Designating Party</u>: a Party or Non-Party that designates information or

2    items that it produces in disclosures or in responses to discovery as

3    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED DATA."

4    4.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

5    the medium or manner in which they are generated, stored, or maintained (including,

6    among other things, testimony, transcripts, and tangible things), that are produced or

7    generated in disclosures or responses to discovery.

8    4.7   <u>Expert</u>: a person or firm with specialized knowledge or experience in a

9    matter pertinent to the Action who has been retained by a Party or its Counsel to serve

10   as an expert witness or as a consultant in this Action.

11   4.8   <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: For purposes of this

12   Stipulated Protective Order, Disclosure or Discovery Material may be designated as

13   "HIGHLY CONFIDENTIAL" if the Designating Party in good faith believes the

14   Disclosure or Discovery Material constitutes or contains confidential and highly

15   sensitive competitive business and/or proprietary information that warrants the highest

16   level of confidentiality, the disclosure of which other than as provided in Section 9.3

17   below will place the Producing Party at a competitive disadvantage. Any Producing

18   Party may designate as "HIGHLY CONFIDENTIAL": (i) trade secrets; (ii) current

19   and future business and marketing plans that have not been disclosed to the public;

20   (iii) research and development activities that have not been disclosed to the public; (iv)

21   commercial agreements with third parties containing competitively sensitive

22   information, and the negotiations concerning such agreements, provided that the

23   Producing Party has taken reasonable steps to keep the terms of such agreements and

24   related negotiations—as distinct from the existence of the commercial relationship—

25   out of the public domain; (v) non-public communications with United States and

26   foreign patent offices that are not producible by those patent offices pursuant to public

27   records requests; (vi) non-public communications with United States or foreign

28   regulatory agencies that are not producible by those patent offices pursuant to public

records requests; (vii) non-public financial information, including non-public sales information, sales projections, profit calculations, income and costs (i.e., production, marketing, and overhead); and (viii) any other category of information subsequently agreed to by the parties in writing as constituting "HIGHLY CONFIDENTIAL" Information or Items.

4.9    House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

4.11    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

4.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14    Professional Vendors: persons or entities that provide litigation support services, including outside copying services, court reporters, interpreters, translators, stenographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and their employees and subcontractors.

4.15    "PROTECTED DATA": Sensitive personal information of individuals that is protected from disclosure by an applicable law, statute, or regulation. "PROTECTED DATA" includes the following:

(a) Social Security Numbers (SSN), except the last four digits;

(b) Passport Numbers, except the last four digits;

(c) Driver's License Numbers, except the last four digits;

(d) State Identification Numbers, except the last four digits;

(e) Taxpayer Identification Numbers, except the last four digits;

(f) Patient Identification Numbers, except the last four digits;

(g) Financial Account Numbers, except the last four digits;

(h) Credit/Debit Card Numbers, except the last four digits;

(i) Media Access Control (MAC) addresses, except the last four digits;

(j) Biometric information;

(k) Fingerprints;

(l) Retina scans;

(m) Voice signatures;

(n) Facial geometry;

(o) Medical information unrelated to the alleged defects at issue in this Action;

(p) Information identifying credit card or bank account balances;

(q) Names of minor children, unless related to the issue of providing notice to a putative class;

(r) Home addresses, except for the State and zip code, that do not relate to the issue of providing notice to a putative class or facilitating service upon a potential witness to this Action;

(s) Dates of birth, other than the year of an individual's birth;

(t) Alien Registration Numbers;

(u) Identification card numbers, except the last four digits;

(v) Data identifying the physical location of persons if not relevant to the Action;

(w) Internet Protocol (IP) addresses, except the last four digits;

(x) Cookie IDs, except the last four digits;

STIPULATED PROTECTIVE ORDER

(y) Advertising identifiers of a phone, except the last four digits;

(z) Racial or ethnic origin; and

(aa) Genetic data.

No other information that falls outside the enumerated list above shall be deemed "PROTECTED DATA" absent later agreement of the Parties or a court order.

4.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or that constitutes "PROTECTED DATA."

4.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Stipulated Protective Order does not govern the use of Protected Material at trial.

6.   <u>DURATION</u>

Once this Action proceeds to trial, information that was designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or maintained pursuant to this Stipulated Protective Order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part

7

of court record). Accordingly, the terms of this Stipulated Protective Order do not extend to such information beyond the commencement of the trial. The terms of this Stipulated Protective Order shall continue to apply to all other information and documents not used or introduced as an exhibit at trial.

7.    DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED DATA" to each document that contains any Protected Material. However, upon reasonable request by a Party to a Designating Party to identify the specific portions of a document that contain Protected Material purportedly justifying the designation, the Designating Party shall provide that information, including the relevant pages, within five (5) business days of the non-Designating Party's request. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED DATA" legend, as appropriate, to each document that contains Protected Material. However, upon reasonable request by a Party to a Designating Party to identify the specific portions of a document that contain Protected Material purportedly justifying the designation, the Designating Party shall provide that information, including the relevant pages, within five (5) business days of the non-Designating Party's request.

(b) for testimony given in deposition that the Designating Party designates portions of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the deposition, or by identifying specific pages and/or lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within 21 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "CONFIDENTIAL" for 21 days following receipt by the Designating Party of the transcript.

1    The Parties shall direct the reporter attending each deposition to place the

2  following legend in bold type on all the covers of all deposition transcripts:

3    "NOTICE: This deposition is subject to a Protective Order and may

4    contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" testimony

5    and/or exhibits."

6    Whenever Protected Material is to be discussed or disclosed in a

7  deposition, the Designating Party for such Protected Material shall have the right to

8  require the exclusion from the room of any person who is not entitled to access such

9  Protected Material. Nothing in this provision is intended to impose any obligation

10  upon a Receiving Party beyond those imposed by the Federal Rules of Civil Procedure.

11  Any Party's introduction or other use of Protected Material in a deposition shall not

12  be deemed to waive the continued designation and treatment of such Protected

13  Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED

14  DATA."

15    (c) for information produced in some form other than documentary and

16  for any other tangible items, that the Producing Party affix in a prominent place on the

17  exterior of the container or containers in which the information or item is stored, as

18  applicable, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or

19  "PROTECTED DATA," as appropriate. If only a portion or portions of the

20  information warrants protection, the Producing Party, to the extent practicable, shall

21  identify the protected portion(s).

22    7.3   Redaction of "PROTECTED DATA": Any Party may redact

23  "PROTECTED DATA" that it claims, in good faith, requires protections under the

24  terms of this Stipulated Protective Order and which is irrelevant to the Action.

25  Redactions of "PROTECTED DATA" will include the reason for the redaction and

26  the redacting party shall prepare and maintain a log that identifies: (a) the Bates

27  number(s) of the redacted documents; (b) the category of "PROTECTED DATA" that

28  has been redacted (e.g., social security numbers, credit card numbers, etc.); and (c) a

general description of the individual or entity to whom the redacted "PROTECTED DATA" relates, if known, for example, whether the redacted information relates to a Party, a customer or potential customer of a Party, a current or former employee, officer, or director of a Party, a commercial supplier to a Party, or a governmental agency. The Producing Party shall maintain the log of "PROTECTED DATA" redactions and shall produce that log within 14 days of any production of documents containing redacted Protected Data. The Producing Party shall reasonably respond to reasonable requests for further specificity concerning redactions in good faith. Where "PROTECTED DATA" is not redacted because it is relevant to the Action, the document or information containing the "PROTECTED DATA" shall be designated as "PROTECTED DATA." Such "PROTECTED DATA," while unredacted, shall otherwise receive the same protections and treatment afforded to other "PROTECTED DATA" under this Stipulated Protective Order.

7.4    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED DATA" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable good faith efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. If the Producing Party amends the designation of information or items pursuant to this section, the Producing Party must provide a replacement production with the corrected designation and load file within 21 days of the amendment of the designation.

7.5    The Receiving Party shall also exercise good faith efforts to ensure that copies made of the material by the Receiving Party, and copies made by others who obtained the material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the material has been marked with the appropriate confidentiality legend by the Designating Party.

8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, and unnecessary economic burdens, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Civil Rule 37-1 et seq.

8.3    Judicial Intervention.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Civil Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Stipulated Protective Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the material; (2) is or was a custodian of the material; (3) is an employee of the Producing Party; (4) was an employee of the Producing Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or (5) counsel in good faith believes has knowledge of the information contained in the material, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their counsel, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any "CONFIDENTIAL" Information or Items, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) mediators or settlement officers, and their supporting personnel, mutually agreed upon by any Parties engaged in discussions concerning settlement of all or part of this Action; and

(j) any other person that the Designating Party agrees in writing, or that the Court orders, may receive the "CONFIDENTIAL" information or items.

9.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants or mock jurors who (1) are not a past or current employee of a Party or of a Party's competitor, and (2) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the material; (2) is or was a custodian of the material; (3) is an employee of the Producing Party; (4) was an employee of the Producing Party at time the document was created and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); or (5) counsel in good faith believes has knowledge of the information contained in the material, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),  and their counsel, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided that: (1) the witness and his or her attorney has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) the witness will not be permitted to keep any "HIGHLY CONFIDENTIAL" Information or Items, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) mediators or settlement officers, and their supporting personnel, mutually agreed upon by any Parties engaged in discussions concerning settlement of all or part of this Action; and

(i) any other person that the Designating Party agrees in writing, or that the Court orders, may receive the "HIGHLY CONFIDENTIAL" Information.

9.4    <u>Disclosure of "PROTECTED DATA."</u> To the extent permitted by applicable law, and unless otherwise ordered by the Court, a Receiving Party may disclose any information or item designated as "PROTECTED DATA" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as

(b) employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any person who (1) authored, is listed as a recipient of, or is mentioned, discussed, or referred to in the material; (2) is or was a custodian of the material; (3) is an employee of the Producing Party; (4) was an employee of the Producing Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); or (5) counsel in good faith believes has knowledge of the information contained in the material, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and their counsel, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1   (h) mediators or settlement officers, and their supporting personnel,
2   mutually agreed upon by any Parties engaged in discussions concerning settlement of
3   all or part of this Action;

4   (i) during their depositions, witnesses and attorneys for witnesses in the
5   Action to whom disclosure is reasonably necessary, provided that: (1) the witness and
6   his or her attorney has signed the "Acknowledgment and Agreement to Be Bound"
7   (Exhibit A); and (2) the witness will not be permitted to keep any information or items
8   designated as PROTECTED DATA, unless otherwise agreed by the Designating Party
9   or ordered by the Court. Pages of transcribed deposition testimony or exhibits to
10  depositions that reveal Protected Material may be separately bound by the court
11  reporter and may not be disclosed to anyone except as permitted under this Stipulated
12  Protective Order;  and

13  (j) any other person that the Designating Party agrees in writing, or that
14  the Court orders, may receive the "PROTECTED DATA".

15  10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
16  <u>OTHER LITIGATION</u>

17  If a Party is served with a subpoena or a court order issued in other litigation
18  that compels disclosure of any Protected Material, that Party must:

19  (a) promptly notify in writing the Designating Party. Such notification
20  shall include a copy of the subpoena or court order;

21  (b) promptly notify in writing the party who caused the subpoena or order
22  to issue in the other litigation that some or all of the material covered by the subpoena
23  or order is subject to this Stipulated Protective Order. Such notification shall include
24  a copy of this Stipulated Protective Order; and

25  (c) cooperate with respect to all reasonable procedures sought to be
26  pursued by the Designating Party whose Protected Material may be affected.

27  If the Designating Party timely seeks a protective order, the Party served with
28  the subpoena or court order shall not produce any Protected Material before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in the court from which the subpoena or order issued of its confidential material. Nothing herein should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

11.1   The terms of this Stipulated Protective Order are applicable to information or items produced by a Non-Party and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED DATA." Such information or items produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Stipulated Protective Order. However, nothing herein should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(a) promptly notify the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

11.3   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any Protected Material in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

14.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

15.    FINAL DISPOSITION

Upon final disposition of this Action, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return to the Producing Party all Protected Material, including any copies, excerpts, and summaries thereof, or shall destroy the same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Protected Material resides. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days of the request, that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 6.

16. <u>VIOLATIONS</u>

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

17. <u>PROTECTIVE ORDER REMAINS IN FORCE</u>

This Stipulated Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered or agreed upon by the Parties, this Stipulated Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Stipulated Protective Order and to make such amendments, modifications, deletions, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate.

18. <u>MODIFYING THIS ORDER</u>

Nothing in this Stipulated Protective Order shall be construed to prohibit the Parties from agreeing to modify any provision herein (except for provisions involving the Court), or seeking relief from the Court. Nor shall anything in this Stipulated Protective Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law, including objections to particular discovery sought.

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3  DATED:   March 14, 2022

4

5  _____
   JOHN D. EARLY

6  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Ramtin Zakikhani, et al. v. Hyundai Motor Company, et al.*, 8:20-cv-01584-SB-JDE (C.D. Cal.) (the "Action"). I agree to comply with and to be bound by all the terms of that Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I agree to return or destroy all copies of any documents or information containing Protected Material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Action. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this \_\_\_\_\_ day of _____, 20\_\_\_, at _____ [*insert city and state where sworn and signed*].