ELIZABETH A. FEGAN (*pro hac vice*)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312.741.1019
Facsimile: 312.264.0100

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMTIN ZAKIKHANI, KIMBERLY ELZINGA, THEODORE MADDOX JR., MICHAEL SUMMA, JACQUELINE WASHINGTON, PATTI TALLEY, ANA OLACIREGUI, ELAINE PEACOCK, MELODY IRISH, and DONNA TINSLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, KIA CORPORATION, and KIA AMERICA, INC.,<br><br>Defendants. | Case No.:  8:20-cv-01584-SB-JDE<br><br>**DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Stanley Blumenfeld, Jr.<br>Date:   September 16, 2022<br>Time:  8:30 a.m.<br>Courtroom:  6A |

- 1 -

| | |
|---|---|
| BRENDA EVANS, KERICHA KENNEDY, MINDA BRIADDY, and ANTHONY VACCHIO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, KIA CORPORATION, and KIA AMERICA, INC.,<br><br>Defendants. | Case No.:   8:22-cv-00300-SB-JDE |
| ADAM PLUSKOWSKI, RICKY BARBER, LUCILLE JACOB, CARLA WARD, PEPPER MILLER, and CINDY BRADY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR COMPANY, KIA AMERICA, INC., and KIA CORPORATION,<br><br>Defendants. | Case No.: 8:22-cv-00824-SB-JDE |

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          CASE NO.:  8:20-CV-01584-SB-JDE

1    I, ELIZABETH A. FEGAN, declare as follows,

2    1.    I am a founding and Managing Member of Fegan Scott LLC and am
3    principally responsible for prosecuting this matter. I am a member of the Illinois Bar,
4    and I have been admitted to this court *pro hac vice* in this litigation. I am submitting
5    this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class
6    Action Settlement.

7    2.    Attached hereto as **Exhibit 1** is a true and correct copy of the executed
8    Hyundai and Kia ABS Module Litigation Settlement Agreement ("Settlement
9    Agreement"), and respective exhibits, dated August 15, 2022.

10            a.    Attached to the Settlement Agreement as **Exhibit A** is the proposed
11                  Template Claim Form.

12            b.    Attached to the Settlement Agreement as **Exhibit B(1)** is the
13                  proposed Hyundai Short Form Notice.

14            c.    Attached to the Settlement Agreement as **Exhibit B(2)** is the
15                  proposed Kia Short Form Notice.

16            d.    Attached to the Settlement Agreement as **Exhibit C** is the proposed
17                  Long Form Notice.

18            e.    Attached to the Settlement Agreement as **Exhibit D** is the proposed
19                  Preliminary Approval and Class Certification Order.

20    3.    Attached hereto as **Exhibit 2** is the firm resume for Fegan Scott LLC.

21    4.    I, along with my co-counsel, have undertaken extensive analyses of the
22    claims and defenses in this case, as well as the underlying facts (as probed by
23    confirmatory discovery and the involvement of technical experts and consultants), the
24    benefits conferred by the Settlement, and the risks associated with continued
25    litigation. Based on that comprehensive assessment, which included the devotion of
26    thousands of hours by my firm, and my experience litigating complex class actions, I
27    believe the Settlement is fair, reasonable, and adequate for the proposed Classes.

28

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT          CASE No.:  8:20-cv-01584-SB-JDE

## A.    My Background

5.    I have over 25 years of experience representing plaintiffs in complex class action litigation. After 15 years as Managing Partner of Hagens Berman's Chicago office, I founded Fegan Scott LLC in May 2019 to help victims of consumer fraud, negligence, abuse, and discrimination.

6.    I have successfully led numerous nationwide class actions as court-appointed counsel.

7.    Most recently, I was named Co-Lead Counsel in *In re Tiktok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.). On July 28, 2022, Judge Lee granted final approval of an historic $92 million settlement achieved in that case. The settlement was one of the largest ever achieved in a consumer privacy class action lawsuit. The settlement will provide monetary compensation to users of the social medial app across the United States.

8.    While at Hagens Berman, I was also part of the Co-Lead Counsel team in *In re NCAA Student-Athlete Concussion Injury Litigation*, No. 1:13-cv-9116 (N.D. Ill.). That case resulted in a historic nationwide class settlement on behalf of four million current and former NCAA student-athletes, including the creation of a $70 million, 50-year medical monitoring program to diagnose the short- and long-term effects of concussions and the accumulation of subconcussive hits.

9.    Additional examples of successful class action cases in which I have led the prosecution include:

> a.  *Senior annuities consumer protection class actions*: In a series of class actions against insurance companies that sold equity-indexed deferred annuities that targeted, but were inappropriate for, senior citizens, I was appointed to lead counsel and executive committee positions. These cases led to numerous settlements, *e.g.* American Equity Senior Annuities Fraud (C.D. Cal.) ($129 million settlement) and Midland Senior Annuities Fraud (C.D. Cal.) ($79.5 million settlement).

b. *Baby Products Antitrust* (E.D. Pa.): As co-lead counsel for a class of consumers overcharged for high-end baby products (e.g. strollers, high chairs) as the result of a pricefixing conspiracy between Babies 'R Us and baby product manufacturers, I achieved a $35 million settlement after class certification was granted, summary judgment denied, and on the eve of trial.

c. *Pre-Filled Propane Tank Marketing and Sales Practices* (W.D. Mo.): As MDL co-lead counsel for a class of consumers who purchased propane tanks for barbecues, I prosecuted this antitrust class action against the two dominant manufacturers who engaged in price fixing. The case settled for a $35 million common fund.

d. *Nexium Pharmaceutical Antitrust Fraud* (Mass.): After class certification, I joined the trial team to try antitrust claims on behalf of Massachusetts payors for Nexium. This single-state case settled the night before trial for $20 million.

**B.    Counsel conducted a diligent and robust investigation prior to initiating this Action.**

10.    On August 25, 2020, my firm filed the first and initiating case, *Zakikhani v. Hyundai Motor Company et al*., No. 8:20-cv-01584-SB-JDE, related to the alleged defect in the Anti-Lock Brake System ("ABS") module, also known as a hydraulic electronic control unit ("HECU"), which can cause engine compartment fires ("Defect"). *See* Second Amended Complaint, *Zakikhani* Dkt. No. 49 ¶¶ 140-142. Specifically, Plaintiffs alleged the ABS modules are defective in two related ways: first, the ABS modules remain charged with an electrical current even if the car is off; and second, the ABS modules allow moisture to accumulate within the module, leading to short circuits. *Id.*

11.    Prior to filing the initiating Complaint, my firm investigated the potential safety defect alleged in this Action for over four months after Mr. Zakikhani's 2007 Hyundai Entourage caught fire while parked in his home garage. Our investigation included the retention of and work by a consulting automotive expert, analyzing the Defect through documents published by the National Highway Traffic Safety

Administration ("NHTSA") fire investigation reports provided by Mr. Zakikhani, and third-party complaints posted on various consumer websites; and investigating potential legal claims applicable to the class.

12.     After filing the initial complaint, my firm continued to investigate the underlying facts and monitor NHTSA filings related to the defect.

13.     Based upon our continued investigatory efforts, on November 13, 2020, we filed an amended complaint, which expanded the scope of the claims to include additional vehicle models containing the same ABS Defect found in Mr. Zakikhani's 2007 Hyundai Entourage and additional named plaintiffs.

14.     After the parties briefed and presented arguments on Defendants' motion to dismiss the first amended complaint, on June 28, 2021, the Court granted in part and denied in part Defendants' motion and granted Plaintiffs three weeks to amend the pleadings.

15.     On July 16, 2021, we filed the second amended complaint in *Zakikhani*. This complaint was the product of a diligent investigation conducted over a short period of time. Like the prior complaint, the second amended complaint added named plaintiffs and included allegations relating to additional safety recalls due to the Defect that were announced subsequent to the filing of the first amended complaint.

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          CASE NO.:  8:20-CV-01584-SB-JDE

**C.    The Parties engaged in extensive discovery relating to the Class Vehicles and the Defect.**

16.    On August 20, 2021, the *Zakikhani* Parties filed their Joint Rule 26(f) Report and on August 27, 2021, the Court held the initial case management conference, which I attended in person. At the conference, I argued that Plaintiffs should be allowed to proceed immediately with discovery and Defendants' request to stay discovery pending a decision on their anticipated motion to dismiss the second amended complaint should be denied.

17.    On August 30, 2021, the Court entered a scheduling order, which allowed discovery to proceed immediately. The Order also set a trial date for April 17, 2023 and required Plaintiffs to file their motion for class certification by June 10, 2022.

18.    On September 29, 2021, Defendants and *Zakikhani* Plaintiffs exchanged their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

19.    On October 1, 2021, Defendants served *Zakikhani* Plaintiffs with document requests and interrogatories. The discovery requests sought information relating to, among other things, all interactions Plaintiffs had with Defendants relating to the Class Vehicles, and maintenance and repair records for the Class Vehicles.

20.    On October 19, 2021, Plaintiffs served their first set of interrogatories and requests for production of documents upon each Defendant.

21.    Plaintiffs' discovery requests were extensive and diligently tailored to the ABS Defect found in the Class Vehicles. In particular, the interrogatories sought information relating to: (1) the ABS modules and Defect present in the Class Vehicles, and the NHTSA Recalls relating to the Defect; (2) Defendants' respective roles in the design, marketing, and recall of the Class Vehicles; (3) Defendants'

processes for evaluating customer complaints relating to the Defect; (4) Defendants' employees and other individuals with knowledge of the ABS modules, that conducted testing relating to the Defect, or communicated with government agencies relating to the Defect; (5) individuals that complained about the Defect to Defendants; (6) the cost to repair the defective ABS modules and cost to implement the remedies provided in the Recalls; (7) Defendants' databases containing communications relating to the Defect; and (8) warranties applicable to the Class Vehicles.

22.    Similarly, Plaintiffs' first set of document requests sought documents and data relating to: (1) the ABS modules and Defect present in the Class Vehicles, and the Recalls; (2) Defendants' processes for evaluating customer complaints relating to the Defect; (3) investigations concerning the cause of the Defect and potential remedies; (4) the number of Defective Vehicles sold, leased, and inspected pursuant to the Recalls; (5) the adequacy of the remedies offered by HMA and KA in the Recalls; (6) organization charts and employees involved in analyses relating to the Defect; (7) marketing materials; (8) the cost of replacements and warranty claims relating to the Defect and the Recalls; (9) applicable warranties; (10) Defendants' document retention policies during periods of time relevant to Plaintiffs' claims; and (11) indemnity agreements between Defendants applicable to the Action.

23.    The *Zakikhani* Plaintiffs responded to Defendants' document requests and interrogatories on November 15, 2021. The *Zakikhani* Plaintiffs spent hours working with their counsel to identify information responsive to the requests. (Prior to final approval, Plaintiffs will provide Plaintiff declarations detailing each Plaintiff's active participation in the litigation).

24.    On November 30, 2021, the *Zakikhani* Plaintiffs served Defendants with a notice of subpoena for Mando America Corporation ("Mando"), which is a supplier of the ABS modules installed in certain Class Vehicles. Over the course of December 2021 and January 2022, the *Zakikhani* Plaintiffs met and conferred with Mando's

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          CASE No.:  8:20-CV-01584-SB-JDE

counsel on multiple occasions to discuss Mando's anticipated production of documents.

25.     Defendants served their initial responses to the *Zakikhani* Plaintiffs' first set of discovery requests on December 20, 2021.

26.     Following the parties' initial responses to each other's discovery requests, the parties engaged in highly adversarial and contested meet and confer processes.

27.     On January 6, 2022, the parties met and conferred telephonically regarding the *Zakikhani* Plaintiffs' discovery responses. Following the meet and confer, Plaintiffs agreed to supplement their initial responses and provide additional information and documents.

28.     On January 14, 2022, the *Zakikhani* Plaintiffs made their first production of documents in response to Defendants' document requests.

29.     On January 20, 2022, the parties met and conferred telephonically to discuss Defendants' responses to the *Zakikhani* Plaintiffs' discovery requests. During this meeting, the parties discussed certain global deficiencies with Defendants' responses.

30.     On January 21 and 24, 2022, the *Zakikhani* Plaintiffs supplemented their responses to Defendants' first set of interrogatories and document requests.

31.     On January 24 and 27, 2022, Defendants and the *Zakikhani* Plaintiffs met and conferred regarding Defendants' discovery responses again via videoconference.

32.     On February 2, 2022, the *Zakikhani* Plaintiffs sent Defendants' counsel a detailed 23-page letter memorializing the parties' meet and confer discussions held on January 20, 24, and 27, 2022, and summarizing the purported deficiencies in Defendants' discovery responses.

33.     On February 4, 2022, the *Zakikhani* Plaintiffs served each Defendant

with a 30(b)(6) Notice of Deposition. The topics noticed for these depositions included, among other things: (1) all investigations and communications concerning the Defect and the Recalls; (2) Defendants' processes for evaluating customer complaints relating to the Defect; and (3) the design and manufacturing processes for the ABS modules in the Class Vehicles.

34.     On February 9, 2022, each Defendant responded with a letter in reply to the *Zakikhani* Plaintiffs' February 2, 2022 letter.

35.     That same day, on February 9, 2022, Defendants moved to amend the scheduling order to set an April 1, 2022 deadline for Plaintiffs' Class Certification Expert Disclosures and a Class Certification Expert Discovery Cutoff of May 30, 2022.

36.     On February 15, 2022, the parties met and conferred via videoconference regarding Defendants' discovery responses.

37.     On February 18, 2022, Plaintiffs filed their opposition to Defendants' motion to amend the schedule and cross motion for a protective order, requesting that the Court preclude Defendants from relying on any documents in opposition to class certification that were tardy.

38.     Also, on February 18, 2022, Defendants served their Objections to Plaintiffs' 30(b)(6) Notices.

39.     On February 23, 2022, Defendants and the *Zakikhani* Plaintiffs met and conferred via videoconference regarding the 30(b)(6) deposition topics and Defendants' objections and responses.

40.     On February 24, 2022, *Zakikhani* Plaintiffs sent a letter to Defendants detailing the February 23, 2022 meet and confer regarding 30(b)(6) deposition topics, and responding to Defendants' February 18, 2022 Objections to Plaintiffs' Notices.

41.     On February 25, 2022, Defendants produced amended responses to Plaintiffs' first set of written discovery, and proposed search terms for custodial

1    searches. The parties continued to negotiate search terms through March 2022.

2    42.    Also on February 25, 2022, Brenda Evans and Minda Briaddy filed their

3    Class Action Complaint against Defendants. The claims and putative class definitions

4    alleged in *Evans* are nearly identical to the claims alleged in *Zakikhani*. On March 1,

5    2022, *Evans* was related to *Zakikhani* and transferred to this Court. Shortly thereafter,

6    counsel in *Evans* and *Zakikhani* agreed to join the prosecution of this matter, each

7    appearing in the other's case.

8    43.    On March 4, 2022, Defendants and Plaintiffs met and conferred again

9    via videoconference regarding the 30(b)(6) deposition topics and Defendants'

10   objections and responses.

11   44.    On March 7, 2022, the *Zakikhani* Plaintiffs produced over 800 pages of

12   additional vehicle maintenance records and custodial emails in response to

13   Defendants' document requests.

14   45.    On March 8, 2022, Plaintiffs sent a second letter to Defendants detailing

15   the March 4th meet and confer regarding 30(b)(6) deposition topics.

16   46.    After several rounds of drafts and multiple meet and confers, on March

17   14, 2022, the Parties filed their Stipulation And [Proposed] Stipulated Protective

18   Order, which was entered that same day.

19   47.    On March 21, 2022, Defendants served their first production volumes in

20   response to Plaintiffs' discovery requests. Defendants' production was comprised of

21   records relating to the design of the ABS modules. The majority of the design records

22   were in Korean and highly technical in nature.

23   48.    Defendants supplemented their document productions on March 25, and

24   April 11, 2022.

25   49.    On April 7, 2022, Mando made its initial production of documents in

26   response to Plaintiffs' subpoena. This production included technical documents and

27

28

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          CASE NO.:  8:20-CV-01584-SB-JDE

communications related to Mando's investigation into the Defect, many of which were in Korean.

50.     After hours of meet and confers and several letter campaigns, on April 11, 2022, Plaintiffs filed an exhaustive motion to compel discovery against Defendants. Plaintiffs sought further responses to the interrogatories, the production of additional documents in response to their discovery requests, and to compel Rule 30(b)(6) testimony.

51.     On May 3, 2022, Plaintiffs deposed Michelle Cameron, as a representative of KA, pursuant to Rule 30(b)(6). Ms. Cameron is the executive director of consumer affairs and warranty operations for KA and provided testimony regarding: (1) KA's investigation and communications concerning the Defect and NHTSA Recalls between KA and Class Vehicle owners; (2) KA's processes and procedures for evaluating customer complaints and warranty claims relating to the Defect; and (3) KA's document retention practices.

52.     On May 6, 2022, Plaintiffs deposed Greggory Webster, as a representative of HMA, pursuant to Rule 30(b)(6). Mr. Webster serves as the senior group manager for HMA's safety office, and provided testimony regarding: (1) HMA's investigations and communications concerning the Defect and NHTSA Recalls; (2) HMA's processes and procedures for evaluating customer complaints and warranty claims relating to the Defect; (3) HMA's composition, design, manufacturing processes, and installation of the ABS modules in the Class Vehicles; (4) HMA's investigation concerning potential remedies for the Defect; and (5) HMA's document retention practices.

53.     On May 9, 2022, Mando served Plaintiffs with their second production of documents in response to Plaintiffs' subpoena.

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT          CASE NO.:  8:20-CV-01584-SB-JDE

54.   On May 12, 2022, the Parties appeared before Magistrate Judge John D. Early regarding Plaintiffs' Motion to Compel Discovery. Magistrate Judge Early granted in part and denied in part Plaintiffs' motion.

55.   After the Parties reached a settlement in principle as to the benefits for the Classes (discussed *infra* ¶¶ 58-66), the Parties then engaged in confirmatory discovery. In particular, Plaintiffs continued their efforts to investigate the facts underlying their claims and confirmatory discovery included Defendants' repairs to the Defect. Plaintiffs also took two additional Rule 30(b)(6) depositions of KA and HMA, on July 8, 2022, and July 12, 2022, respectively.

**D.   The Parties reached the Settlement after highly adversarial, arm's-length negotiations guided by a renowned mediator.**

56.   On January 25, 2022, the Court largely denied Defendants' motion to dismiss the *Zakikhani* SAC, including the denial of the motion to dismiss a claim under California law on behalf of a nationwide class of consumers. Fourteen days later, on February 8, 2022, Defendants answered the *Zakikhani* SAC.

57.   Thereafter, while discovery proceeded, the Parties' counsel began to discuss a potential settlement of the actions.

58.   After several informal discussions between counsel, the Parties agreed to retain a mediator to guide negotiations concerning a potential resolution for the action.

59.   The Parties retained the Hon. Edward A. Infante (Ret.) of JAMS. Judge Infante was selected by the Parties due to his extensive experience in mediating complex litigation, including in automotive defect class actions.

60.   During this time, Plaintiffs' counsel continued their investigation and analysis of the Defect and the remedies for the Defect provided by HMA and KA in the NHTSA Recalls.

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                    CASE NO.:  8:20-cv-01584-SB-JDE

61.     On April 25-26, 2022, for more than fourteen (14) hours in total, Counsel in *Zakikhani* and *Evans* engaged in a mediation with Judge Infante. Upon conclusion of the mediation, the Parties had reached a framework for a settlement to resolve this case on a class-wide basis. The mediation focused solely on the benefits to the members of the Classes, and deferred any discussion of attorneys' fees and costs, and service awards for the Plaintiffs.

62.     Following the mediation, the Parties continued to negotiate the settlement term sheet, which was agreed to on May 13, 2022.

63.     Over the course of the following months, the Parties continued to negotiate the terms of the Settlement Agreement memorializing the agreed upon term sheet.

64.     Simultaneous with the Parties' negotiation over the Settlement Agreement, Plaintiffs engaged in confirmatory discovery—a key provision provided in the term sheet—in order to ensure that the benefits provided in the settlement were commensurate with the nature of the alleged Defect.

65.     Upon completion of confirmatory discovery, Plaintiffs' counsel determined, based upon their substantial experience, that the Settlement provides substantial benefits to the members of the Classes, while avoiding the considerable risks and costs of protracted litigation, and thus an appropriate resolution of Plaintiffs' claims.

66.     Plaintiffs' counsel's opinion that the Settlement provided meaningful and adequate benefits to the Classes was validated by plaintiffs' counsel in *Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824-SB-JDE (C.D. Cal.) ("*Pluskowski*"). Although counsel in *Pluskowski* was not a part of negotiations of the Settlement, after reviewing its terms, discussions with Defendants, and several discussions with me, they decided to join the settlement. *Pluskowski*'s

1  counsel is highly experienced in automotive class actions—including against the

2  same Defendants here.

3                                    *        *        *

4       I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing facts are true and correct.

6

7       Executed on August 15, 2022, in Chicago, Illinois.

8                                    _____

9                                    Elizabeth A. Fegan

DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT          CASE NO.:  8:20-CV-01584-SB-JDE

# EXHIBIT 1

Hyundai & Kia ABS Module Litigation Settlement

**HYUNDAI AND KIA ABS MODULE LITIGATION**

**SETTLEMENT AGREEMENT**

**DATED AS OF AUGUST 15, 2022**

Hyundai & Kia ABS Module Litigation Settlement

# SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of this 15th day of August, 2022, by and between Plaintiffs Kimberly Elzinga, Theodore Maddox, Jr., Jacqueline Washington, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Ramtin Zakikhani, Brenda Evans, Anthony Vacchio, Minda Briaddy, Adam Pluskowski, Ricky Barber, Lucille Jacob, Carla Ward, Pepper Miller, and Cindy Brady ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Class, and Defendants Hyundai Motor Company ("HMC"), Hyundai Motor America ("HMA"), Kia Corporation ("KC"), and Kia America, Inc. ("KA") (collectively "Defendants"), providing for settlement pursuant to the terms and conditions set forth herein, subject to the approval of the Court.

# RECITALS

WHEREAS, the putative class action cases captioned *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.) (the "*Zakikhani* Action"), *Evans, et al. v. Hyundai Motor Company, et al.*, No. 8:22-cv-00300 (C.D. Cal.) (the "*Evans*" Action), and *Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824 (C.D. Cal.) (the "*Pluskowski* Action) were filed on behalf of Plaintiffs and other consumers similarly situated seeking damages and other relief in connection with the purchase or lease of certain Hyundai and Kia vehicles, as well as other Related Actions as defined below (collectively the "Litigation");

WHEREAS, Ramtin Zakikhani filed the *Zakikhani* Action on August 25, 2020, and on November 13, 2020, Plaintiffs filed their First Amended Class Action Complaint in the *Zakikhani* Action, which added additional Plaintiffs, including Kimberly Elzinga and Theodore Maddox, Jr., and included allegations regarding vehicle recalls announced subsequent to the filing of the *Zakikhani* Action;

WHEREAS, on January 11, 2021, Defendants moved to dismiss the First Amended Class Action Complaint in the *Zakikhani* Action, which the Court granted in part and denied in part on June 28, 2021;

WHEREAS, on July 16, 2021, Plaintiffs in the *Zakikhani* Action filed their Second Amended Class Action Complaint, which added Plaintiffs Jacqueline Washington, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, and Donna Tinsley, and included allegations regarding vehicle recalls announced subsequent to the filing of the First Amended Class Action Complaint;

WHEREAS, on August 27, 2021, the parties in the *Zakikhani* Action attended an in-person scheduling conference, and thereafter the Court entered an order on August 30, 2021, allowing discovery to proceed in the *Zakikhani* Action;

WHEREAS, on September 14, 2021, Defendants moved to dismiss the Second Amended Complaint in the *Zakikhani* Action, which the Court granted in part and denied in part on January 25, 2022;

Hyundai & Kia ABS Module Litigation Settlement

WHEREAS, on February 25, 2022, Plaintiffs Evans, Vacchio, and Briaddy, along with one other plaintiff not subject to this settlement, filed the *Evans* Action alleging claims and a proposed nationwide class substantially similar to those in the *Zakikhani* Action, and shortly after filing, counsel for the *Evans* Plaintiffs and the *Zakikhani* Plaintiffs agreed to work together to prosecute the resolution of the Litigation;

WHEREAS, on April 15, 2022, Plaintiffs Pluskowski, Barber, Jacob, Ward, Miller, and Brady filed the *Pluskowski* Action alleging claims and a proposed nationwide class substantially similar to those in the *Zakikhani* Action and the *Evans* Action;

WHEREAS, the Litigation arises from Plaintiffs' allegations that certain Kia and Hyundai vehicles were manufactured, marketed, sold, and leased with a defect in their Anti-Lock Brake System ("ABS") control module (also referred to as a Hydraulic Electronic Control Unit or "HECU")) that can result in an engine compartment fire and the loss of ABS functionality;

WHEREAS, Defendants have denied and continue to deny Plaintiffs' allegations, any wrongdoing, and any liability to Plaintiffs or other Class Members, and maintain that they have numerous meritorious defenses to Plaintiffs' claims;

WHEREAS, the Parties have engaged in discovery, have exchanged thousands of pages of documents, and Plaintiffs have taken depositions of Defendants;

WHEREAS, counsel for the Parties met and conferred multiple times regarding Plaintiffs' allegations, Defendants' defenses, and potential resolution of the Litigation;

WHEREAS, the Parties to the *Zakikhani* Action and the *Evans* Action, after engaging in mediation on April 25, 2022 and April 26, 2022 with the Honorable Edward Infante (Ret.) of JAMS, reached an agreement providing for a resolution of claims that have been or could have been brought in the Litigation against Defendants on behalf of the Class;

WHEREAS, following the two-day mediation with Judge Infante in April 2022, the Parties continued to negotiate this Settlement Agreement;

WHEREAS, on August 10, 2022, the *Pluskowski* Plaintiffs agreed to join this Settlement Agreement;

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough investigation of the law and facts relating to the matter set forth in the Litigation;

WHEREAS, Class Counsel, with the assistance of experts, and Defendants have engaged in extensive discussion of the issues presented in the Litigation and in arm's-length negotiations of the possible terms of settlement of Plaintiffs' claims;

WHEREAS, in addition to discovery during the course of the litigation, Plaintiffs have taken confirmatory discovery from Defendants, including depositions of corporate designees relating to the terms of this Settlement Agreement;

Hyundai & Kia ABS Module Litigation Settlement

WHEREAS, after analyzing the relevant facts and applicable law, taking into account the burdens, risks, uncertainties, time, and expense of litigation, as well as the merits of the terms set forth herein, Plaintiffs and Class Counsel have concluded that the terms set forth in this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Class;

WHEREAS, Defendants have concluded that resolving the claims settled under the terms of this Settlement Agreement is desirable to reduce the time, risk, and expense of defending multiple claims and multiple party litigation, and to resolve finally and completely the claims of Plaintiffs and Class Members without any admission of wrongdoing or liability;

NOW, THEREFORE, Plaintiffs, Class Counsel, and Defendants stipulate and agree to the terms and conditions set forth herein, which are subject to the Court's approval under Federal Rule of Civil Procedure 23(e).

## 1. <u>DEFINITIONS</u>

As used in this Settlement Agreement, and in addition to the definitions set forth in the preamble and recitals above, capitalized terms shall have the following definitions and meanings or such definitions and meanings as are accorded to them elsewhere in this Settlement Agreement. Terms used in the singular shall be deemed to include the plural and vice versa.

1.1     "ABS Module" means the component, also referred to as a hydraulic electronic control unit or HECU, typically installed in a vehicle's engine compartment as part of its anti-lock brake system that is comprised of a hydraulic control unit and an electronic control unit.

1.2     "Business Day" means any day except any Saturday, any Sunday, or any day on which banking institutions are authorized or required by law or other governmental action to close.

1.3     A "Claim" is a request for reimbursement under Sections 2.4, 2.5, and 2.6 of this Settlement Agreement.

1.4     "Claim Form" refers to the form used to make a Claim under this Settlement, substantially in the form attached hereto as Exhibit A.

1.5     "Class" or "Settlement Class" refers to the Hyundai Class and the Kia Class.

1.6     "Class Member" or "Settlement Class Member" refers to Hyundai Class Members and Kia Class Members.

1.7     "Class Counsel" means Elizabeth Fegan of Fegan Scott LLC and Steve W. Berman of Hagens Berman Sobol Shapiro LLP, who, upon appointment by the Court, will be counsel for the Settlement Class.

1.8     "Class Vehicles" refers to the Hyundai Class Vehicles and the Kia Class Vehicles.

1.9     "Court" means the United States District Court for the Central District of California.

1.10 "Effective Date" means the business day after the Court's entry of the Final Approval Order and Judgment, if no appeal is timely filed or if no motion to extend the time for filing an appeal has been filed. If an appeal is timely filed or if a motion to extend the time for filing an appeal is filed, "Effective Date" shall mean the first date on which all appellate review rights with respect to the Final Approval Order and Judgment have expired or have been exhausted such that no possibility of further appellate review exists with respect to the Final Approval Order and Judgment.

1.11 "*Evans* Plaintiffs" means Plaintiffs Brenda Evans, Anthony Vacchio, and Minda Briaddy.

1.12 "Exceptional Neglect" means (a) when the vehicle clearly evidences a lack of maintenance or care, such that the vehicle appears dilapidated, abandoned, and/or beyond repair as a result of gross failure to service and/or maintain the vehicle; (b) failure of a Settlement Class Member to present a Class Vehicle to an authorized Kia dealer (for Kia Class Vehicles) or an authorized Hyundai dealer (for Hyundai Class Vehicles) to have the ABS Module in their Class Vehicle inspected within ninety (90) days of the Class Vehicle's ABS or ESC dashboard warning lights becoming illuminated; or (c) failure of a Settlement Class Member to present a Class Vehicle to an authorized Kia dealer (for Kia Class Vehicles) or an authorized Hyundai dealer (for Hyundai Class Vehicles) to have the ABS Module in their Class Vehicle inspected, repaired, and/or replaced pursuant to an applicable NHTSA Recall within ninety (90) days of: (i) the Notice Date, (ii) the mailing of the recall campaign notice, or (iii) the availability of the parts necessary to repair the Class Vehicle's ABS Module pursuant to the recall at the nearest authorized Kia dealer (for Kia Class Vehicles) or authorized Hyundai dealer (for Hyundai Class Vehicles), whichever is later.

1.13 "Fairness Hearing" means the final hearing conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, held after notice has been provided to the Settlement Class in accordance with this Settlement, and where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to designate Plaintiffs as the representatives of the Settlement Class; (c) determine whether to designate Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on Class Counsel's application for a fee and expense award; (f) rule on Plaintiffs' application for Class Representative service awards; and (g) consider whether to enter the Final Approval Order and Judgment.

1.14 "Final Approval Order and Judgment" means an order and judgment entered by the Court finally approving the Settlement set forth in this Settlement Agreement under Federal Rule of Civil Procedure 23(e), confirming certification of the Class, and making such other findings and determinations as the Court deems necessary and appropriate to approve the Settlement and terms of this Settlement Agreement and to dismiss with prejudice the Released Claims by any and all Class Members, including any Related Actions, against Defendants and all Released Persons.

1.15 "Hyundai Class" or "Hyundai Settlement Class" means the following class for purposes of settlement only subject to the Court's approval, and the conditions of this Settlement Agreement, to which the undersigned agree and consent to certification pursuant to Federal Rule of Civil Procedure 23(b)(3):

Hyundai & Kia ABS Module Litigation Settlement

All owners and lessees of a Hyundai Class Vehicle who purchased or leased the Hyundai Class Vehicle in the United States and including those purchased while the owner was abroad on active U.S. military duty.

Excluded from the Hyundai Class are (a) all claims for death, personal injury, damage to property other than to the Hyundai Class Vehicle itself, and subrogation; (b) HMA, HMC, and any affiliate, parent, or subsidiary of HMA or HMC; (c) any entity in which HMA or HMC has a controlling interest; (d) any officer, director, or employee of HMA or HMC; (e) any successor or assign of HMA or HMC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Hyundai Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Hyundai Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with HMA or HMC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a total loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Hyundai Class.

"Hyundai Class Member" or "Hyundai Settlement Class Member" means all Persons in the Hyundai Class who do not exclude themselves from the Hyundai Class in accordance with Federal Rule of Civil Procedure 23(c)(2) and the procedures set forth in the Long Form Notice.

1.16    "Hyundai Class Vehicles" refers to Hyundai Tucson vehicles (model years 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Hyundai Santa Fe vehicles (model years 2007, 2016, 2017, and 2018), Hyundai Santa Fe Sport vehicles (model years 2013, 2014, 2015, 2017, and 2018), Santa Fe XL vehicles (model year 2019), Hyundai Azera vehicles (model years 2006, 2007, 2008, 2009, 2010, and 2011), Genesis G80 vehicles (model years 2017, 2018, 2019, and 2020), Genesis G70 vehicles (model years 2019, 2020, and 2021), Hyundai Genesis vehicles (model years 2015 and 2016), Hyundai Elantra vehicles (model years 2007, 2008, 2009, and 2010), Hyundai Elantra Touring vehicles (model years 2009, 2010, and 2011), Hyundai Sonata vehicles (model year 2006), and Hyundai Entourage vehicles (model years 2007 and 2008), which were the subject of NHTSA Recalls.

1.17    "Kia Class" or "Kia Class Members" refers means the following class for purposes of settlement only, subject to the Court's approval, and the conditions of this Settlement Agreement, to which the undersigned agree and consent to certification pursuant to Federal Rule of Civil Procedure 23(b)(3):

All owners or lessees of a Kia Class Vehicle who purchased or leased the Kia Class Vehicle in the United States, including those purchased while the owner was abroad on active U.S. military duty.

Excluded from the Kia Settlement Class are (a) all claims for death, personal injury, damage to property other than to the Kia Class Vehicle itself, and subrogation; (b) KA, KC, and any affiliate, parent, or subsidiary of KA or KC; (c) any entity in which KA or KC has a controlling interest; (d) any officer, director, or employee of KA or KC; (e) any successor or assign of KA or KC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Kia Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Kia Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with KA or KC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a total loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Kia Class.

"Kia Class Member" or "Kia Settlement Class Member" means all Persons in the Kia Class who do not exclude themselves from the Kia Class in accordance with Federal Rule of Civil Procedure 23(c)(2) and the procedures set forth in the Long Form Notice.

1.18    "Kia Class Vehicles" refers to Kia Sportage vehicles (model years 2008, 2009, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Kia Sorento vehicles (model years 2007, 2008, 2009, 2014, and 2015), Kia Optima vehicles (model years 2013, 2014, and 2015), Kia Stinger vehicles (model years 2018, 2019, 2020, and 2021), Kia Sedona vehicles (model years 2006, 2007, 2008, 2009, and 2010), Kia Cadenza vehicles (model years 2017, 2018, and 2019), and Kia K900 vehicles (model years 2016, 2017, and 2018), which were the subject of NHTSA Recalls.

1.19    "Long Form Notice" refers to the notice made available to the Class on the Settlement website as detailed below, substantially in the same form as Exhibit C.

1.20    "NHTSA" means the National Highway Traffic Safety Administration.

1.21    "NHTSA Recalls" refer to NHTSA Recall Campaigns 16V815, 18V026, 20V061, 20V088, 20V518, 20V519, 20V520, 20V543, 21V160, 21V161, 21V303, 21V331, 21V137, 22V051, and 22V056. For the avoidance of doubt, any expansion of the above NHTSA Recall Campaigns issued after the Court's entry of the Preliminary Approval and Class Certification Order shall not be included in this definition or otherwise provided for in this Settlement unless agreed to in writing by the Parties and approved by the Court.

1.22    "Notice Date" refers to the date one hundred and twenty (120) days after the Court enters the Preliminary Approval and Class Certification Order.

1.23    "Opt-Outs" shall mean those Persons included in the Class definition, but who have timely and properly exercised their right to exclude themselves from the Class, and therefore are no longer Class Members.

1.24    "Parties" (or "Party" individually) means Plaintiffs, Class Counsel, and Defendants.

1.25    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's owners, members, partners, shareholders, spouse, heirs, predecessors, successors, representatives, and assignees.

1.26    "Plaintiffs' Counsel" (as distinct from "Class Counsel") means Elizabeth A. Fegan, Jonathan D. Lindenfeld, Megan E. Shannon of Fegan Scott LLC; Steve W. Berman, Thomas E. Loeser, and Rachel E. Fitzpatrick of Hagens Berman Sobol Shapiro LLP; Jonathan M. Jagher and Brian M. Hogan of Freed Kanner London & Millen LLC; Katrina Carroll and Todd D. Carpenter of Lynch Carpenter LLP; Jennifer A. Lenze of Lenze Lawyers, PLC; J. Barton Goplerud and Brian O. Marty of Shindler, Anderson, Goplerud & Weese PC; and Rosemary M. Rivas, David Stein, and Rosanne L. Mah of Gibbs Law Group LLP.

1.27    "*Pluskowski* Plaintiffs" means Plaintiffs Adam Pluskowski, Ricky Barber, Lucille Jacob, Carla Ward, Pepper Miller, and Cindy Brady.

1.28    "Preliminary Approval and Class Certification Order" means an order entered by the Court, preliminarily approving this Settlement and certifying the Class for purposes of settlement only, substantially in the form of Exhibit D.

1.29    "Proof of Repair Expense" means the original or a copy of any document(s) generated at or around the time expense was incurred for a Qualifying Repair that identifies the Qualifying Repair's nature, date performed, and expense incurred by the Class Member for the Qualifying Repair. "Proof of Repair Expense" may include, subject to the preceding sentence, but is not limited to any combination of final receipts, repair orders, invoices, credit card statements, insurance paperwork, and contemporaneous written communications between the Class Member and the Person performing the repair.

1.30    "Proof of Repair-Related Expense" means the original or a copy of any document(s) generated at or around the time that expense was incurred for a rental car, towing service, or other reasonable out-of-pocket expense in direct conjunction with obtaining a Qualifying Repair, and which identifies the nature of the expense, the date the expense was incurred, and the dollar amount. "Proof of Repair-Related Expense" may include, subject to the preceding sentence, but is not limited to any combination of final receipts, towing or rental car invoices, credit card statements, insurance paperwork, and contemporaneous written communications between the Class Member and the Person to whom the expense was paid.

1.31    "Qualifying Defect" means an electrical short circuit in the ABS Module and/or failure of the ABS Module that may result in an engine compartment fire.

1.32    "Qualifying Repair" refers to any type of repair, replacement, diagnosis, or inspection, including a repair pursuant to a NHTSA Recall, of a Class Vehicle arising from the Qualifying Defect, even if the repair or inspection was not known at the time to have arisen from the Qualifying Defect, but excluding Exceptional Neglect. Diagnostic costs associated with

establishing Exceptional Neglect will be borne by HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles). Nothing in this definition shall require Defendants to provide repairs caused by a collision involving a Class Vehicle, unless such collision is directly caused by the Qualifying Defect.

1.33    "Related Action(s)" shall mean any and all state or federal court claims against any Released Persons for, arising out of, or relating to any Released Claims brought by or on behalf of any Class Members, including, but not limited to, the matters identified in Exhibit E. The term Related Actions does not apply to any claims for personal injury or wrongful death or claims derivative of such claims.

1.34    "Released Claims" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the Settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of the Qualifying Defect in a Class Vehicle including, but not limited to, (i) all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, cost-of-maintenance, consequential damages, property damage to the Class Vehicle, or premium-price damages, arising out of the Class Member's purchase or lease of a Class Vehicle, and (ii) the allegations in the Litigation. "Released Claims" do not include claims for damage to property other than to the Class Vehicle itself, subrogation, personal injury or wrongful death, or claims derivative of such claims, nor does this Settlement Agreement revive any such claims.

1.35    "Released Persons" means (a) each Defendant, (b) all distributors, suppliers, wholesalers, retailers, licensors or licensees, and/or any other Person who was in any way involved in or within the chain of distribution of Class Vehicles, including the chain of design, testing, manufacture, assembly, distribution, marketing, sale, installation, or servicing of Class Vehicles, and (c) the respective past, present, and future parents, subsidiaries, affiliates, officers, directors, shareholders, agents, representatives, servants, employees, attorneys, predecessors and successors in interest, assigns, and insurers of the Persons described in the preceding clauses (a) and (b) above.

1.36    "Releasor(s)" shall refer jointly and severally, individually and collectively to Plaintiffs, Class Members, and their future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

1.37    "Settlement" means the settlement into which the Parties have entered to resolve the Litigation. The terms of the Settlement are set forth in this Settlement Agreement and attached exhibits.

1.38    "Settlement Administrator" means either (i) a third-party administrator selected by the Parties to administer the Settlement and approved by the Court; or (ii) if HMA and/or KA elect to self-administer the Settlement, HMA and/or KA. HMA's and KA's election either to retain a third-party administrator to administer the Settlement or to self-administer the Settlement shall be made and submitted to the Court at least three days before the hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement.

1.39    "Short Form Notice" refers to the notice to be sent to the Class as detailed below, substantially in the same form as Exhibit B.

1.40    "United States" means the United States of America, including the fifty States of the United States of America, the District of Columbia, and the territories of the United States of America.

1.41    "*Zakikhani* Plaintiffs" means Plaintiffs Kimberly Elzinga, Theodore Maddox, Jr., Jacqueline Washington, Ramtin Zakikhani, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley.

## 2.    SETTLEMENT CONSIDERATION

In consideration for the Settlement, entry of the Final Order and Judgment, and dismissal of the Litigation, and for the release provided herein, HMA and KA agree to provide the following consideration to the Class:

2.1    **Warranty Extension**

2.1.1    For Settlement Class Members whose Hyundai Class Vehicles have a New Vehicle Limited Warranty (5 years/60,000 miles) that remains in effect as of the date of the Preliminary Approval Order, HMA shall extend the warranty for Hyundai Class Vehicles' ABS Modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for twelve (12) years from the date of original retail delivery or date of first use, whichever is later.

2.1.2    For Settlement Class Members whose Kia Class Vehicles have a New Vehicle Limited Warranty (5 years/60,000 miles) that remains in effect as of the date of the Preliminary Approval Order, KA shall extend the warranty for Kia Class Vehicles' ABS Modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for twelve (12) years from the date of original retail delivery or date of first use, whichever is later.

2.1.3    For Settlement Class Members whose Hyundai Class Vehicles have an expired New Vehicle Limited Warranty as of the date of the Preliminary Approval Order, HMA will provide a warranty for Hyundai Class Vehicles' ABS Modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for five (5) years from the date of the Final Approval Order and Judgment. If HMA is unable to repair or replace a Settlement Class Member's Hyundai Class Vehicle's ABS Module pursuant to a NHTSA Recall due to the unavailability of necessary components, HMA will provide a warranty for the Settlement Class Member's Hyundai Class Vehicle's ABS Module to cover future Qualifying Repairs for five (5) years from the date the NHTSA Recall repair or replacement is complete; provided, however,

that the Settlement Class Member must attest in writing that they attempted to make an appointment for the recall repair at an authorized Hyundai dealer but could not due to parts unavailability. HMA may independently verify that the Settlement Class Member attempted to make an appointment for the recall repair at an authorized Hyundai dealer but could not due to parts unavailability.

      2.1.4   For Settlement Class Members whose Kia Class Vehicles have an expired New Vehicle Limited Warranty as of the date of the Preliminary Approval Order, KA will provide a warranty for Kia Class Vehicles' ABS Modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for five (5) years from the date of the Final Approval Order and Judgment. If KA is unable to repair or replace a Settlement Class Member's Kia Class Vehicle's ABS Module pursuant to a NHTSA Recall due to the unavailability of necessary components, KA will provide a warranty for the Settlement Class Member's Kia Class Vehicle's ABS Module to cover future Qualifying Repairs for five (5) years from the date the NHTSA Recall repair or replacement is complete; provided, however, that the Settlement Class Member must attest in writing that they attempted to get an appointment for the recall repair at an authorized Kia dealer but could not due to parts unavailability. KA may independently verify that the Settlement Class Member attempted to make an appointment for the recall repair at an authorized Kia dealer but could not due to parts unavailability.

## 2.2   Warranty Extension Benefits

      2.2.1   The extended warranties described in Section 2.1 shall cover all costs associated with a Qualifying Repair.

      2.2.2   As part of the consideration to the Class in exchange for the Settlement, HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) shall repair, at no cost whatsoever to Hyundai Class Members and Kia Class Members, the Class Vehicles' ABS modules as provided in any applicable NHTSA Recall.

      2.2.3   Notwithstanding any provision(s) to the contrary in any express warranty provided by Defendants in conjunction with the sale or lease of Class Vehicles, the extended warranties described in Section 2.1 shall remain in effect when ownership or a lease of a Class Vehicle is transferred.

      2.2.4   No inspections or repairs pursuant to the extended warranties described in Section 2.1 shall be denied for a Class Vehicle on the grounds that the Qualifying Repair was necessitated by the owner or lessee failing to properly service or maintain the vehicle, except in instances of Exceptional Neglect.

      2.2.5   Settlement Class Members shall not be required to present the Long Form Notice, Claim Form, or any other Settlement-related document in order to receive extended warranty inspections or repairs at an authorized Hyundai dealership (for Hyundai Class Vehicles) or an authorized Kia dealership (for Kia Class Vehicles). When Exceptional Neglect is evident in a Hyundai Class Vehicle or Kia Class Vehicle, HMA and KA may request vehicle maintenance records as part of their inquiry relating to Exceptional Neglect of a Class Vehicle.

2.2.6    The terms of this Settlement Agreement shall not alter the rights otherwise available to Class Members under any warranty or future recall that is not directly addressed herein. Nothing in this Settlement will be construed as diminishing or otherwise affecting any express or implied warranty, duty, or contractual obligation of Defendants in connection with the Class Vehicles.

2.2.7    This Settlement shall not be construed as obligating Defendants or their authorized dealerships to repair ABS Modules or to provide new ABS Modules pursuant to the extended warranties herein, or to provide any other compensation or reimbursement, for otherwise inoperative vehicles (e.g., branded, salvage, or junkyard vehicles not otherwise roadworthy) unless such inoperability is solely subject and attributable to the need for an otherwise covered Qualifying Repair.

2.2.8    Defendants may implement or continue to implement any customer satisfaction or goodwill policy, program, or procedure at their discretion, and may extend goodwill consideration to individual Class Members on a case-by-case basis, in addition to their entitlement to relief under the Settlement. No such goodwill decision by Defendants, however, shall act to deprive a Class Member of the benefits available under the Settlement.

2.2.9    Any dispute concerning coverage under the extended warranties described herein shall be resolved through a Better Business Bureau ("BBB") administered alternative dispute resolution process. The Class Member disputing coverage under the extended warranties may seek arbitration through a BBB administered alternative dispute resolution process by notifying HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) in writing within sixty (60) days of the warranty denial that the Class Member requests arbitration. After receipt of the Class Member's written notice, HMA or KA shall be permitted a 30-day good faith period in which HMA or KA can confer with the Class Member in an attempt to resolve the dispute. If the dispute cannot be resolved during this period, the Class Member shall initiate a BBB administered alternative dispute resolution process. The arbitration shall take place by written submission with a telephonic hearing to occur if the arbitrator determines it is needed. HMA and KA shall provide Class Counsel with copies of any communications concerning such arbitration review, and Class Counsel shall have the right to participate in any written submission or telephonic hearing at their discretion. Any decision by the BBB will be final and binding upon all parties. The expense for each such arbitration review shall be borne by HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles), except for attorneys' fees for Class Counsel or other counsel selected by the Settlement Class Member (if any). HMA and KA shall request authorized dealers to include the following sentence in any notice of denial of coverage under the extended warranty provided herein: "You have the right to dispute this denial of warranty coverage. For more information, contact Hyundai at [telephone number] or Kia at [telephone number] or visit [website]."

2.3    **Free One-Time Inspection**

2.3.1    If a Settlement Class Member brings their Class Vehicle into an authorized Hyundai dealership (for Hyundai Class Vehicles) or an authorized Kia Dealership (for Kia Class Vehicles) for another unrelated service, the Settlement Class Member may request a free, one-time inspection of the Class Vehicle's ABS Module, to the extent the Class Vehicle's ABS Module was

previously repaired or replaced pursuant to a NHTSA Recall, to ensure the repaired or replaced ABS Module is not affected by the Qualifying Defect.

**2.4     Vehicle Loss Due to Fire**

2.4.1   If, prior to ninety (90) days following the availability of a recall remedy for a Class Vehicle or the date of the Final Approval Order and Judgment, whichever is later, or following a repair or replacement of a Class Vehicle's ABS Module pursuant to a recall, a Class Member suffers a loss of the Class Vehicle due to a fire caused by the Qualifying Defect, the Class Member shall be entitled to payment by HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) of the maximum Black Book value of the Class Vehicle at the time of loss or the residual value of any lease on the Class Vehicle, minus any proceeds or actual value received, subject to verification.

2.4.2   Class Members who previously received payment from HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) for the loss of their Class Vehicle due to a fire of at least the maximum Black Book value of the Class Vehicle at the time of loss or the residual value of any lease on the Class Vehicle, minus any proceeds or actual value received, shall not be entitled to a reimbursement for that portion of the loss for which they have already been reimbursed.

2.4.3   Any Class Member whose Class Vehicle experienced a non-collision fire caused by the Qualifying Defect that would have otherwise been addressed by a Qualifying Repair (with the fire having occurred prior to ninety (90) days following availability of the recall for the Class Vehicle or the date of the Final Approval Order and Judgment, whichever is later, or following repair or replacement of the ABS Module pursuant to a NHTSA Recall) will also receive a goodwill payment of $140 from HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles).

2.4.4   Class Members who previously received a goodwill payment from HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) for the loss of their Class Vehicle due to a fire of more than $140 shall not be entitled to an additional goodwill payment under this Settlement. However, Class Members who previously received a goodwill payment from HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) for the loss of their Class Vehicle due to a fire of less than $140 shall be entitled to an additional goodwill payment sufficient to bring the combined goodwill payment to $140.

**2.5     Repair Reimbursements**

2.5.1   Class Members may submit Claims for full reimbursement of any and all expenses incurred for a Qualifying Repair, up to sixty (60) days after the date of the Final Approval Order and Judgment, regardless of whether the Class Member was the original owner or lessee of the Class Vehicle, or a subsequent purchaser or lessee of the Class Vehicle, or whether the Qualifying Repair was completed before or after the Class Member received notification of any applicable NHTSA Recall unless the Class Member was previously reimbursed for any and all such expenses incurred, provided that: (i) a Claim is submitted no later than seventy (70) days after

the date of the Final Approval Order and Judgment; (ii) the Claim includes a completed Claim Form; and (iii) the Claim includes Proof of Repair Expense.

2.5.2    Claims pursuant to Section 2.5.1 that relate to Hyundai Class Vehicles shall be submitted to HMA and Claims pursuant to Section 2.5.1 that relate to Kia Class Vehicles shall be submitted to KA.

2.5.3    For Claims submitted for reimbursement for Qualifying Repairs performed at authorized Hyundai or Kia dealerships, upon the Settlement Class Member's indication on their Claim Form that they cannot locate the documentation originally provided by the Hyundai or Kia dealership, HMA (for Hyundai Class Vehicles) and KA (for Kia Class Vehicles) shall take all reasonably available steps to acquire from the dealership the information reasonably necessary to approve the Claim. In any instance in which HMA or KA is not able to obtain the information reasonably necessary to approve the Claim, the Settlement Administrator shall provide the Settlement Class Member the opportunity to cure the Claim as set forth in Section 3.3.3.

2.5.4    Consistent with the above provisions, repair reimbursements shall be provided irrespective of whether Qualifying Repairs were incurred at an authorized Hyundai dealership, an authorized Kia dealership, or elsewhere.

2.5.5    Repair reimbursements shall be provided to Settlement Class Members even if warranty coverage was initially denied for the Qualifying Repair on the grounds that it was necessitated by a failure to properly service or maintain the vehicle; provided, however, that the Qualifying Repair was not necessitated by Exceptional Neglect.

2.5.6    Settlement Class Members previously reimbursed in full or in part for the expense incurred in connection with a Qualifying Repair (e.g., through an HMA, KA, or dealership goodwill payment) shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

### 2.6    Other Repair-Related Reimbursements

2.6.1    To the extent any Settlement Class Member has incurred, or incurs, an expense, such as for a rental car or towing service, or other out-of-pocket expense reasonably related to obtaining a Qualifying Repair for a Class Vehicle, the Settlement Class Member shall be entitled to full reimbursement of any such reasonable rental car and towing expenses, or other reasonable out-of-pocket expense, by HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles), provided that: (i) a Claim is submitted within sixty (60) days after the later of (a) the date of the Final Approval Order and Judgment, or (b) the date on which the expense is incurred; (ii) the Claim includes a completed Claim Form; and (iii) the Claim includes Proof of Repair-Related Expense.

2.6.2    With respect to the reimbursements available pursuant to Section 2.6.1, Settlement Class Members shall not be entitled to receive compensation apart from their out-of-pocket costs incurred. For example, Section 2.6.1 shall not entitle Settlement Class Members to lost wages allegedly incurred due to an inability to get to or from a place of employment or to recover other forms of consequential damages.

Hyundai & Kia ABS Module Litigation Settlement

2.6.3   Settlement Class Members previously reimbursed for the expenses covered by this Section 2.6 shall not be entitled to a reimbursement under this Settlement for that portion of the expense for which they have already been reimbursed.

### 2.7   Recall and Product Improvements

2.7.1   Defendants acknowledge that the remedies provided pursuant to the NHTSA Recalls are part of the consideration to the Class under the Settlement.

### 2.8   Costs of Settlement Administration and Notice

2.8.1   HMA and KA shall be responsible for all costs of Class notice and settlement administration provided or undertaken in accordance with Sections 3, 5, 6, and 7. In no event shall Plaintiffs, the Class, or Class Counsel be responsible for any costs associated with Class notice or settlement administration. Class Counsel retains the right to audit and review the administration of Claims.

### 3.   CLAIMS ADMINISTRATION AND LIMITATIONS

3.1   HMA and KA have the option of either self-administering the Settlement or electing a third-party administrator to administer the Settlement. This election shall be made and submitted to the Court at least three days before the hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement.

### 3.2   Claims Submission

3.2.1   Claims submitted pursuant to this Settlement may be submitted, at the election of the Settlement Class Member, by U.S. mail, email, or through the dedicated Settlement websites discussed below. The mailing address and email address to which Settlement Class Members may submit Claims, as well as Settlement Class Members' right to submit their Claims through the Settlement websites, shall be posted prominently in each of the following locations: the Short Form Notice, Long Form Notice, Claim Form, and dedicated Settlement websites. The www.hyundaiusa.com/myhundai website shall provide a link to the dedicated Settlement website for Hyundai Class Vehicles accessible from its homepage. The www.owners.kia.com website shall provide a link to the dedicated Settlement website for Kia Class Vehicles accessible from its homepage.

3.2.2   The Claim Form shall provide an option for Settlement Class Members to indicate a preference for communication via regular U.S. mail. If HMA or KA has an email address for a Class Member and the Class Member did not indicate on the Claim Form that they prefer to communicate via regular U.S. mail, HMA and KA may respond by email. In instances in which U.S. mail is used, HMA and KA shall respond using the address provided on the corresponding Claim Form.

3.2.3   Claims may only be submitted by the individual Settlement Class Member and not by third parties, except a family member or legal guardian of the Settlement Class Member. A Claim will be deemed submitted on the date of postmark, hand delivery, or electronic submission to HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles).

3.2.4    Illegible documents or illegible copies of documents are not valid and do not constitute adequate documentary proof. Settlement Class Members shall be given the opportunity to cure any illegible documents or copies prior to denial of any Claim.

3.2.5    To the extent a Claim is submitted that is fraudulent or which contains materially false information or false supporting documentation as determined by the Settlement Administrator, the Claim will be denied in its entirety as invalid and the Settlement Class Member shall be disqualified from making any further Claim. Further, the Settlement Administrator shall report to the Court, the Parties, and the appropriate law enforcement authorities, any evidence of Claims that are fraudulent or which include materially false information or false supporting documentation.

3.3      **Reimbursement Determination**

3.3.1    Upon receipt of a Claim, the Settlement Administrator shall review the Claim to determine whether the Claim meets all qualifications for payment set forth in this Settlement Agreement and, if so, the amount of the reimbursement owed.

3.3.2    Within ninety (90) days of receiving a Claim, the Settlement Administrator shall provide written notice to the Settlement Class Member who submitted the Claim, notifying the Settlement Class Member of: (a) the amount, if any, that HMA or KA proposes to reimburse the Settlement Class Member; (b) the basis for HMA's or KA's decision to pay less than a full reimbursement (if applicable); and (c) the Settlement Class Member's right to attempt to cure any deficiency that led to HMA's or KA's proposal to award less than full reimbursement.

3.3.3    In response to receiving the written notice under Section 3.3.2, Settlement Class Members may: (a) attempt to cure the deficiency stated as justification for not awarding a full reimbursement by submitting information and/or documentation that addresses the deficiencies identified by HMA or KA in the Claim within thirty (30) days of receipt of the written notice, or (b) accept the partial reimbursement offered by HMA or KA, which acceptance will be presumed if no notice of the Class Member's intention to cure is received by HMA or KA within forty-five (45) days of receipt of the written notice. If a Settlement Class Member attempts to cure in accordance with subpart (a) above, within forty-five (45) days of the Settlement Administrators receiving such a cure attempt, HMA or KA will provide written notice to the Settlement Class Member stating its final determination as to the total reimbursement to be paid to the Settlement Class Member and the reasons for the reimbursement amount if less than requested.

3.3.4    Within sixty (60) days of receipt of HMA's or KA's final determination of a Claim, any Settlement Class Member dissatisfied with the determination may seek arbitration through a BBB administered alternative dispute resolution process by notifying HMA or KA (as the case may be) in writing that the Settlement Class Member requests arbitration. HMA or KA shall promptly provide copies of all such requests to Class Counsel. After receipt of the Settlement Class Member's written notice, HMA and KA shall be permitted a 30-day good faith period in which to confer with the Settlement Class Member in an attempt to resolve the claim. If the claim cannot be resolved during this period, HMA or KA shall initiate arbitration proceedings through a BBB administered alternative dispute resolution process. The arbitration shall take place by written submission with a telephonic hearing to occur if the arbitrator determines it is needed. HMA and

KA shall provide Class Counsel with copies of any communications concerning such arbitration review, and Class Counsel shall have the right to participate in any written submission or telephonic hearing at their discretion. Any decision by the BBB will be final and binding upon all parties. The expense for each such arbitration review shall be borne by HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles), except for attorneys' fees for Class Counsel or other counsel selected by the Settlement Class Member (if any). Notice describing this provision shall be provided with any final determination of a Claim.

3.3.5   On a monthly basis beginning thirty (30) days after the Notice Date, the Settlement Administrator shall provide Class Counsel with a report regarding final determinations made pursuant to Section 3.3.3. On reasonable request, the Settlement Administrator shall provide Class Counsel with a copy of any final determination notice sent to Class Members, along with all documentation associated with the Claim. The Settlement Administrator will also furnish on reasonable request a list of all cases of Exceptional Neglect, if any, to Class Counsel.

3.4   **Form of Reimbursement**

3.4.1   For each Claim qualifying for a reimbursement payment under this Settlement Agreement, HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) shall mail to the Settlement Class Member, at the address on the Claim Form, no later than sixty (60) days after the Effective Date, a check or a reimbursement debit card as decided upon by the Settlement Class Member. Alternatively, HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles) may provide reimbursement payments to consenting Settlement Class Members via electronic payment.

3.4.2   The debit cards provided under this Settlement shall be redeemable for at least one (1) year, without any fees charged by HMA, KA, or the debit card issuer, at ATMs and merchants that accept Visa cards. The debit cards shall indicate their "use by" dates on their faces. On Class Member request, HMA or KA will reissue any unexpired, unused debit card.

3.4.3   The value of any debit card shall remain the property of HMA or KA (as the case may be) and shall be deemed located in the State of California unless and until it is expended by the Settlement Class Member. Upon final expiration of any debit card, any unexpended funds shall become the permanent property of HMA or KA located in the State of California. The intent of this Section 3.4.3 is for the funds to never become abandoned or subject to escheat. It is not the intent of this section to capture the Class Members' funds at expiration.

3.4.4   The Parties acknowledge and agree that any and all provisions, rights, or benefits conferred by any law of any state or territory of the United States, or any principle of common law, that provides for how residual amounts in a settlement fund should be distributed, including, but not limited to, California Code of Civil Procedure section 384(b), are not applicable to this Settlement Agreement. Although the Parties expressly agree that this Settlement is not governed by California Code of Civil Procedure section 384(b) or other similar laws and does not create a settlement fund nor any "unpaid residue," Plaintiffs on behalf of themselves and the Class nonetheless expressly acknowledge and agree that, to the extent permitted by law, they are waiving any protections of California Code of Civil Procedure section 384(b) and of any comparable statutory or common law provision of any other jurisdiction.

3.4.5    The Parties acknowledge and agree that the forms of compensation set forth in this Settlement Agreement do not constitute gift cards, gift certificates, or member rewards cards under any federal and/or state laws.

3.5    Nothing in this Settlement Agreement shall be read to prevent HMA or KA from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to implement any customer satisfaction or goodwill policy program or procedure at its discretion, that provides consideration to Class Members over and above that required by this Settlement, without regard to the Class Members' entitlement to relief under the Settlement. No such election by HMA or KA, however, shall act to deprive a Class Member of the benefits available under the Settlement.

## 4.    PRELIMINARY APPROVAL BY THE COURT AND CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT

4.1    The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement are essential. The Parties, through their designated counsel, shall cooperate, assist, and undertake all reasonable actions to accomplish the steps contemplated by this Settlement Agreement and to implement the Settlement on the terms and conditions provided herein.

4.2    Promptly after the execution of this Settlement Agreement, Plaintiffs shall prepare and submit a motion to the Court for the certification of a Class for purposes of settlement only and for preliminary approval of this Settlement Agreement and related matters by means of entry by the Court of a Preliminary Approval and Class Certification Order, substantially in the form attached hereto as Exhibit D. For purposes of settlement, Defendants will not oppose this motion.

4.3    Upon entry of a Preliminary Approval and Class Certification Order, the Parties shall proceed with further steps to implement the Settlement on the terms and conditions of this Settlement Agreement.

4.4    Certification of the Class in the Preliminary Approval and Class Certification Order shall be for settlement purposes only.

4.5    Immediately after the Court issues its Preliminary Approval and Class Certification Order for settlement purposes, the Parties shall submit to the Court, and any other appropriate courts, if necessary, joint motions to stay the Litigation, pursuant to which stay order(s) the Court shall enjoin and stay, during the pendency of the Settlement proceedings contemplated by this Settlement Agreement, the commencement and/or prosecution of any and all actions and proceedings (including discovery) for any Released Claims brought by Plaintiffs against any of the Released Entities, including any and all such Released Claims brought on behalf of or through any Class Members, such stay and injunction to remain effective during the pendency of such Settlement proceedings unless modified by further order of the Court. Any stay orders entered in accordance with this provision shall remain in effect until the Effective Date, unless otherwise ordered by the Court.

4.6    In the event the Court fails to enter the Preliminary Approval and Class Certification Order, in which event it will enter an order denying the Motion for Preliminary

Hyundai & Kia ABS Module Litigation Settlement

Approval and Class Certification Order, then the Settlement Agreement is terminated, there is no certification of a Class, and the status of the Litigation shall be as it was prior to the execution of the Settlement Agreement without prejudice to any of the positions of the Parties, including on the issue of the appropriateness of class certification in this or other contexts. In such event, the terms and provisions of this Settlement Agreement will have no further force or effect with respect to the Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated, *nunc pro tunc*.

       4.7    In the event the Court requires the Parties to make changes to the terms of this Settlement Agreement before the Court will enter the Preliminary Approval and Class Certification Order, the Parties, through their designated counsel, shall cooperate, assist, and undertake all reasonable actions to address the issues or concerns raised by the Court and to revise this Settlement Agreement to implement the Court's required changes. If the Parties are unable to agree to such changes to or revisions of this Settlement Agreement, then the Settlement Agreement is terminated, there is no certification of a Class, and the status of the Litigation shall be as it was prior to the execution of the Settlement Agreement without prejudice to any of the positions of the Parties, including on the issue of the appropriateness of class certification in this or other contexts. In such event, the terms and provisions of this Settlement Agreement will have no further force or effect with respect to the Parties and will not be used in this Litigation or in any other proceeding for any purpose, and any order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated, *nunc pro tunc*.

## 5.    <u>NOTICE TO THE CLASS</u>

       5.1    **CAFA Notice**

       5.1.1    HMA and KA shall be responsible for providing the required notice to the appropriate Federal official and appropriate State officials within ten (10) days of the filing of this Settlement Agreement with the Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

       5.2    **Notice Deadline**

       5.2.1    No later than the Notice Date, HMA and KA shall cause notice to the Class to be disseminated by U.S. mail, email, and the dedicated Settlement website (with a link to the dedicated Settlement website from www.hyundaiusa.com/myhyundai (for Hyundai Class Vehicles) or www.owners.kia.com (for Kia Class Vehicles)). The form and substance of all notices provided by HMA and KA to Class members shall be subject to prior input and approval from Class Counsel.

       5.3    **Individual Class Notice Methods**

       5.3.1    Following the Court granting preliminary approval of this Settlement, the Settlement Administrator shall provide by direct U.S. mail, to all reasonably identifiable Class Members the Short Form Notice. For purposes of identifying the requisite names and addresses, Defendants agree to provide, to the extent they have not already done so, all names and addresses of Class Vehicle owners, along with Class Vehicle Vehicle Identification Numbers ("VIN"), to IHS Markit, or a similar third-party entity, who shall be authorized to use that information to obtain

Hyundai & Kia ABS Module Litigation Settlement

the names and most current addresses of Class Vehicle owners through state agencies. Because some states require a prior court order before vehicle owner and lessee information can be released, such information may not be available until after the Preliminary Approval and Class Certification Order is entered. Prior to mailing individual notice, the Settlement Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Vehicle owners. For each individual notice that is returned as undeliverable, the Settlement Administrator shall use its best efforts to conduct an advanced address search using HMA's and KA's customer database information regarding the Class Vehicle owner or lessee to obtain a deliverable address.

5.3.2    Additionally, the Settlement Administrator shall provide by email, to all Class Members for which HMA and KA maintain email addresses, a hyperlink to the dedicated Settlement website discussed below and electronic versions of the Long Form Notice and Claim Form following the Court granting preliminary approval of this Settlement.

5.3.3    The Settlement Administrator shall maintain dedicated Settlement websites (one for Hyundai Class Vehicles and another website for Kia Class Vehicles)—the content and domain name of such are subject to prior Class Counsel approval—which will contain: (i) instructions on how to obtain reimbursements; (ii) a mechanism by which Class Members can submit Claims electronically; (iii) instructions on how to contact the Settlement Administrator for assistance with their Claims; (iv) the Long Form Notice; (v) the Claim Form; (vi) this Settlement Agreement; (vii) any orders issued by the Court approving or disapproving of the proposed Settlement; and (viii) any other information the Parties determine is relevant to the Settlement. The Settlement Administrator shall make the same information available to Class Members through www.hyundaiusa.com/myhyundai and www.owners.kia.com via links to the dedicated Settlement websites (apart from the mechanism for submitting Claims). The dedicated settlement websites shall also offer the ability for visitors to enter their VINs without completing a Claim Form to determine if their vehicles are indeed Class Vehicles.

5.3.4    The Settlement Administrator shall be prepared, through HMA's and KA's customer service departments, to respond to questions regarding the status of submitted Claims, how to submit a Claim, and other aspects of this Settlement. The Settlement Administrator shall maintain a dedicated toll-free telephone number for Class Members to call. The telephone numbers shall be listed on the Long Form Notice, Claim Form, and the dedicated Settlement websites.

5.3.5    For a period ending ninety (90) days after the Notice Date, the Settlement Administrator shall provide Class Counsel and Defendants with bi-weekly reports of the total number of notices sent to Class Members by U.S. mail and email, along with the number of notices returned as undeliverable. The Settlement Administrator shall communicate with Class Counsel regarding delivery of notice and the number of Class members who have responded to the notice.

## 6.    **REQUESTS FOR EXCLUSION**

6.1    The provisions of this Section 6 shall apply to any request by a Class Member for exclusion from the Class.

Hyundai & Kia ABS Module Litigation Settlement

6.2     Any Class Member may make a request for exclusion by submitting such request in writing (by U.S. mail or email) as set forth in the Long Form Notice.

6.3     Any request for exclusion must be submitted no later than the date specified in the Preliminary Approval and Class Certification Order.

6.4     Any request for exclusion shall (i) state the Class Member's full name and current address, (ii) provide the model year and VIN of their Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state their desire to be excluded from the Settlement and from the Class.

6.5     All Class Members who do not timely exclude themselves from the Class shall in all respects be bound by all terms of this Settlement Agreement, and the Final Approval Order and Judgment finally dismissing the Released Claims as against Defendants and the Released Persons and shall be permanently barred from commencing, instituting, or prosecuting any action based on any Released Claims against Defendants or against any Released Persons in any court of law or equity, arbitration, tribunal, or administrative or other forum.

6.6     Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

6.7     The Settlement Administrator shall report the number of Class Members who have submitted a request for exclusion to Class Counsel and Defendants on a bi-weekly basis, beginning ten (10) days after the Notice Date and ending thirty (30) days following the request for exclusion submission deadline specified in the Preliminary Approval and Class Certification Order.

6.8     Class Counsel represent and warrant that they have no other agreements with other counsel respecting Class Members, including any agreements with respect to referring, soliciting, or encouraging any Class Members to request to be excluded from this Settlement Agreement.

6.9     Upon certification of the Class in connection with the preliminary approval of this Settlement Agreement, Class Counsel agree to seek in the Preliminary Approval and Class Certification Order from the Court a provision encouraging all written communications made by attorneys other than Class Counsel to multiple Class Members with respect to this Settlement Agreement to be reviewed and approved by Class Counsel and the Court.

7.     **<u>OBJECTIONS</u>**

7.1     The Parties will request that the Court enter an order requiring any Class Member who wishes to appear to oppose the reasonableness and fairness of the Settlement at the Fairness Hearing to file an objection in writing, stating the basis of the objection, and then deliver said objection to the Court. All objections must be filed with the Court and served on the Parties by no later than the deadline set in the Preliminary Approval and Class Certification Order.

7.2     To state a valid objection to the Settlement, an objecting Class Member must provide the following information in their written objection: (i) the case name and number, titled *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584-SB-JDE (C.D. Cal.);

(ii) the Class Member's full name, current address, and current telephone number; (iii) the model year and VIN of the Class Member's Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the Class Member wishes to submit in support of the objection(s); (vi) the name and address of the lawyer(s), if any, who is representing the objecting Class Member in making the objection or who may be entitled to compensation in connection with the objection; ; (vii) a statement of whether the Class Member or their counsel intends to appear at the Final Approval Hearing;  and (viii) the signature of the objecting Class Member, in addition to the signature of any attorney representing the objecting Class Member in connection with the objection, and date of the objection. In addition, any Class Member objecting to the Settlement shall provide a list of any other objections submitted by the Class Member, or the Class Member's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years. If the Class Member or the Class Member's counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

7.3    Class Members submitting objections who wish to appear either personally or through counsel at the Fairness Hearing and present their objections to the Court orally must include (i) a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Long Form Notice, (ii) the identity of all counsel (if any) who will appear on behalf of the Class Member at the Fairness Hearing, and (iii) the identity of all persons (if any) who will be called to testify in support of the objection. Only Class Members who specify in their objections that they intend to appear personally or through counsel at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Class Members who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing.

7.4    The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel or counsel for Defendants to notice such objecting Class Member for and to take their deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting Class Member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objecting Class Member or the objecting Class Member's counsel should the Court determine that the objection is frivolous or made for improper purpose.

7.5    If an objection to the Settlement is raised, then overruled by the Court, and the objecting Class Member files a notice of appeal, Class Counsel and counsel for Defendants reserve the right to file a motion pursuant to Federal Rule of Appellate Procedure 7 to impose an appeal bond on the objecting Class Member.

7.6    These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

7.7    Any Class Member who does not so object by the timely delivery of an objection (pursuant to the procedures set forth in the Long Form Notice) to the Court and to counsel for the

Parties, shall be deemed to have waived, and shall forever be foreclosed from raising, any objection to the Settlement.

7.8    The Parties shall promptly inform the Court of any consideration sought by an objecting Class Member and the circumstances of such a request.

## 8.    FINAL APPROVAL ORDER AND JUDGMENT; RELEASE

8.1    Upon entry of the Final Approval Order and Judgment each Releasor irrevocably releases, waives, and forever discharges and holds harmless the Released Persons of and from any and all Released Claims which the Releasor has or may hereafter have. Each Releasor further covenants and agrees not to commence, file, initiate, institute, prosecute, maintain, or consent to any action or proceedings against the Released Persons based on the Released Claims.

8.2    In addition, each Class Member hereby expressly waives and releases, upon this Settlement Agreement becoming effective, any and all provisions, rights, and benefits conferred by any law of the federal government or of any state or territory of the United States, or principle of common law, which purports to limit the scope and effectiveness of the release of any of the Released Claims provided pursuant to this Settlement Agreement without regard to the subsequent discovery or existence of any different or additional facts not known by a Class Member at the time of this Settlement. By way of example, upon the Effective Date, each Class Member shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law the provisions, rights and benefits of section 1542 of the California Civil Code, if any, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

8.3    Plaintiffs and the Settlement Class Members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and Judgment, Releasors fully, finally, and forever settle and release any and Released Claims against Released Persons. The Parties acknowledge that this waiver and release were bargained for and are material elements of the Settlement.

8.4    By this Settlement Agreement, Defendants release Plaintiffs and Class Counsel from any and all claims or causes of action that were, or could have been, asserted by Defendants pertaining to the Litigation or Settlement. Defendants recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Approval Order and Judgment, Defendants fully, finally, and forever settle and release any and all such claims. The Parties acknowledge that this waiver and release were bargained for and are material elements of the Settlement.

8.5    This Settlement and the release in this Section 8 do not affect the rights of Opt-Outs. The Parties do not intend this Settlement Agreement and release to affect any legal claims

that arise out of a Class Member's purchase or use of any vehicle other than a Class Vehicle. The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

8.6     The Parties agree that if, for any reason, the Settlement Agreement is not approved, or the Final Approval Order and Judgment is not upheld on appeal, (1) the Settlement Class shall be decertified, and the prior certification shall not be used by any person or court as a basis for certifying any class for litigation purposes, and (2) this Settlement Agreement shall be terminated, and the status of the Litigation and the Parties thereto shall be as it was prior to the execution of the Settlement Agreement.

## 9.     DISMISSAL WITH PREJUDICE; EXCLUSIVE REMEDY

9.1     Plaintiffs and Class Counsel agree to seek Court dismissal with prejudice of all Released Claims by Class Members against all Released Persons in the Litigation and any Related Actions when the Final Approval Order and Judgment is entered, with each Party to bear its own costs, except as otherwise provided herein.

9.2     This Settlement Agreement shall be the exclusive remedy for the Class with respect to Released Claims as against any and all Released Persons, and no Class Member shall recover, directly or indirectly, any sums from Defendants or the other Released Persons for Released Claims other than those sums, if any, received from the Settlement for the Released Claims under the terms of this Settlement Agreement.

9.3     The Parties agree that, upon the Effective Date, this Settlement Agreement will fully and completely settle the Released Claims as against the Released Persons by Class Members. The Parties agree that upon the Effective Date, the Released Persons will be finally released from any and all Released Claims by all Class Members. Further, the Parties agree that each and every Class Member, and all other Persons claiming by, through, or on behalf of, a Class Member, will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Persons with respect to the Released Claims.

## 10.     NO ADMISSION OF LIABILITY

10.1     Neither this Settlement Agreement, whether approved or not approved, nor any exhibit hereto, or instrument delivered pursuant to this Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement, is intended to or may be construed as or deemed to be evidence of (a) an admission or concession by Defendants or any Released Person of any liability or wrongdoing, or of the truth of any allegations in the Litigation, or of the appropriateness of class certification in any other context, or (b) an admission or concession by any Plaintiff of any lack of merit in the allegations made in the Litigation.

10.2     Pursuant to this Settlement Agreement, and pursuant to Federal Rule of Evidence 408 and any other applicable law, rule, or regulation, the fact of entering into or carrying out this Settlement Agreement, and any negotiations and proceedings related hereto, shall not be construed as, offered into evidence as, or deemed to be evidence of, an admission or concession

of liability by or an estoppel against any of the Parties, or a waiver of any applicable statute of limitations or repose, and shall not be offered or received into evidence, or considered, in any action or proceeding against any Party in any judicial, quasi-judicial, administrative agency, regulatory or self-regulatory organization, or other tribunal, or proceeding for any purpose whatsoever, other than to enforce the provisions of this Settlement Agreement or the provisions of any related agreement, release, or exhibit hereto.

## 11.   REPRESENTATIONS AND WARRANTIES

11.1   Class Counsel represent and warrant that they have authority to enter into this Settlement Agreement on behalf of Plaintiffs.

11.2   Defendants represent and warrant that they have all requisite corporate power and authority to execute, deliver, and perform this Settlement Agreement. The execution, delivery, and performance by Defendants of this Settlement Agreement has been duly authorized by all necessary corporate action. This Settlement Agreement has been duly and validly executed and delivered by Defendants, and constitutes its legal, valid, and binding obligation.

11.3   Class Counsel on behalf of the Class, and Defendants represent that they: (i) recommend this Settlement Agreement be approved; and (ii) will undertake the necessary steps to support and effectuate the terms of this Settlement Agreement in the event it is approved by the Court.

11.4   Plaintiffs, Class Counsel, and Defendants represent and warrant that they shall comply with the terms of any protective orders entered in the Litigation regarding the disposition of litigation materials following the occurrence of the Effective Date.

## 12.   INDEMNITY, LIENS, AND TAXES

12.1   Defendants waive any right of subrogation or any other right belonging to Defendants to recover back any settlement amount paid or made available to any Settlement Class Member under this Settlement Agreement by virtue of the Settlement Class Member's settlement with any other Person. The amounts made available and paid to Settlement Class Members under this Settlement Agreement are free and clear of any encumbrances now held or later acquired by Defendants.

12.2   It is each Settlement Class Member's responsibility to pay any and all valid and enforceable liens, reimbursement claims, or encumbrances held or asserted by any private or governmental lien holders against them. Plaintiffs and each Settlement Class Member on their own behalf, further understand and agree to indemnify, hold harmless, and defend the Released Persons from all claims by any state or other government body, employer, attorney, insurer, and/or any other entity for all past, present, and future liens or claims asserting a right of subrogation, right of indemnity, right of reimbursement, or other such right for amounts paid or to be paid in consideration under this Settlement Agreement.

12.3   Each Plaintiff and each Settlement Class Member on their own behalf, further understand and agree that each Plaintiff and each Settlement Class Member is responsible for any tax consequences to each such Plaintiff and Settlement Class Member arising from, related to, or

in any way connected with the relief afforded to each such Plaintiff and Settlement Class Member under the Settlement.

## 13.    CONTINUING JURISDICTION

13.1    The Court shall retain jurisdiction over the Litigation, the Settlement Administrator, the Settlement Agreement, the Final Approval Order and Judgment, the Class Members, and the Parties for the purpose of administering, supervising, construing, and enforcing this Settlement Agreement and the Final Approval Order and Judgement.

## 14.    ATTORNEYS' FEES AND SERVICE PAYMENTS

14.1    Plaintiffs, through Class Counsel, may apply to the Court for an attorneys' fee award, cost award, and Class Representative service awards, each in an amount to be determined by the Court. Any such application by Plaintiffs, through Class Counsel, is inclusive of an attorneys' fee award and cost award sought on behalf of Plaintiffs' Counsel, including any attorneys currently or previously affiliated with those law firms.

14.2    The actual award of fees and litigation expenses to Plaintiffs' Counsel shall be made by the Court following an open and transparent process, including a hearing before the Court open to the public and all Class Members.

14.3    Defendants agree to pay the attorneys' fees, expenses, and Class Representative service awards as ordered by the Court separate and apart from, and in addition to, the relief provided to the Class. Any order or proceedings relating to Plaintiffs' application for an attorneys' fee award, cost award, or Class Representative service award, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or effect or delay the Effective Date of this Settlement Agreement as it relates to benefits conferred to Settlement Class Members, provided that the Settlement Agreement is otherwise in all respects final.

14.4    HMA and KA shall pay Plaintiffs and/or Plaintiffs' Counsel the fees, expenses, and Class Representative service payments awarded by the Court within the later of thirty (30) days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order. Within three (3) Business Days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Plaintiffs' Counsel shall provide HMA and KA, for each payee, a W-9 along with wire instructions on their firm letterhead for the payment to Plaintiffs' Counsel of fees, expenses, and service payments awarded by the Court.

14.5    Defendants are not responsible for any fees or expenses of any counsel other than Plaintiffs' Counsel retained by Settlement Class Members. Settlement Class Members are solely responsible for such fees and expenses.

14.6    Plaintiffs and Plaintiffs' Counsel agree that upon payment by Defendants of the fees, expenses, and service payments as specified by the Court, pursuant to wire transfer

information provided by Plaintiffs' Counsel, Defendants' obligations to Plaintiffs and Plaintiffs' Counsel with respect to attorney's fees, expenses, and service payments made in connection with the Litigation shall be fully satisfied and discharged.

## 15.   RIGHTS OF WITHDRAWAL

15.1    If the number of Opt-Outs exceeds the number agreed to by the Parties and submitted to the Court under seal and any Defendant determines that the number of Opt-Outs is unsatisfactory, the Defendant, in its sole option, shall have the right to withdraw from the Settlement and terminate this Settlement Agreement in accordance with Section 15.2 below. In addition, if the Court does not approve the Settlement Agreement as submitted, it shall be terminated.

15.2    In the event that any Defendant wishes to exercise its right to terminate the Settlement Agreement under this Section 15 because the number of Opt-Outs exceeds the number agreed to by the Parties and submitted to the Court under seal and the Defendant determines that the number of Opt-Outs is unsatisfactory, the Defendant must notify the other Parties in writing, within seven (7) days after receipt of the Settlement Administrator's final report on the number and identity of those Class Members who excluded themselves from the Settlement Class, of the Defendant's intention to withdraw from the Settlement and terminate this Settlement Agreement.

15.3    In the event that this Settlement Agreement is not approved, as submitted, does not reach the Effective Date, or otherwise is terminated pursuant to the terms of this Settlement Agreement, the Parties will be restored to their respective positions in the Litigation as of the day preceding the date of this Settlement Agreement, the terms and provisions of this Settlement Agreement will have no further force or effect with respect to the Parties (except as otherwise provided herein), the Settlement Agreement or any of its terms will not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Settlement Agreement, including any order to certify the Class, will be vacated, *nunc pro tunc*, and the status of the Litigation shall be as it was prior to the execution of the Settlement Agreement.

## 16.   COMMUNICATIONS REGARDING SETTLEMENT

16.1    Neither the Parties nor their counsel shall issue (or cause any other Person to issue) any press release, or make any other statements of any kind to the press or the public, concerning the existence or substance of this Settlement Agreement until the date on which the Settlement Agreement is filed with the Court.

16.2    The Parties and their counsel agree to keep the substance of this Settlement Agreement confidential until the date on which the Settlement Agreement is filed with the Court, provided that this provision shall not prevent Defendants from disclosing such information, prior to the date on which the Settlement Agreement is filed, to government agencies, independent accountants, actuaries, advisors, financial analysts, insurers, or attorneys, nor shall it prevent the Parties and their counsel from disclosing such information to Persons (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Settlement Agreement.

16.3     Neither the Parties nor their counsel shall make (or cause any other Person to make) statements of any kind to the press or the public that include any information about either this Settlement Agreement or the terms set forth herein that has not been included in a document filed with the Court. A Party or the Party's counsel may respond to an inquiry from a member of the press or public by (a) providing a copy of the documents filed with the Court, (b) directing the member of the press or public to the Court's docket or to a public resource to review or obtain a copy of this Settlement Agreement or the Long Form Notice, (c) supplying additional information to the member of the press or public that has been filed with the Court or is otherwise in the public domain, provided that the responding Party will provide such additional information to the other Parties as promptly as practicable, or (d) providing a supporting comment about the Settlement and its benefits to Class Members. This paragraph does not prevent Class Counsel from communicating with Class Members about the Settlement.

16.4     No Party, Class Counsel, or Defendants' counsel, or any Person acting on behalf of any of them, shall make any public statements relating to this Settlement that disparage any Party or their counsel, or this Settlement Agreement or any application for attorneys' fees and expenses complying with the terms of this Settlement Agreement. This provision is not intended to and does not restrict any Party or their counsel from exercising their rights under the Settlement Agreement or implementing orders.

## 17.     OTHER OBLIGATIONS; MISCELLANEOUS

17.1     Nothing in this Settlement Agreement is intended to preempt, conflict with, or otherwise supersede NHTSA's authority to regulate automotive safety. Should NHTSA require Defendants to take any action that conflicts with any of the terms in this Settlement Agreement, the obligations imposed by NHTSA are controlling.

17.2     The Parties acknowledge that prompt approval, consummation, and implementation of this Settlement is essential. The Parties agree to cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement, to promptly perform their respective obligations hereunder, and to attempt to resolve any dispute that may arise under this Settlement Agreement in a good faith and expeditious manner.

17.3     Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement, nor any negotiations leading to this Settlement Agreement or the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any fault, omission, wrongdoing, or liability of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file this Settlement Agreement and/or the Judgement in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. This provision shall survive the expiration or voiding of the Settlement Agreement.

17.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Settlement Agreement.

Hyundai & Kia ABS Module Litigation Settlement

17.5    All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement. All of the exhibits to this Settlement Agreement are fully incorporated herein by this reference.

17.6    This Settlement Agreement, including attached exhibits, constitutes the entire agreement by and among the Parties with regard to the subject matter of this Settlement Agreement, and shall supersede any previous agreements and understanding among the Parties with respect to the subject matter of this Settlement Agreement and the Settlement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement.

17.7    This Settlement Agreement may not be modified or amended except in writing signed by all Parties and approved by the Court.

17.8    Any notice, request, instruction, or other document to be given by any Party to this Settlement Agreement to any other Party to this Settlement Agreement, other than Class notice, shall be in writing and delivered by an overnight delivery service, with a courtesy copy via electronic mail to:

**If to Plaintiffs and the Settlement Class:**

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 2nd Avenue Suite 2000
Seattle, WA 98101
Phone: 206-623-7292
Fax: 206-623-0594
steve@hbsslaw.com

Hyundai & Kia ABS Module Litigation Settlement

**If to Defendants:**

> Lance A. Etcheverry
> Skadden, Arps, Slate, Meagher & Flom LLP
> 525 University Avenue, Suite 1400
> Palo Alto, CA 94301
> Phone: 650.470.4500
> Fax: 650.470.4570
> Lance.Etcheverry@skadden.com

17.9     All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to all signatories of this Settlement Agreement.

17.10   The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

17.11   The provisions of this Settlement Agreement are not severable.

17.12   All of the terms of this Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of California, except to the extent federal law applies.

17.13   All representations, warranties, and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the date of this Settlement Agreement, or termination or expiration of this Settlement Agreement.

17.14   This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

17.15   The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

17.16   As used in this Settlement Agreement, the masculine, feminine, or gender neutral, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

17.17   Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, to execute and deliver such other documents and take such other actions that may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement.

Hyundai & Kia ABS Module Litigation Settlement

17.18   The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to court dates).

17.19   This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Settlement Agreement, provided that this Settlement Agreement shall not be complete until it has been signed by everyone for whom a signature line has been provided.

17.20   This Settlement Agreement and any amendments thereto, to the extent signed and delivered by means of a facsimile machine or electronic scan (including in the form of an Adobe Acrobat PDF file format), shall be treated in all manner and respects as an original Settlement Agreement and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement and have caused this Settlement Agreement to be executed by Class Counsel.

Dated: August 15, 2022          By: _____

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Phone: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Jonathan D. Lindenfeld
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

Steve W. Berman
Thomas E. Loeser
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue Suite 2000
Seattle, WA 98101
Phone: 206-623-7292
Fax: 206-623-0594
steve@hbsslaw.com
toml@hbsslaw.com

Hyundai & Kia ABS Module Litigation Settlement

Rachel E. Fitzpatrick
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Suite 1000
Phoenix, AZ 85003
Phone: 602-840-5900
Fax: 602-840-3012
rachelf@hbsslaw.com

Jonathan M. Jagher
FREED KANNER LONDON
& MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
Fax: (224) 632-4521
jjagher@fklmlaw.com

Brian M. Hogan
FREED KANNER LONDON
& MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
Fax: (224) 632-4521
bhogan@fklmlaw.com

Katrina Carroll
LYNCH CARPENTER LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Tel: (312) 750-1265
katrina@lcllp.com

Todd D Carpenter
LYNCH CARPENTER LLP
1350 Columbia Street Suite 603
San Diego, CA 92101
Tel: 619-762-1910
Fax: 619-756-6991
todd@lcllp.com

Jennifer A. Lenze
LENZE LAWYERS, PLC.
1300 Highland Avenue, Suite 207
Manhattan Beach, CA 90266

Hyundai & Kia ABS Module Litigation Settlement

Telephone: (310) 322-8800
Facsimile: (310) 322-8811
jlenze@lenzelawyers.com

J. Barton Goplerud
SHINDLER, ANDERSON, GOPLERUD &
WEESE PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
Telephone: (515) 223-4567
E-mail: goplerud@sagwlaw.com

Rosemary M. Rivas
David Stein
Rosanne L. Mah
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
rmr@classlawgroup.com
ds@classlawgroup.com
rlm@classlawgroup.com

*Counsel for Plaintiffs and the Settlement Class*

Dated: August 15, 2022          By:    *Lance A. Etcheverry*

Lance A. Etcheverry
lance.etcheverry@skadden.com
Caroline Van Ness
caroline.vanness@skadden.com
Michael C. Minahan
michael.minahan@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

John Beisner
john.beisner@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue N.W.

33

Hyundai & Kia ABS Module Litigation Settlement

Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760

*Attorneys for Defendants*

Dated: August 5, 2022          By: _____

Jason Erb
Chief Legal Officer
For Hyundai Motor America and Hyundai Motor
Company *(agent)*

Dated: August ___, 2022          By: _____

Mark Goldzweig
Executive Director and Associate General
Counsel
For Kia America, Inc. and Kia Corporation

**[Signatures Continue on Next Page]**

Hyundai & Kia ABS Module Litigation Settlement

Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760

*Attorneys for Defendants*

Dated: August ___, 2022          By: _____
                                     Jason Erb
                                     Chief Legal Officer
                                     For Hyundai Motor America and Hyundai Motor
                                     Company

Dated: August ¹⁵, 2022          By: *James Meyers*
                                     James Meyers (Aug 15, 2022 17:01 PDT)
                                     James Meyers
                                     Director, Litigation
                                     For Kia America, Inc. and Kia Corporation

**[Signatures Continue on Next Page]**

Hyundai & Kia ABS Module Litigation Settlement

## **Representative Plaintiff Signatures**

*Kim Elzinga*

_____

Kimberly Elzinga

Dates: _____08 / 11 / 2022_____

_____

Donna Tinsley

Dates: _____

_____

Theodore Maddox, Jr.

Dates: _____

_____

Ramtin Zakikhani

Dates: _____

_____

Jacqueline Washington

Dates: _____

_____

Brenda Evans

Dates: _____

_____

Patti Talley

Dates: _____

_____

Anthony Vacchio

Dates: _____

_____

Ana Olaciregui

Dates: _____

_____

Minda Briaddy

Dates: _____

_____

Elaine Peacock

Dates: _____

_____

Adam Pluskowski

Dates: _____

_____

Melody Irish

Dates: _____

_____

Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

## **<u>Representative Plaintiff Signatures</u>**

_____

Kimberly Elzinga

Dates: _____

_____

Theodore Maddox, Jr.

Dates: _____

_____

Jacqueline Washington

Dates: _____

*Patti L Talley*
_____

Patti Talley

Dates: ____08 / 10 / 2022____

_____

Ana Olaciregui

Dates: _____

_____

Elaine Peacock

Dates: _____

_____

Melody Irish

Dates: _____

_____

Donna Tinsley

Dates: _____

_____

Ramtin Zakikhani

Dates: _____

_____

Brenda Evans

Dates: _____

_____

Anthony Vacchio

Dates: _____

_____

Minda Briaddy

Dates: _____

_____

Adam Pluskowski

Dates: _____

_____

Ricky Barber

Dates: _____

Doc ID: 50cb920b542c78bad82358392271983b96c2c56a

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____ 08 / 11 / 2022 _____

_____
Jacqueline Washington

Dates: _____ 08 / 10 / 2022 _____

_____
Patti Talley

Dates: _____

_____
Ana Olaciregui

Dates: _____ 08 / 11 / 2022 _____

_____
Elaine Peacock

Dates: _____ 08 / 11 / 2022 _____

_____
Melody Irish

Dates: _____ 08 / 10 / 2022 _____

_____
Donna Tinsley

Dates: _____ 08 / 10 / 2022 _____

_____
Ramtin Zakikhani

Dates: _____ 08 / 15 / 2022 _____

_____
Brenda Evans

Dates: _____

_____
Anthony Vacchio

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Ricky Barber

Dates: _____

Doc ID: 32c281aef45fe1fcbe1648cfa3940b846b88b35f

Hyundai & Kia ABS Module Litigation Settlement

**Representative Plaintiff Signatures**

Kimberly Elzinga

Dates: _____

Donna Tinsley

Dates: _____

Theodore Maddox, Jr.

Dates: _____

Ramtin Zakikhani

Dates: _____

Jacqueline Washington

Dates: _____

*Brenda Evans*

Brenda Evans

Dates: August 10, 2022

Patti Talley

Dates: _____

Anthony Vacchio

Dates: _____

Ana Olaciregui

Dates: _____

Minda Briaddy

Dates: _____

Elaine Peacock

Dates: _____

Adam Pluskowski

Dates: _____

Melody Irish

Dates: _____

Ricky Barber

Dates: _____

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Donna Tinsley

Dates: _____


_____
Theodore Maddox, Jr.

Dates: _____

_____
Ramtin Zakikhani

Dates: _____


_____
Jacqueline Washington

Dates: _____

_____
Brenda Evans

Dates: _____


_____
Patti Talley

Dates: _____

_____
Anthony Vacchio

Dates: ___8/10/2022_____


_____
Ana Olaciregui

Dates: _____

_____
Minda Briaddy

Dates: _____


_____
Elaine Peacock

Dates: _____

_____
Adam Pluskowski

Dates: _____


_____
Melody Irish

Dates: _____

_____
Ricky Barber

Dates: _____

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

Kimberly Elzinga

Dates: _____

Donna Tinsley

Dates: _____

Theodore Maddox, Jr.

Dates: _____

Ramtin Zakikhani

Dates: _____

Jacqueline Washington

Dates: _____

Brenda Evans

Dates: _____

Patti Talley

Dates: _____

Anthony Vacchio

Dates: _____

Ana Olaciregui

Dates: _____

*Minda Briaddy*
Minda Briaddy

Dates: 8/11/2022

Elaine Peacock

Dates: _____

Adam Pluskowski

Dates: _____

Melody Irish

Dates: _____

Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____

_____
Jacqueline Washington

Dates: _____

_____
Patti Talley

Dates: _____

_____
Ana Olaciregui

Dates: _____

_____
Elaine Peacock

Dates: _____

_____
Melody Irish

Dates: _____


_____
Donna Tinsley

Dates: _____

_____
Ramtin Zakikhani

Dates: _____

_____
Brenda Evans

Dates: _____

_____
Anthony Vacchio

Dates: _____

_____
Minda Briaddy

Dates: _____

_Adam Pluskowski_
_____
Adam Pluskowski

Dates: __08 / 11 / 2022_____

_____
Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Donna Tinsley

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____

_____
Ramtin Zakikhani

Dates: _____

_____
Jacqueline Washington

Dates: _____

_____
Brenda Evans

Dates: _____

_____
Patti Talley

Dates: _____

_____
Anthony Vacchio

Dates: _____

_____
Ana Olaciregui

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Elaine Peacock

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Melody Irish

Dates: _____

*Ricky Barber*
_____
Ricky Barber

Dates: _08 / 11 / 2022_

35

Hyundai & Kia ABS Module Litigation Settlement

*Lucille Jacob*

_____

Lucille Jacob

Dates: ___08 / 12 / 2022_____


_____

Carla Ward

Dates: _____


_____

Pepper Miller

Dates: _____


_____

Cindy Brady

Dates: _____

36

Hyundai & Kia ABS Module Litigation Settlement

_____
Lucille Jacob

Dates: _____

_____
*Carla Ward*

_____
Carla Ward

Dates: ___08 / 12 / 2022_____

_____
Pepper Miller

Dates: _____

_____
Cindy Brady

Dates: _____

36

Hyundai & Kia ABS Module Litigation Settlement

_____

Lucille Jacob

Dates: _____


_____

Carla Ward

Dates: _____

_Pepper Miller_
_____

Pepper Miller

Dates:   08 / 11 / 2022
_____


_____

Cindy Brady

Dates: _____

36

Hyundai & Kia ABS Module Litigation Settlement

_____

Lucille Jacob

Dates: _____


_____

Carla Ward

Dates: _____


_____

Pepper Miller

Dates: _____

*Cindy Brady*
_____

Cindy Brady

Dates: 08 / 11 / 2022 _____

36

Hyundai & Kia ABS Module Litigation Settlement

# **LIST OF EXHIBITS**

Exhibit A                Template Claim Form

Exhibit B                Short Form Notices

                        --Exhibit B(1) Hyundai Short Form Notice

                        --Exhibit B(2) Kia Short Form Notice

Exhibit C                Long Form Notice

Exhibit D                Proposed Preliminary Approval and Class Certification Order

Exhibit E                List of Related Actions

# EXHIBIT A

Exhibit A – Template Claim Form

Claims can be submitted at www.[settlementwebsite].com

# [HYUNDAI/KIA] CLAIM FORM
## Five Steps to Make a Claim

*Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.)

*Evans, et al. v. Hyundai Motor Company, et al.*, No. 8:22-cv-00300 (C.D. Cal.)

*Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824 (C.D. Cal.)

**[1]  Please provide the information in the spaces below:**

First Name:

Last Name:

Address 1:

Address 2:

City:                                                                                    State:

Zip Code            -

Email Address

Phone Number

**If you choose to provide your email address, the Settlement Administrator will contact you about the settlement by email. If not, the Settlement Administrator will contact you about the settlement at the postal address above.**

**[2]  Please provide your Vehicle Identification Number ("VIN").** The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield. It also appears on your vehicle registration card and probably appears on your vehicle insurance card. Your VIN should have 17 characters, a combination of both letters and numbers.

VIN:

**[3]  Please provide your vehicle's estimated mileage.**

Mileage:

**[4]  Indicate the nature of the reimbursement(s) you are claiming and the amount of the reimbursement you are requesting, and enclose the required documents.  Note: More than one type of reimbursement may apply to you.**

☐  **I AM REQUESTING REIMBURSEMENT FOR THE REPAIR, REPLACEMENT, DIAGNOSIS, OR INSPECTION PURSUANT TO A NHTSA RECALL OR OTHERWISE ARISING FROM AN ELECTRICAL SHORT CIRCUIT IN THE ABS MODULE AND/OR FAILURE OF THE ABS MODULE THAT MAY RESULT IN AN ENGINE COMPARTMENT FIRE.**

*For more information, please view the Class Notice or visit www.[settlementwebsite].com*

Exhibit A – Template Claim Form

Claims can be submitted at www.[settlementwebsite].com

Please provide the total amount of the costs you incurred for the repair, replacement, diagnosis, or inspection:  $ ☐☐☐☐ . ☐☐

**Documentation**: Enclose your receipt(s) or document(s) showing all of the below:

- The nature of the repair, replacement, diagnosis, or inspection
- Date of service and payment
- Amount paid

☐ **I AM REQUESTING REIMBURSEMENT FOR RENTAL CAR/TOWING/OTHER COSTS INCURRED RELATING TO A NHTSA RECALL OR OTHERWISE ARISING FROM AN ELECTRICAL SHORT CIRCUIT IN THE ABS MODULE AND/OR FAILURE OF THE ABS MODULE THAT MAY RESULT IN AN ENGINE COMPARTMENT FIRE.**

Please provide the total amount of the costs you incurred for rental car, towing, and/or other costs for which you are requesting reimbursement:  $ ☐☐☐☐ . ☐☐

**Documentation**: Enclose your receipt(s) or document(s) showing all of the below:

- What was purchased (e.g., a rental car or towing service)
- Date of purchase
- Amount paid
- The date and nature of the corresponding repair

☐ **I AM REQUESTING REIMBURSEMENT FOR A CLASS VEHICLE THAT EXPERIENCED AN ENGINE COMPARTMENT FIRE ARISING FROM AN ELECTRICAL SHORT CIRCUIT IN THE ABS MODULE AND/OR FAILURE OF THE ABS MODULE.**

Date of the fire:  ☐☐ / ☐☐ / ☐☐☐☐

If you received any compensation for your vehicle from [Hyundai/ Kia] after the engine compartment fire, please provide the total amount you received:  $ ☐☐☐☐ . ☐☐

- If you check this box, [Hyundai/Kia] will contact you about your request for compensation.
- If you qualify, you are eligible for payment by [Hyundai/Kia] of the maximum Kelly Blue Book value (i.e. private party/very good) of your vehicle at the time of loss or the residual value of any lease on your vehicle, minus any proceeds or actual value received.

*For more information, please view the Class Notice or visit www.[settlementwebsite].com*

Exhibit A – Template Claim Form

- In addition to reimbursement for the vehicle, you are eligible to receive an additional $140 goodwill payment.
- If you have documents that you believe support your request for compensation, such as the repair facility diagnosis and paperwork showing what you received for your vehicle (if anything), providing those documents with this claim form may assist in the processing of your claim.

**[5]  Please indicate your preferred form of reimbursement payment:**

☐  I request payment by check.

☐  I request payment by debit card.

☐  [If available, I request an electronic payment.]

**[6]  Sign and Date:** The information on this form is true and correct to the best of my knowledge. I agree to participate in the settlement. I authorize any dealership that serviced my vehicle to release records to [Hyundai/Kia] to help pay my claim. To the extent I am seeking a reimbursement for which I do not have a receipt or other documentation for the corresponding expense, I attest under penalty of perjury that I paid for the repair in cash and I do not have a receipt or documentation for the payment.

Signature: _____     Date: _____

**[7]  Submit:** Email the completed form and the documentation to [email address] or mail it to [mailing address].

# EXHIBIT B

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

A Class Action Settlement has been proposed in a case alleging that certain Hyundai vehicles were sold and leased with a defect in their Anti-Lock Brake System ("ABS") control modules that can result in engine compartment fires and the loss of ABS functionality. **The purpose of this notice is to inform you of the class action and the proposed settlement so that you may decide what to do.**

**Who's Included? Hyundai's records indicate you may be a Class Member.** You are a Settlement Class member if you owned or leased one of the vehicle models listed below in the United States, including those purchased while you were abroad on active U.S. military duty: **2014-2021 Hyundai Tucson**, **2007, 2016-2018 Hyundai Santa Fe**, **2013-2015, 2017-2018 Hyundai Santa Fe Sport**, **2019 Hyundai Santa Fe XL**, **2006-2011 Hyundai Azera**, **2017-2020 Genesis G80**, **2019-2021 Genesis G70**, **2015-2016 Hyundai Genesis**, **2007-2010 Hyundai Elantra**, **2009-2011 Hyundai Elantra Touring**, **2006 Sonata**, or **2007-2008 Hyundai Entourage**.

**What are the Settlement Terms:** The Settlement, if approved, would extend the New Vehicle Limited Warranty as to ABS modules that have been repaired/replaced pursuant to an applicable NHTSA recall for a period of five (5) to seven (7) years, depending on whether the current warranty is expired, and provide a one-time ABS module inspection (subject to certain conditions). The Settlement, upon filing a valid Claim Form, also provides cash reimbursements for qualifying past out-of-pocket repair costs and repair-related expenses, such as rental cars and towing, and compensation for vehicles lost due to certain engine compartment fires caused by the ABS module defect. For further details about the Settlement, including relief, eligibility, and release of claims, you can review the Settlement Agreement at the website [website] or call [1-XXX-XXX-XXXX].

**How Can I Get Payment?** You must file a Claim Form. You can download a Claim Form at the Settlement Website, [website], or you can request a Claim Form by calling the Settlement Administrator at [1-XXX-XXX-XXXX]. You may submit a Claim Form by U.S. mail, email, or online via the Settlement Website. If you submit a Claim Form by U.S. mail, it must be postmarked by [date]. If you submit a Claim Form by email or online, then you must do so by 11:59 p.m. EST on [date].

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by [date]. If you do not exclude yourself, you will release any claims you may have against Hyundai and the Released parties and be eligible to receive certain settlement benefits, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by [date]. You cannot both exclude yourself from, and object to, the Settlement. The Long Form Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a hearing on [date] to consider whether to finally approve the Settlement and a request for attorneys' fees and costs of up to $12 million. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call [1-XXX-XXX-XXXX] or visit [website].

THIS NOTICE IS ONLY A SUMMARY. THE FULL NOTICE, CLAIM FORM, AND SETTLEMENT AGREEMENT ARE AVAILABLE AT [WEBSITE]

Exhibit B(2) – Kia Short Form Notice

Case Name
Settlement Administrator
P.O. Box XXXX
Portland, OR 97208-XXXX

**Current and former owners and lessees of certain 2006-2021 model year Kia vehicles may be entitled to a payment from a class action settlement.**

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1 >>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

Exhibit B(2) – Kia Short Form Notice

A Class Action Settlement has been proposed in a case alleging that certain Kia vehicles were sold and leased with a defect in their Anti-Lock Brake System ("ABS") control modules that can result in engine compartment fires and the loss of ABS functionality. **The purpose of this notice is to inform you of the class action and the proposed settlement so that you may decide what to do.**

**Who's Included? Kia's records indicate you may be a Class Member.** You are a Settlement Class member if you owned or leased one of the vehicle models listed below in the United States, including those purchased while you were abroad on active U.S. military duty: 2008-2009 and 2014-2021 Kia Sportage; 2007-2009 and 2014-2015 Kia Sorento; 2013-2015 Kia Optima; 2018-2021 Kia Stinger; 2006-2010 Kia Sedona; 2017-2019 Kia Cadenza; and 2016-2018 Kia K900.

**What are the Settlement Terms:** The Settlement, if approved, would extend the New Vehicle Limited Warranty as to ABS modules that have been repaired/replaced pursuant to an applicable NHTSA recall for a period of five (5) to seven (7) years, depending on whether the current warranty is expired, and provide a one- time ABS module inspection (subject to certain conditions). The Settlement, upon filing a valid Claim Form, also provides cash reimbursements for qualifying past out-of-pocket repair costs and repair-related expenses, such as rental cars and towing, and compensation for vehicles lost due to certain engine compartment fires caused by the ABS module defect. For further details about the Settlement, including relief, eligibility, and release of claims, you can review the Settlement Agreement at the website www._.com or call 1-XXX-XXX-XXXX.

**How Can I Get Payment?** You must file a Claim Form. You can download a Claim Form at the Settlement Website, www._____.com, or you can request a Claim Form by calling the Settlement Administrator at 1-XXX-XXX-XXXX. You may submit a Claim Form by U.S. mail, email, or online via the Settlement Website. If you submit a Claim Form by U.S. mail, it must be postmarked by DATE. If you submit a Claim Form by email or online, then you must do so by 11:59 p.m. EST on DATE.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by DATE. If you do not exclude yourself, you will release any claims you may have against Kia and the Released parties and be eligible to receive certain settlement benefits, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by DATE. You cannot both exclude yourself from, and object to, the Settlement. The Long Form Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a hearing on DATE to consider whether to finally approve the Settlement and a request for attorneys' fees and costs of up to $12 million. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. **For more information, call or visit the website below. You can also scan the QR-Code, which will direct you to Settlement Website for the full notice, Claim Form, and Settlement Agreement.**

**www.XXXXXXXXXXXXXXX.com • 1-XXX-XXX-XXXX**

# EXHIBIT C

Exhibit C – Long Form Notice

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# NOTICE OF PROPOSED CLASS SETTLEMENT

**If you bought or leased certain 2006-2021 model year Hyundai or Kia vehicles you may benefit from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Your rights are affected whether you act or don't act. Read this notice carefully.*

- The purpose of this Notice is to inform you of a proposed settlement of three class action lawsuits known as *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.), *Evans, et al. v. Hyundai Motor Company, et al.*, No. 8:22-cv-00300 (C.D. Cal.), and *Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824 (C.D. Cal.). You are receiving this Notice because Hyundai Motor Company ("HMC"), Hyundai Motor America ("HMA"), Kia Corporation ("KC"), and/or Kia America, Inc. ("KA") records indicate that you may be entitled to claim certain benefits offered by this Settlement.

- These lawsuits allege that certain Hyundai and Kia vehicles were manufactured, marketed, sold, and leased with a defect in their Anti-Lock Brake System ("ABS") control modules (also referred to as a Hydraulic Electronic Control Unit or "HECU") that can result in engine compartment fires and the loss of ABS functionality. None of HMC, HMA, KC, or KA have been found liable for any of the claims alleged in these lawsuits. The parties have instead reached a voluntary settlement in order to avoid a lengthy litigation. The individuals who owned or leased Class Vehicles are known as "Class Members." Settlement Class Members may be entitled to compensation if they submit valid and timely claims that are approved pursuant to the review process described in this Notice and approved by the Court.

- Under the proposed Settlement, and subject to proof, HMA and KA will provide financial and other benefits for certain ABS module related repairs and out-of-pocket expenses or, if warranted, vehicle replacement.

- The Settlement extends the relevant warranty for ABS modules that have been repaired or replaced pursuant to a NHTSA Recall for a period of five (5) to seven (7) years depending on whether the current warranty is expired. For Class Vehicles with an expired New Vehicle Limited Warranty HMA or KA will provide a five (5) year warranty from either the date of the Final Approval Order and Judgment or the date the Class Vehicle's ABS module was repaired or replaced pursuant to a NHTSA Recall if after the date of the Final Approval Order and Judgment, depending on when the parts necessary to repair the ABS module were available at Hyundai or Kia dealerships. For Class Vehicles with an unexpired

1

Exhibit C – Long Form Notice

New Vehicle Limited Warranty, HMA or KA will extend the warranty period to twelve (12) years from the date of original retail delivery or date of first use, whichever is later.

- The Settlement also provides a free one-time ABS module inspection, subject to certain conditions.

- The Settlement also provides cash reimbursements for qualifying past out-of-pocket repair costs and repair-related expenses, such as rental cars and towing.

- And, the Settlement provides guaranteed maximum value compensation and a $140 goodwill payment for vehicles lost due to certain engine compartment fires caused by the ABS module defect.

- To qualify you must have bought or leased a "Class Vehicle" in the United States (or while you were abroad on active U.S. military duty). The "Class Vehicles" include:

  o Hyundai Tucson vehicles (model years 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Hyundai Santa Fe vehicles (model years 2007, 2016, 2017, and 2018), Hyundai Santa Fe Sport vehicles (model years 2013, 2014, 2015, 2017, and 2018), Santa Fe XL vehicles (model year 2019), Hyundai Azera vehicles (model years 2006, 2007, 2008, 2009, 2010, and 2011), Genesis G80 vehicles (model years 2017, 2018, 2019, and 2020), Genesis G70 vehicles (model years 2019, 2020, and 2021), Hyundai Genesis vehicles (model years 2015 and 2016), Hyundai Elantra vehicles (model years 2007, 2008, 2009, and 2010), Hyundai Elantra Touring vehicles (model years 2009, 2010, and 2011), Hyundai Sonata vehicles (model year 2006), and Hyundai Entourage vehicles (model years 2007 and 2008), which were the subject of NHTSA Recalls[1]; and

  o Kia Sportage vehicles (model years 2008, 2009, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Kia Sorento vehicles (model years 2007, 2008, 2009, 2014, and 2015), Kia Optima vehicles (model years 2013, 2014, and 2015), Kia Stinger vehicles (model years 2018, 2019, 2020, and 2021), Kia Sedona vehicles (model years 2006, 2007, 2008, 2009, and 2010), Kia Cadenza vehicles (model years 2017, 2018, and 2019), and Kia K900 vehicles (model years 2016, 2017, and 2018), which were the subject of NHTSA Recalls.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to get a reimbursement. However, it is not necessary to submit a claim form to benefit from the warranty extension. The deadline to submit a claim is [date]. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever file |

---

[1] For purposes of this Settlement, "NHTSA Recalls" refer to NHTSA Recall Campaigns 16V815, 18V026, 20V061, 20V088, 20V518, 20V519, 20V520, 20V543, 21V160, 21V161, 21V303, 21V331, 21V137, 22V051, and 22V056.

Exhibit C – Long Form Notice

| | |
|---|---|
| | or be part of any other lawsuit against Hyundai or Kia about the legal claims in this case. The deadline to submit a request for exclusion is [date]. |
| **OBJECT** | To object to the Settlement, you must remain a member of the class—you cannot ask to be excluded. You may object to the Settlement by writing to the Court and indicating why you do not like the Settlement. The deadline to object is [date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no reimbursement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. The Court approval process may take some time, so please be patient.

- Please visit [website] for a copy of this notice in Spanish. Visite [sitio web] para obtener una copia de este aviso en español.

Exhibit C – Long Form Notice

## TABLE OF CONTENTS

BASIC INFORMATION ........................................................................................................... 5

    Why did I receive this notice package? ............................................................................ 5

    What are these lawsuits about? ........................................................................................ 5

    Why is this a class action? ................................................................................................ 5

    Why is there a settlement? ............................................................................................... 6

WHO IS IN THE SETTLEMENT? ........................................................................................ 6

    How do I know if I am part of the Settlement? ................................................................ 6

    Which vehicles are included? ........................................................................................... 7

    If I bought or leased a Class Vehicle that has not had problems, am I included? ...................... 7

    I am still not sure if I'm included. .................................................................................... 7

SETTLEMENT BENEFITS – WHAT YOU GET ................................................................ 8

    What does the Settlement provide? .................................................................................. 8

HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM ........................ 10

    How do I make a claim? ................................................................................................. 10

    When would I get my reimbursement? .......................................................................... 11

    What if my claim is found to be deficient? .................................................................... 11

    What am I giving up to stay in the Settlement Class? ................................................... 11

    How do I get out of the Settlement? .............................................................................. 12

    If I don't exclude myself, can I sue for the same thing later? ....................................... 13

    If I exclude myself, can I get the benefits of this Settlement? ...................................... 13

THE LAWYERS REPRESENTING YOU ......................................................................... 13

    Do I have a lawyer in this case? .................................................................................... 13

    How will the lawyers be paid and will the Class Representatives receive service payments? . 13

OBJECTING TO THE SETTLEMENT ............................................................................. 14

    How do I tell the Court if I do not like the Settlement? ................................................ 14

    What is the difference between objecting and excluding? ............................................ 15

THE COURT'S FAIRNESS HEARING ............................................................................ 15

    When and where will the Court decide whether to approve the Settlement? ............... 16

    Do I have to come to the Fairness Hearing? ................................................................. 16

    May I speak at the Fairness Hearing? ........................................................................... 16

IF YOU DO NOTHING ....................................................................................................... 17

What happens if I do nothing at all? ........................................................................ 17

GETTING MORE INFORMATION ......................................................................... 17

Are there more details about the Settlement? ........................................................ 17

How do I get more information? ............................................................................. 17

| BASIC INFORMATION |
|:---:|

**Why did I receive this notice package?**

According to public records and/or the records of HMA or KA, you bought or leased a Class Vehicle in the United States. This may also include a Class Vehicle you purchased while abroad on active U.S. military duty. The Court has ordered this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options in that lawsuit before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, HMA or KA will provide payments and other benefits agreed to in the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**You should read this entire notice.**

**What are these lawsuits about?**

The people who filed these lawsuits are called Plaintiffs, and the companies they sued, HMC, HMA, KC, and KA, are called Defendants. The Plaintiffs allege that the Class Vehicles suffer from a defect in their ABS modules that can result in engine compartment fires and the loss of ABS functionality. The Plaintiffs also allege that some owners and lessees have been improperly denied repairs under the vehicles' warranties. HMC, HMA, KC, and KA each deny the Plaintiffs' allegations.

**Why is this a class action?**

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Kimberly Elzinga, Theodore Maddox, Jr., Jacqueline Washington, Ramtin Zakikhani, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Brenda Evans, Anthony Vacchio, Minda Briaddy, Adam Pluskowski, Ricky Barber, Lucille Jacob, Carla Ward, Pepper Miller, and Cindy Brady), sue on behalf of people who have similar claims. All of these people and those similarly situated are a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the Settlement Class. The court in charge of the cases is the United States District Court for the Central District of California, and the cases are known as *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.), *Evans, et al. v. Hyundai Motor Company, et al.*, No. 8:22-cv-00300

(C.D. Cal.), and *Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824 (C.D. Cal.). District Judge Stanley Blumenfeld, Jr. is presiding over these class actions.

**Why is there a settlement?**

The Class Representatives and Defendants agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Settlement Class Members can receive payments and other benefits in exchange for releasing Defendants from liability. The Settlement does not mean that Defendants broke any laws and/or did anything wrong, and the Court did not decide which side was right.

The Class Representatives and Defendants entered into a Settlement Agreement that was preliminarily approved by the Court, which authorized the issuance of this Notice. The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of the Settlement Class Members.

This Notice summarizes the essential terms of the Settlement. The Settlement Agreement along with all exhibits and addenda sets forth in greater detail the rights and obligations of the parties and is available at [settlement website]. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.

| **WHO IS IN THE SETTLEMENT?** |
| :---: |

**How do I know if I am part of the Settlement?**

Judge Blumenfeld decided that, for the purposes of this proposed Settlement, everyone who fits the following description is covered by the Settlement: <u>All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, and including those that were purchased while the owner was abroad on active U.S. military duty.</u>

However, the Class excludes (a) all claims for death, personal injury, damage to property other than to the Class Vehicle itself, and subrogation; (b) HMA, HMC, KA, KC, and any affiliate, parent, or subsidiary of HMA, HMC, KA and KC; (c) any entity in which HMA, HMC, KA, or KC has a controlling interest; (d) any officer, director, or employee of HMA, HMC, KA, or KC; (e) any successor or assign of HMA, HMC, KA, or KC; (f) any judge to whom the lawsuits are assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Class Vehicles who, prior to the Notice Date,[2] released their claims in an individual settlement with HMA, HMC, KA, or KC with respect to the issues raised in the lawsuits; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS module (damage that does not amount to a total loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Class.

---

[2] "Notice Date" means [date].

Exhibit C – Long Form Notice

**Which vehicles are included?**

The "Class Vehicles," for the purposes of the description in section 5 above, are:

- o   Hyundai Tucson vehicles (model years 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Hyundai Santa Fe vehicles (model years 2007, 2017, and 2018), Hyundai Santa Fe Sport vehicles (model years 2013, 2014, 2015, 2017, and 2018), Santa Fe XL vehicles (model year 2019), Hyundai Azera vehicles (model years 2006, 2007, 2008, 2009, 2010, and 2011), Genesis G80 vehicles (model years 2017, 2018, 2019, and 2020), Genesis G70 vehicles (model years 2019, 2020, and 2021), Hyundai Genesis vehicles (model years 2015 and 2016), Hyundai Elantra vehicles (model years 2007, 2008, 2009, and 2010), Hyundai Elantra Touring vehicles (model years 2009, 2010, and 2011), Hyundai Sonata vehicles (model year 2006), and Hyundai Entourage vehicles (model years 2007 and 2008) which were the subject of NHTSA Recalls; and

- o   Kia Sportage vehicles (model years 2008, 2009, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Kia Sorento vehicles (model years 2007, 2008, 2009, 2014, and 2015), Kia Optima vehicles (model years 2013, 2014, and 2015), Kia Stinger vehicles (model years 2018, 2019, 2020, and 2021), Kia Sedona vehicles (model years 2006, 2007, 2008, 2009, and 2010), Kia Cadenza vehicles (model years 2017, 2018, and 2019), and Kia K900 vehicles (model years 2016, 2017, and 2018) which were the subject of NHTSA Recalls.

**If I bought or leased a Class Vehicle that has not had problems, am I included?**

Yes. You did <u>NOT</u> have to experience an engine compartment fire or ABS module failure to be included in this Settlement. If you still own or lease a Class Vehicle you will be eligible to take advantage of the Settlement's warranty extension as well as certain other benefits of the Settlement.

**I am still not sure if I'm included.**

If you are still not sure whether you are included, you can ask for free help. You can visit the Settlement Website at [settlement website]. You can also call [settlement admin hotline] and ask whether your vehicle is included in the Settlement. Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready. The VIN is located on a small placard on the top of the vehicle's dashboard and is visible through the driver's side corner of the windshield. It also appears on your vehicle registration card and may also appear on your vehicle insurance card. Your VIN should have 17 characters, a combination of both letters and numbers.

Exhibit C – Long Form Notice

## SETTLEMENT BENEFITS – WHAT YOU GET

**What does the Settlement provide?**

The Settlement provides the following benefits:

1. Warranty Extension

For Settlement Class Members whose Class Vehicles have a New Vehicle Limited Warranty that remains in effect as of the date ofthe Court's Preliminary Approval Order, HMA (for Hyundai Class Vehicles) and KA (for Kia Class Vehicles) shall extend the warranty for Class Vehicles' ABS modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for twelve (12) years from the date of original retail delivery or date of first use, whichever is later.

For Settlement Class Members whose Class Vehicles have an expired New Vehicle Limited Warranty as of the date of the Court's Preliminary Approval Order, HMA (for Hyundai Class Vehicles) and KA (for Kia Class Vehicles) will provide a warranty for Class Vehicles' ABS modules that have been repaired or replaced pursuant to a NHTSA Recall to cover future Qualifying Repairs for five (5) years from the date of the Final Approval Order and Judgment.

If HMA and/or KA are unable to repair or replace a Class Vehicle's ABS module pursuant to a NHTSA Recall due to the unavailability of necessary components, HMA or KA will provide a warranty for the Class Vehicle's ABS module to cover future Qualifying Repairs for five (5) years from the date the NHTSA Recall repair or replacement is complete; provided, however, that the Settlement Class Member must attest in writing that they attempted to get an appointment for the recall repair at an authorized Hyundai or Kia dealer but could not due to parts unavailability.

The extended warranties described above cover all costs related to a Qualifying Repair. Settlement Class Members are suggested to retain all vehicle maintenance records, and may be required to provide records for vehicle maintenance performed to receive warranty repairs.

You do NOT need to submit a Claim Form to receive this warranty extension for the ABS modules under this Settlement.

The warranty extension may be denied for "Exceptional Neglect" of the vehicle, which means: (a) when the vehicle clearly evidences a lack of maintenance or care, such that the vehicle appears dilapidated, abandoned, and/or beyond repair as a result of gross failure to service and/or maintain the vehicle; (b) failure of a Settlement Class Member to present a Class Vehicle to an authorized Kia dealer (for Kia Class Vehicles) or an authorized Hyundai dealer (for Hyundai Class Vehicles) to have the ABS module in their Class Vehicle inspected within ninety (90) days of the Class Vehicle's ABS or ESC dashboard warning lights becoming illuminated; or (c) failure of a Settlement Class Member to present a Class Vehicle to an authorized Kia dealer (for Kia Class Vehicles) or an authorized Hyundai dealer (for Hyundai Class Vehicles) to have the ABS module in their Class Vehicle inspected, repaired, and/or replaced pursuant to an applicable NHTSA Recall

within ninety (90) days of: (i) the Notice Date, (ii) the mailing of the recall campaign notice, or (iii) the availability of the parts necessary to repair the Class Vehicle's ABS module pursuant to the recall at the nearest authorized Kia dealer (for Kia Class Vehicles) or authorized Hyundai dealer (for Hyundai Class Vehicles), whichever is later.

2.   Free One-Time Inspection

If a Settlement Class Member brings their Class Vehicle into an authorized Hyundai dealership (for Hyundai Class Vehicles) or an authorized Kia Dealership (for Kia Class Vehicles) for another unrelated service, the Settlement Class Member may request a free, one-time inspection of the Class Vehicle's ABS module, to the extent the Class Vehicle's ABS module was previously repaired or replaced pursuant to a NHTSA Recall, to ensure the repaired or replaced ABS Module is not affected by the Qualifying Defect.

3.   Reimbursement for Past Repairs

You may be entitled to reimbursement of money you spent on certain Class Vehicle repairs.

**(a) DATE OF REPAIRS**

- Any Qualifying Repairs completed prior to the date that the Settlement was signed or within 60 days of the date of the Final Approval Order and Judgment.

**(b) TYPES OF "QUALIFYING REPAIRS"**

- Any type of repair, replacement, diagnosis, or inspection, including a repair pursuant to a NHTSA Recall, of a Class Vehicle arising from the Qualifying Defect, but excluding Exceptional Neglect (as defined above).

- A "Qualifying Defect" is an electrical short circuit in the ABS Module and/or failure of the ABS Module that may result in an engine compartment fire.

**(c) GOODWILL PAYMENT FOR NON-COLLISION FIRES**

- Any Class Member whose Class Vehicle experienced a non-collision fire caused by the Qualifying Defect that would have otherwise been addressed by a Qualifying Repair (with the fire having occurred prior to ninety (90) days following availability of the recall for the Class Vehicle or the date of the Final Approval Order and Judgment, whichever is later, or following repair or replacement of the ABS module pursuant to a NHTSA Recall) will also receive a goodwill payment of $140 from HMA (for Hyundai Class Vehicles) or KA (for Kia Class Vehicles).

**(d) MAKE A TIMELY CLAIM**

- See below for how to make your claim using the Claim Form.

9

Exhibit C – Long Form Notice

\* \* \*

Repair reimbursements shall be provided to Settlement Class Members even if warranty coverage was initially denied for the Qualifying Repair on the grounds that it was necessitated by a failure to properly service or maintain the vehicle; provided, however, that the Qualifying Repair was not necessitated by Exceptional Neglect.

4. Reimbursement for Rental Cars, Towing, Etc.

You may be entitled to reimbursement for money you spent on rental cars, towing services, and similar out-of-pocket expenses, based on the following requirements:

- The expense was reasonably related to obtaining a Qualifying Repair; and
- You make a timely claim using the Claim Form. (See below for how to do so.)

5. Compensation for Vehicle Loss Due to Engine Compartment Fire

If prior to ninety (90) days following the availability of a recall remedy for your Class Vehicle or the date of the Final Approval Order and Judgment, whichever is later, or following a repair or replacement of your Class Vehicle's ABS module pursuant to a NHTSA Recall you suffered a loss of your Class Vehicle due to a fire caused by the Qualifying Defect, you may be entitled to receive compensation for the value of the vehicle, and an additional $140 goodwill payment.

The amount of compensation will be based on the maximum Kelly Blue Book value of the vehicle (i.e. private party/very good) at the time of loss or the residual value of any leave on the vehicle, minus any proceeds or actual value received, subject to verification. You must submit a claim demonstrating the fire was caused by the Qualifying Defect. The vehicle's maintenance history or lack thereof before the repair diagnosis will not be a basis for denying or limiting compensation under this section (excepting Exceptional Neglect).

To be considered for compensation, submit a claim using the Claim Form. Instructions are provided below. After you submit your claim, you will be contacted by the Settlement Administrator and advised of the process for evaluation of your claim and proposed compensation. If you are unsatisfied with the proposal, you can elect telephone arbitration through the Better Business Bureau ("BBB").

| **HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM** |
| --- |

**How do I make a claim?**

- Fill out the Claim Form (paper or online), and
- Include the documentation specified on the Claim Form, and
- Submit the Claim Form online, by mail, or by email to the address listed on the Claim Form, and

10

- For repair reimbursements, submit the Claim Form  by seventy (70) days after the date of the Final Approval Order and Judgment.
- For out-of-pocket expense reimbursements, submit the Claim Form by the later of (a) sixty (60) days after the date of the Final Approval Order and Judgment, or (b) the date on with the expense is incurred.

Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not be eligible to receive any reimbursement. Sending in a Claim Form late will be the same as doing nothing.

**When would I get my reimbursement?**

In general, valid claims will be paid as they are approved after the Effective Date. The Effective Date for the Settlement will be the date of the Court's Order giving final approval to the Settlement if there are no objections or appeals. If there are objections or appeals, the date will be later. When the date becomes known it will be posted at [settlement website].

The Hon. Stanley Blumenfeld, Jr., U.S. District Court Judge, will hold a Fairness Hearing on [date] at the U.S. District Court for the Central District of California, Los Angeles Courthouse, 350 West 1st Street, Los Angeles, California 90012 to decide whether to approve the Settlement. (The hearing may be rescheduled without further notice. To obtain updated scheduling information, visit [settlement website].) If the Court approves the Settlement, there may be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

You may continue to check on the progress of the Settlement by visiting the website [settlement website] or calling [settlement admin hotline]. **Payments under the Settlement will begin once the Settlement has been finally approved by the Court and any appeals from that decision are completed.**

**What if my claim is found to be deficient?**

If a claim is found to be deficient and is rejected during the review process by the Settlement Administrator, the Settlement Class Member will be notified of the deficiency. The Settlement Class Member will then have an opportunity to remedy the deficiency within thirty (30) days of the notice.

**What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class in writing as described below, you will be treated as part of the Settlement Class. That means that you can't sue, continue to sue, or be part of any other lawsuit against HMA, HMC, KC, KA, or other related entities or individuals (listed in the Settlement Agreement, which you can view at [settlement website]) about the legal issues

in *these* lawsuits if the Settlement is approved. It also means that all of the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for: (i) personal injury; (ii) damage to property other than to a Class Vehicle; or (iii) any and all claims that relate to something other than a Class Vehicle and the alleged defect here.

If you have any questions about the scope of the legal claims you give up by staying the Settlement Class, you may view Section VI of the Settlement Agreement (available at [settlement website]) or you can contact the following Class Counsel for free or speak with your own lawyer at your own expense:

| | |
|---|---|
| Elizabeth A. Fegan<br>Fegan Scott LLC<br>150 S. Wacker Dr.,<br>24th Floor<br>Chicago, IL 60606 | Steve Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101 |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the benefits provided in this Settlement, and you want to keep the right to sue or continue to sue HMA, HMC, KC, KA, or other related entities or individuals, on your own, about the legal issues in these lawsuits, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

**How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail or email saying that you want to "opt-out of" or "be excluded from" the Settlement Class. Be sure to include (i) your full name and current address, (ii) the model year, approximate date(s) of purchase or lease, and Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and (iii) specifically and clearly state your desire to be excluded from the Settlement and from the Class. You must mail your exclusion request postmarked no later than [date] to:

| |
|---|
| **Settlement Administrator** |
| **[Settlement Admin Contact]** |

You can't exclude yourself on the phone, or on any website. Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you cannot receive any benefits under this Settlement, and you cannot object to the Settlement. If you choose to be excluded or opt out, you will be excluded for all claims you have that are included in the Settlement. You will not be legally bound by anything that happens in these lawsuits. Depending on the laws in your state, you may be able to sue (or continue to sue) HMA, HMC, KC, KA, or other related entities or individuals in the future about the legal issues in this case.

### If I don't exclude myself, can I sue for the same thing later?

No. Unless you exclude yourself (opting out), you give up the right to sue HMA, HMC, KC, KA, and other related entities or individuals for the claims that this Settlement resolves.

If you have a pending lawsuit against HMA, HMC, KC, KA, or the related entities listed in the prior paragraph, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit if it concerns the same legal issues in this case. Remember, the exclusion deadline is [date].

If you are a Settlement Class Member and you do nothing, you will remain a Settlement Class Member and all of the Court's orders will apply to you. You will be eligible for the Settlement benefits described above as long as you satisfy the conditions for receiving each benefit, and you will not be able to sue Defendants over the issues in this lawsuit.

### If I exclude myself, can I get the benefits of this Settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for any reimbursement and do not seek repairs under the Settlement's warranty extension. However, you may sue, continue to sue, or be part of a different lawsuit against HMA, HMC, KC, KA, and other related entities or individuals for the claims that this Settlement resolves.

## THE LAWYERS REPRESENTING YOU

### Do I have a lawyer in this case?

The Court has appointed Elizabeth A. Fegan of Fegan Scott LLC and Steve W. Berman of Hagens Berman Sobol Shapiro LLP to represent you and other Settlement Class Members. Together these lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own cost.

### How will the lawyers be paid and will the Class Representatives receive service payments?

At a later date, Class Counsel will ask the Court for attorneys' fees, expenses, and service payments to each of the named Class Representatives (Kimberly Elzinga, Theodore Maddox, Jr., Jacqueline Washington, Ramtin Zakikhani, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Brenda Evans, Anthony Vacchio, Minda Briaddy, Adam Pluskowski, Ricky Barber, Lucille Jacob, Carla Ward, Pepper Miller, and Cindy Brady). It will be up to the Court to decide whether Defendants will be ordered to pay any of those fees, expenses, and service

payments. The Court may award less than the amounts requested by Class Counsel. Defendants will separately pay the fees, expenses, and service payments that the Court awards. These amounts will not come out of the funds for payments to Settlement Class Members. You may continue to check on the progress of Class Counsel's request for attorneys' fees, expense, and service awards by visiting the website [settlement website].

Defendants will also separately pay the costs to administer the Settlement. The payment of settlement administration costs will not come out of the funds for payments to Settlement Class Members.

| OBJECTING TO THE SETTLEMENT |
|:---:|

You can tell the Court that you don't agree with the Settlement or some part of it.

**How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must mail a letter saying that you object to the addresses below:

| Defense Counsel | Settlement Administrator | Class Counsel | Court |
|---|---|---|---|
| Lance A. Etcheverry Skadden, Arps, Slate, Meagher & Flom LLP 525 University Avenue, Suite 1400 Palo Alto, CA 94301 | [contact info] | Elizabeth A. Fegan Fegan Scott LLC 150 S. Wacker Dr., 24th Floor Chicago, IL 60606  -and-  Steve W. Berman Hagens Berman Sobol Shapiro LLP 1301 Second Avenue Suite 2000 Seattle, WA 98101 | First Street U.S. Courthouse Clerk of Court 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565 |

Your objection letter must include:

1)    The name and title of the lawsuit, *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.);

2)    A detailed written statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;

Exhibit C – Long Form Notice

3)    Your full name, current address, and current telephone number;

4)    The model year and VIN of your Class Vehicle;

5)    A statement whether you or your lawyer will ask to appear at the Fairness Hearing to talk about your objections;

6)    Any supporting papers, materials, exhibits, or briefs that you want the Court to consider when reviewing the objection;

7)    The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection;

8)    The number of times you, your counsel (if any), or your counsel's law firm (if any) have objected to a class action settlement within the five (5) years preceding the date that you file the objection and the caption of each case in which such objection was made;

9)    A statement disclosing any consideration that you, your counsel (if any), or your counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five (5) years preceding the date that you file the objection; and

10)   Your signature and that of your attorney, if you have one.

Submitting an objection allows Class Counsel or counsel for Defendants to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection. Failure to make yourself available for such a deposition or to comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard. The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

Objections must be sent by first class mail to each of the above addresses and postmarked no later than [date]. Objections submitted after this date will not be considered.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the Fairness Hearing.

**What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

| THE COURT'S FAIRNESS HEARING |
|---|

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

Exhibit C – Long Form Notice

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [time] on [date] at the U.S. District Court for the Central District of California, First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel and whether to approve the Class Representatives' service awards. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you, so it is recommended that you periodically check [settlement website] for updated information.

**Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions Judge Blumenfeld may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also attend or pay your own lawyer to attend, but it's not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**May I speak at the Fairness Hearing?**

You may ask the Court's permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Zakikhani, et al. v. Hyundai Motor Company, et al.*, No. 8:20-cv-01584 (C.D. Cal.), *Evans, et al. v. Hyundai Motor Company, et al.*, No. 8:22-cv-00300 (C.D. Cal.), and *Pluskowski, et al. v. Hyundai Motor America, et al.*, No. 8:22-cv-00824 (C.D. Cal.)" or state in your objections that you intend to appear at the hearing. Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you.

Your Notice of Intention to Appear must be postmarked no later than [date], and be sent to Class Counsel and counsel for Defendants, at the following addresses:

| Defense Counsel | Class Counsel |
|---|---|
| Lance A. Etcheverry | Elizabeth A. Fegan |
| Skadden, Arps, Slate, Meagher & Flom LLP | Fegan Scott LLC |
| 525 University Avenue, Suite 1400 | 150 S. Wacker Dr., |
| Palo Alto, CA 94301 | 24th Floor |
| | Chicago, IL 60606 |
| | -and- |
| | Steve W. Berman |
| | Hagens Berman Sobol Shapiro LLP |
| | 1301 Second Avenue |
| | Suite 2000 |

|  | Seattle, WA 98101 |
|---|---|

## IF YOU DO NOTHING

**What happens if I do nothing at all?**

If you do nothing, you'll get no reimbursements for past expenses related to the alleged ABS module defect from this Settlement, though you may be entitled to the benefits of the extended warranty (if you continue to own or lease your Class Vehicle and have had your vehicle repaired pursuant to a NHTSA Recall) and the right to a free one-time ABS module inspection. But, unless you exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against HMA, HMC, KC, KA, or other related entities or individuals about the legal issues in these lawsuits ever again. However, even if you take no action, you will keep your right to sue Defendants for any other claims not resolved by the Settlement.

## GETTING MORE INFORMATION

**Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement, which you can view at [settlement website].

Neither Defendants nor the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement. Consult your tax adviser for any tax questions you may have.

**How do I get more information?**

You can call [settlement admin hotline] toll free or visit [settlement website], where you will find information and documents about the Settlement, a Claim Form, plus other information. You may also contact Class Counsel listed above.

**Other than a request to review the Court's files at the Clerk of the Court's Office, please do not contact the Clerk of the Court or the Judge with questions.**

# EXHIBIT D

1

2

3

4

5

6

7

8

9

10

11

12

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

14

15

16

17

18

RAMTIN ZAKIKHANI, KIMBERLY
ELZINGA, THEODORE MADDOX JR.,
MICHAEL SUMMA, JACQUELINE
WASHINGTON, PATTI TALLEY, ANA
OLACIREGUI, ELAINE PEACOCK,
MELODY IRISH, and DONNA
TINSLEY, individually and on behalf of
all others similarly situated,

19

20

                    Plaintiffs,

21

             v.

22

23

24

HYUNDAI MOTOR COMPANY,
HYUNDAI MOTOR AMERICA, KIA
CORPORATION, and KIA AMERICA,
INC.,

25

26

                    Defendants.

27

28

BRENDA EVANS, KERICHA
KENNEDY, MINDA BRIADDY, and

Case No.:   8:20-cv-01584-SB-JDE

**[PROPOSED] ORDER GRANTING**
**PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

Date: September 16, 2022
Time: 8:30 a.m.
Courtroom: 6A
Judge: Hon. Stanley Blumenfeld Jr.
Mag. Judge: Hon. John D. Early

i

| | |
|---|---|
| ANTHONY VACCHIO, individually and on behalf of all others similarly situated, | Case No.:   8:22-cv-00300-SB-JDE |
| Plaintiffs, | |
| v. | |
| HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR AMERICA, KIA CORPORATION, and KIA AMERICA, INC., | |
| Defendants. | |
| ADAM PLUSKOWSKI, RICKY BARBER, LUCILLE JACOB, CARLA WARD, PEPPER MILLER, and CINDY BRADY, individually and on behalf of all others similarly situated | Case No.: 8:22-cv-00824-SB-JDE |
| Plaintiffs, | |
| v. | |
| HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR COMPANY, KIA AMERICA, INC., and KIA CORPORATION, | |
| Defendants. | |

WHEREAS, this matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, under Federal Rule of Civil Procedure 23(e), with Plaintiffs having submitted the Parties' Settlement Agreement and its exhibits, supporting Declarations, and other submissions;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Court has read and considered Plaintiffs' Motion, and finds that there is a sufficient basis for granting preliminary approval of the Settlement, authorizing dissemination of notice, and authorizing the steps needed to determine whether the Settlement should be finally approved and the Litigation dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.    Preliminary findings. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement. Based on this evaluation, the Court finds that (a) the Settlement falls within the range of reasonableness meriting further proceedings; (b) the Settlement has been negotiated in good faith and at arm's length between experienced attorneys familiar with the legal and factual issues of this case and with the assistance of the Hon. Edward A. Infante (Ret.), a well-respected and experienced private mediator; and (c) dissemination of the notice of the material terms of the Settlement to Settlement Class Members is warranted. The Court therefore grants preliminary approval of the Settlement.

2.    Provisional Certification of Hyundai Settlement Class. Pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Hyundai Settlement Class:

**HYUNDAI CLASS**
All owners and lessees of a Hyundai Class Vehicle who purchased or leased the Hyundai Class Vehicle in the United States and including those purchased while the owner was abroad on active U.S. military duty.

"Hyundai Class Vehicles" refers to Hyundai Tucson vehicles (model years 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Hyundai Santa Fe vehicles (model years 2007, 2016, 2017, and 2018), Hyundai Santa Fe Sport vehicles (model years 2013, 2014, 2015, 2017, and 2018), Santa Fe XL vehicles (model year 2019), Hyundai Azera vehicles (model years 2006, 2007, 2008, 2009, 2010, and 2011), Genesis G80 vehicles (model years 2017, 2018, 2019, and 2020), Genesis G70 vehicles (model years 2019, 2020, and 2021), Hyundai Genesis vehicles (model years 2015 and 2016), Hyundai Elantra vehicles (model years 2007, 2008, 2009, and 2010), Hyundai Elantra Touring vehicles (model years 2009, 2010, and 2011), Hyundai Sonata vehicles (model year 2006), and Hyundai Entourage vehicles (model years 2007 and 2008), which were the subject of NHTSA Recalls.

Excluded from the Hyundai Class are (a) all claims for death, personal injury, damage to property other than to the Hyundai Class Vehicle itself, and subrogation; (b) HMA, HMC, and any affiliate, parent, or subsidiary of HMA or HMC; (c) any entity in which HMA or HMC has a controlling interest; (d) any officer, director, or employee of HMA or HMC; (e) any successor or assign of HMA or HMC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Hyundai Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard

vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Hyundai Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with HMA or HMC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a total loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Hyundai Class.

In connection with provisional class certification of the Hyundai Settlement Class, the Court finds as follows for settlement purposes only: the Hyundai Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the Hyundai Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class Members Plaintiffs seek to represent; Plaintiffs are capable of fairly and adequately protecting the interests of all members of the Hyundai Settlement Class; and common questions of law and fact predominate over questions affecting only individual persons in the Hyundai Settlement Class. Accordingly, the Hyundai Settlement Class appears to be sufficiently cohesive to warrant settlement by representation and certification of the Hyundai Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Hyundai Settlement Class.

3.      <u>Provisional Certification of Kia Settlement Class</u>. Pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure and for purposes of settlement only, the Court hereby provisionally certifies this action as a class action on behalf of the following Kia Settlement Class:

**KIA CLASS**
All owners or lessees of a Kia Class Vehicle who purchased
or leased the Kia Class Vehicle in the United States,

including those purchased while the owner was abroad on active U.S. military duty.

"Kia Class Vehicles" refers to Kia Sportage vehicles (model years 2008, 2009, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Kia Sorento vehicles (model years 2007, 2008, 2009, 2014, and 2015), Kia Optima vehicles (model years 2013, 2014, and 2015), Kia Stinger vehicles (model years 2018, 2019, 2020, and 2021), Kia Sedona vehicles (model years 2006, 2007, 2008, 2009, and 2010), Kia Cadenza vehicles (model years 2017, 2018, and 2019), and Kia K900 vehicles (model years 2016, 2017, and 2018), which were the subject of NHTSA Recalls.

Excluded from the Kia Settlement Class are (a) all claims for death, personal injury, damage to property other than to the Kia Class Vehicle itself, and subrogation; (b) KA, KC, and any affiliate, parent, or subsidiary of KA or KC; (c) any entity in which KA or KC has a controlling interest; (d) any officer, director, or employee of KA or KC; (e) any successor or assign of KA or KC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Kia Class Vehicles that, prior to the time of purchase, were deemed a total loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Kia Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with KA or KC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a total loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Kia Class.

In connection with provisional class certification of the Kia Settlement Class, the Court finds as follows for settlement purposes only: the Kia Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the Kia Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class Members Plaintiffs seek to represent; Plaintiffs are capable of fairly and adequately protecting the interests of all members of the Kia Settlement Class; and common questions of law and fact predominate over questions affecting only individual persons in the Kia Settlement Class. Accordingly, the Kia Settlement Class appears to be sufficiently cohesive to warrant settlement by representation and certification of the Kia Settlement Class appears to be superior to other available means for the fair and efficient settlement of the claims of the Kia Settlement Class.

4.     Appointment of Class Representatives. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that, for purposes of the Settlement, the Class Representatives are members of the Settlement Class and that, for Settlement purposes only, they will adequately represent the interests of the Settlement Class Members. The Court hereby appoints Plaintiffs [*] as Class Representatives of the Hyundai Settlement Class and Plaintiffs [*] as Class Representatives of the Kia Settlement Class.

5.     Appointment of Class Counsel. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure and having reviewed the submissions of Plaintiffs' Counsel and the work performed by Plaintiffs' Counsel thus far in the Litigation, the Court finds that Elizabeth A. Fegan and Steve W. Berman will fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court hereby appoints Elizabeth A. Fegan and Steve W. Berman as Class Counsel

for the Settlement Class.

6.  <u>Deadline for Motion for Final Approval and Applications for Attorneys'
Fees and Service Awards</u>. Class Counsel shall file papers in support of final approval
of the Settlement, together with applications for attorneys' fees and service awards by
no later than **[DATE]**. Defendants may, but are not required to, file papers in support
of final approval of the Settlement, so long as they do so no later than **[SAME DATE].**

7.  <u>Objection and Opt-Out Deadline</u>. Settlement Class Members who wish to
object to or opt out of the Settlement by submitting a written objection or a written
request for exclusion must do so by **[DATE]** (the "Opt-Out and Objection Deadline")**.**
Settlement Class Members may <u>not</u> both object and request exclusion. If a Settlement
Class Member submits both a written objection and a request for exclusion, the request
for exclusion will control.

8.  <u>Objections</u>. Any Settlement Class Member who intends to object to any
aspect of the Settlement, including a request for attorneys' fees and expenses to Class
Counsel, or service awards to the Class Representatives, must file a written statement
of the objection(s) with the Court no later than the Opt-Out and Objection Deadline.
The written statement must include: (i) the name of the Litigation and a description of
the objection(s), including any evidence and applicable legal authority and any
supporting evidence the objector wishes to introduce; (ii) the objector's full name,
address, email address, telephone number, the Settlement Class to which the objector
belongs, and the manufacturer, model name, and model year of the Class Vehicle
owned or leased by the objector; (iii) whether the objection applies only to the objector
or to the entire Settlement Class; (iv) the identity of all counsel who represent the
objector, including former or current counsel who may be entitled to compensation

for any reason related to the objection, along with a statement of the number of times in which the objector or the objector's counsel has objected to a class action settlement within five years preceding the submission of the objection, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection; (v) all agreements that relate to the objection or the process of objecting, between the objector or objector's counsel and any other person or entity; (vi) the objector (and the objector's attorney's) signature on the written objection; and (vii) a declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

Objection papers must be filed electronically with the Court or filed by delivery to:

Clerk
United States District Court for the
Central District of California
First Street Courthouse
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

The Clerk shall add to the electronic docket for this Litigation any such objections filed by delivery and not filed electronically.

Such papers must also be served by mail on Class Counsel, counsel for Defendants, and the Settlement Administrator listed below:

ON BEHALF OF CLASS COUNSEL:

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Steve W. Berman

Hagens Berman Sobol Shapiro LLP
1301 2nd Avenue Suite 2000
Seattle, WA 98101

ON BEHALF OF DEFENDANTS:

Lance A. Etcheverry
Michael C. Minahan
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301

John Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, D.C. 20005

SETTLEMENT ADMINISTRATOR:

[*]

9.   <u>Requests for Exclusion ("Opt-Outs")</u>. Any Settlement Class Member who does not wish to participate in the Settlement must submit a request for exclusion to the Settlement Administrator stating his or her intention to be excluded from the Settlement. For a request for exclusion to be valid, it must set forth: (i) the name of the Litigation; (ii) the Settlement Class Member's full name, address, email address and telephone number; (iii) the make, model, model year, and VIN of their Class Vehicle and the approximate date(s) of purchase or lease; (iv) a specific statement of their intention to be excluded from the Settlement; (v) the identity of the Settlement Class (i.e. Hyundai or Kia) from which the Settlement Class Member desires to be excluded; (vi) the identity of the Settlement Class Member's counsel, if represented; and (vii) the Settlement Class Member's authorized representative's signature and the

date on which the request was signed. No mass opt-outs or requests for exclusion shall be accepted.

10. Except for those members of the Settlement Class who timely and properly submit a request for exclusion, all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they submit a claim or receive any monetary relief from the Settlement.

11. Any member of the Settlement Class who does not submit a timely, written request for exclusion will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

12. <u>Response to Objections</u>. Class Counsel's response to any objections shall be filed within fourteen (14) days after the Opt-Out and Objection Deadline.

13. <u>The Fairness Hearing</u>. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing in person, telephonically, or by video **on [DATE] at [TIME],** to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; and to determine the fees that should be awarded to Class Counsel and the service awards that should be awarded to the Class Representatives. The Fairness Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the Parties or Settlement Class Members.

Exhibit D- Proposed Preliminary Approval and Class Certification Order

14. <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing by Settlement Class Members, including individuals objecting to the Settlement, is not necessary; however, any persons intending to appear and wishing to be heard are required to provide written notice of their intention to appear at the Fairness Hearing by no later than the Opt-Out and Objection Deadline. Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

15. <u>Settlement Administrator</u>. Pursuant to the Settlement Agreement and the submission of Defendants, [*] is hereby appointed as Settlement Administrator for the Kia Settlement Class and [*] is hereby appointed as Settlement Administrator for the Hyundai Settlement Class. Each shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

16. <u>Class Notices</u>. The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of [*] on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Rule 23 of the Federal Rules of Civil Procedure, and due process.

17. The Court directs the Settlement Administrator to establish Settlement website(s), which shall make available copies of this Order, Class Notices, the Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims

online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

18.   The Settlement Administrator is ordered to commence the Notice Plan within [*] days of the entry of this Order ("Notice Date"). The Notice Program shall be completed within [*] days of the Notice Date.

19.   The Settlement Administrator shall provide the Opt-Out List to Class Counsel and counsel for the Defendants by no later than ten (10) days after the Opt-Out and Objection Deadline.

20.   The Settlement Administrator shall provide Class Counsel an affidavit attesting to the completeness and accuracy of the Opt-Out List, which shall be filed by Class Counsel no later than fourteen (14) days prior to the Fairness Hearing.

21.   The Settlement Administrator shall notify the appropriate state and federal officials of the Settlement Agreement pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715 ("CAFA") on or before _____, 2022 (ten (10) days after filing of the Settlement Agreement with the Court). Within fifteen (15) days after the Notice Date, the Settlement Administrator shall provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA.

22.   <u>Stay Pending Final Approval</u>. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement are stayed.

23.   <u>Preliminary Injunction</u>. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the

Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Released Person, and Class Counsel as a result of the violation. This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

24. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.

25. <u>Use of Order</u>. This Order and any filings or proceedings associated with

this Order or the Settlement shall not be used by any Party as, or offered or received as evidence of, a presumption, concession, or an admission of liability or of the suitability of the Litigation or any part of it for class treatment in any litigation (including any arbitration or other adversarial process), hearing, or trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for therein solely as may be necessary to effectuate the Settlement Agreement.

26.   <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Class Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class.

27.   <u>Schedule of Future Events</u>. The following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[DATE]** | Placeholder date for Order granting preliminary approval (provided for the Court's ease in calculating dates) |
| **[DATE]** [10 days after filing the Settlement Agreement with the Court] | Deadline to serve Class Action Fairness Act notice required by 28 U.S.C. § 1715 |
| **[DATE]** [[*] days from the date of the Order granting preliminary approval] | Date for Commencement of Notice ("Notice Date") |

13

Exhibit D- Proposed Preliminary Approval and Class Certification Order

| **[DATE]**<br>[[*] days after Notice Date] | Deadline for Settlement Administrator to provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA |
|---|---|
| **[DATE]** | Deadline for Plaintiffs' Motion and Memorandum in Support of Final Approval, including responses to any objections |
| **[DATE]** | Deadline to file Motion for Attorneys' Fees and Service Award |
| **[DATE]**<br>[[*] days after the Notice Date] | Opt-Out and Objection Deadline |
| **[DATE]**<br>[[*] days after the Opt-Out and Objection Deadline | Deadline for Plaintiffs' response to any objections |
| **[DATE]**<br>[10 days after the Opt-Out and Objection Deadline] | Deadline for Settlement Administrator to provide the Opt-Out List to Class Counsel and counsel for Defendants |
| **[DATE]** | Claims Deadline |
| **[DATE]**<br>[7 days before the Fairness Hearing] | Deadline for Class Counsel to file Opt-Out List and proof of Class Notice |
| **[DATE]** | Fairness Hearing |

SO ORDERED this _____ day of _____, 2022.


_____
Hon. Stanley Blumenfeld, Jr.
United States District Judge

# EXHIBIT E

HYUNDAI AND KIA ABS MODULE LITIGATION
SETTLEMENT AGREEMENT

LIST OF RELATED ACTIONS

[Page Intentionally Left Blank]

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_Kim Elzinga_

_____
Kimberly Elzinga

Dates: ___08 / 11 / 2022___

_____
Donna Tinsley

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____

_____
Ramtin Zakikhani

Dates: _____

_____
Jacqueline Washington

Dates: _____

_____
Brenda Evans

Dates: _____

_____
Patti Talley

Dates: _____

_____
Anthony Vacchio

Dates: _____

_____
Ana Olaciregui

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Elaine Peacock

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Melody Irish

Dates: _____

_____
Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

Kimberly Elzinga

Dates: _____

Donna Tinsley

Dates: _____

Theodore Maddox, Jr.

Dates: _____

Ramtin Zakikhani

Dates: _____

Jacqueline Washington

Dates: _____

Brenda Evans

Dates: _____

*Patti L Talley*

Patti Talley

Dates: ___08 / 10 / 2022___

Anthony Vacchio

Dates: _____

Ana Olaciregui

Dates: _____

Minda Briaddy

Dates: _____

Elaine Peacock

Dates: _____

Adam Pluskowski

Dates: _____

Melody Irish

Dates: _____

Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Theodore Maddox, Jr.

Dates: 08 / 11 / 2022

_____
Jacqueline Washington

Dates: 08 / 10 / 2022

_____
Patti Talley

Dates: _____

_____
Ana Olaciregui

Dates: 08 / 11 / 2022

_____
Elaine Peacock

Dates: 08 / 11 / 2022

_____
Melody Irish

Dates: 08 / 10 / 2022

_____
Donna Tinsley

Dates: 08 / 10 / 2022

_____
Ramtin Zakikhani

Dates: 08 / 15 / 2022

_____
Brenda Evans

Dates: _____

_____
Anthony Vacchio

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Ricky Barber

Dates: _____

35

Doc ID: 32c281aef45fe1fcbe1648cfa3940b846b88b35f

Hyundai & Kia ABS Module Litigation Settlement

**<u>Representative Plaintiff Signatures</u>**

_____
Kimberly Elzinga

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____

_____
Jacqueline Washington

Dates: _____

_____
Patti Talley

Dates: _____

_____
Ana Olaciregui

Dates: _____

_____
Elaine Peacock

Dates: _____

_____
Melody Irish

Dates: _____

_____
Donna Tinsley

Dates: _____

_____
Ramtin Zakikhani

Dates: _____

*Brenda Evans*
_____
Brenda Evans

Dates: August 10, 2022

_____
Anthony Vacchio

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Ricky Barber

Dates: _____

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

_____
Kimberly Elzinga

Dates: _____

_____
Donna Tinsley

Dates: _____

_____
Theodore Maddox, Jr.

Dates: _____

_____
Ramtin Zakikhani

Dates: _____

_____
Jacqueline Washington

Dates: _____

_____
Brenda Evans

Dates: _____

_____
Patti Talley

Dates: _____

_____
Anthony Vacchio

Dates: ___8/10/2022_____

_____
Ana Olaciregui

Dates: _____

_____
Minda Briaddy

Dates: _____

_____
Elaine Peacock

Dates: _____

_____
Adam Pluskowski

Dates: _____

_____
Melody Irish

Dates: _____

_____
Ricky Barber

Dates: _____

Hyundai & Kia ABS Module Litigation Settlement

## Representative Plaintiff Signatures

Kimberly Elzinga

Dates: _____

Donna Tinsley

Dates: _____

Theodore Maddox, Jr.

Dates: _____

Ramtin Zakikhani

Dates: _____

Jacqueline Washington

Dates: _____

Brenda Evans

Dates: _____

Patti Talley

Dates: _____

Anthony Vacchio

Dates: _____

Ana Olaciregui

Dates: _____

*Minda Briaddy*
Minda Briaddy

Dates: 8/11/2022

Elaine Peacock

Dates: _____

Adam Pluskowski

Dates: _____

Melody Irish

Dates: _____

Ricky Barber

Dates: _____

35

Hyundai & Kia ABS Module Litigation Settlement

**<u>Representative Plaintiff Signatures</u>**

| | |
|---|---|
| _____<br>Kimberly Elzinga | _____<br>Donna Tinsley |
| Dates: _____ | Dates: _____ |
| | |
| _____<br>Theodore Maddox, Jr. | _____<br>Ramtin Zakikhani |
| Dates: _____ | Dates: _____ |
| | |
| _____<br>Jacqueline Washington | _____<br>Brenda Evans |
| Dates: _____ | Dates: _____ |
| | |
| _____<br>Patti Talley | _____<br>Anthony Vacchio |
| Dates: _____ | Dates: _____ |
| | |
| _____<br>Ana Olaciregui | _____<br>Minda Briaddy |
| Dates: _____ | Dates: _____ |
| | *Adam Pluskowski* |
| _____<br>Elaine Peacock | _____<br>Adam Pluskowski |
| Dates: _____ | Dates: 08 / 11 / 2022 |
| | |
| _____<br>Melody Irish | _____<br>Ricky Barber |
| Dates: _____ | Dates: _____ |

35

Hyundai & Kia ABS Module Litigation Settlement

## **Representative Plaintiff Signatures**

_____          _____
Kimberly Elzinga                       Donna Tinsley

Dates: _____          Dates: _____


_____          _____
Theodore Maddox, Jr.                   Ramtin Zakikhani

Dates: _____          Dates: _____


_____          _____
Jacqueline Washington                  Brenda Evans

Dates: _____          Dates: _____


_____          _____
Patti Talley                           Anthony Vacchio

Dates: _____          Dates: _____


_____          _____
Ana Olaciregui                         Minda Briaddy

Dates: _____          Dates: _____


_____          _____
Elaine Peacock                         Adam Pluskowski

Dates: _____          Dates: _____

                                                  _Ricky Barber_
_____          _____
Melody Irish                           Ricky Barber

Dates: _____          Dates: __08 / 11 / 2022_____

35

Hyundai & Kia ABS Module Litigation Settlement

*Lucille Jacob*

_____
Lucille Jacob

Dates: 08 / 12 / 2022
_____

_____
Carla Ward

Dates: _____

_____
Pepper Miller

Dates: _____

_____
Cindy Brady

Dates: _____

Document Ref: MCX8X-BXNAZ-RRKAK-9SNPS

Hyundai & Kia ABS Module Litigation Settlement

_____

Lucille Jacob

Dates: _____

_____

*Carla Ward*

_____

Carla Ward

Dates:  08 / 12 / 2022
_____

_____

Pepper Miller

Dates: _____

_____

Cindy Brady

Dates: _____

36

Hyundai & Kia ABS Module Litigation Settlement

_____

Lucille Jacob

Dates: _____


_____

Carla Ward

Dates: _____

*Pepper Miller*

_____

Pepper Miller

Dates: _____ 08 / 11 / 2022 _____


_____

Cindy Brady

Dates: _____

36

# EXHIBIT 2



## FIRM RESUME

FeganScott LLC is a nationwide class-action law firm dedicated to helping victims of consumer fraud, antitrust violations, toxic torts, sexual abuse, and discrimination and addressing community-driven legal needs. Established in 2019 and growing at a quick, but concerted, pace, the firm has offices in Chicago, New York, Pittsburgh, and Minneapolis.

Built on core values of justice, integrity, and excellence, FeganScott isn't simply another law firm. It's a passionate group of skilled lawyers who put clients first – fighting to impose accountability and enact global change. With the success of founder Elizabeth A. Fegan and experience of seasoned civil and commercial trial attorney Timothy A. Scott, the firm's legal industry veterans have recovered more than $1 billion for clients. More information regarding the firm and its current cases can be found at [www.feganscott.com](http://www.feganscott.com).

## ATTORNEY BIOGRAPHIES

## <u>Managing Members</u>

### Elizabeth A. Fegan (Chicago)



Founder and Managing Member Elizabeth Fegan fights for victims of sexual abuse, discrimination, consumer fraud, antitrust violations, toxic torts, and other offenses. In 25 years practicing law, Beth has recovered more than $1 billion for her clients nationwide.

Beth is on the vanguard in the legal battles surrounding sexual assault, abuse and harassment. In addition to working on the front lines of the #MeToo and #TimesUp movements, Beth has successfully led antitrust, consumer protection, and commercial class actions. Several examples follow:

> *In re Tiktok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.): Beth served as Co-Lead Counsel and achieved an historic $92 million settlement achieved in that case. The settlement was one of the largest ever achieved in a consumer privacy class action lawsuit.



*NCAA Student-Athlete Concussions* (N.D. Ill.): Beth prosecuted class claims against the NCAA for negligence due to lack of an enforceable concussion management protocol. Result: Settlement providing for the implementation of protocols that meet best practices, and the establishment of a $75 million, 50-year medical monitoring program for all current and former student-athletes.

*Multi-Year Grants-in-Aid (athletic scholarships)* (S.D. Ind.): In a series of antitrust class actions, Beth prosecuted antitrust claims against the NCAA based on the prohibition of multi-year grants-in-aid (GIAs) which, together with caps on the number of GIAs per team, worked to the detriment of student-athletes. Result: the NCAA lifted the ban on multi-year GIAs.

*USC Student Health Center Sexual Abuse* (C.D. Cal.)*:* In this Title IX and negligence action for sexual abuse by a university gynecologist of thousands of students, Beth was part of the lead counsel team for the nationwide class. The parties reached a $240 million settlement, which received final approval in 2020.

*Senior annuities consumer protection class actions*: In a series of class actions against insurance companies that sold equity-indexed deferred annuities that targeted, but were inappropriate for, senior citizens, Beth was appointed to lead counsel and executive committee positions. These cases led to numerous settlements, *e.g.*, American Equity Senior Annuities Fraud (C.D. Cal.) ($129 million settlement) and Midland Senior Annuities Fraud (C.D. Cal.) ($79.5 million settlement).

*Baby Products Antitrust* (E.D. Pa.): As co-lead counsel for a class of consumers overcharged for high-end baby products (e.g., strollers, highchairs) as the result of a price-fixing conspiracy between Babies 'R Us and baby product manufacturers, Beth and the team achieved a $35 million settlement after class certification was granted, summary judgment denied, and on the eve of trial.

*In re Stericycle, Inc., Sterisafe Contract Litig*. (N.D. Ill.): As local counsel and part of the lead counsel team, Beth prosecuted this breach of contract class action on behalf of customers whose subscription charges were increased without approval over time. The $295 million settlement received final approval in 2018.

*Pre-Filled Propane Tank Marketing and Sales Practices* (W.D. Mo.): As co-lead counsel for a class of consumers who purchased propane tanks for barbecues, Beth prosecuted this antitrust class action against the two dominant manufacturers who engaged in price fixing. The case settled for a $35 million common fund.

*Nexium Pharmaceutical Antitrust Fraud* (Mass.): After class certification, Beth was appointed to the lead trial team to try antitrust claims on behalf of Massachusetts payors for Nexium. This single-state case settled the night before trial for $20 million.



www.feganscott.com

Beth also fights for women in her own profession. She authored "An Opportunity or Landmine: Promoting Gender Diversity From the Bench" (The Federal Lawyer, May 2016) and participated in The Duke Judicial Law Center's Distinguished Lawyers conference on "Guidelines and Best Practices Addressing Chronic Failure to Diversify Leadership Positions in the Practice of Law."

Prior to founding FeganScott, Beth launched the Chicago office of Hagens Berman Sobol Shapiro, where she grew the firm significantly during her 15 years of leadership as managing partner. Before that, she was partner at The Wexler Firm in Chicago, where she launched her plaintiffs'-side career as interim managing partner.

Additionally, as an associate at Shefsky & Froelich in Chicago, Beth served in several local government appointments, including positions as special assistant corporation counsel to the City of Chicago, the Chicago Park District and the Public Building Commission of Chicago. She also served on special master teams in federal and state court class actions, including with the Hon. Wayne Andersen (ret.), Northern District of Illinois. From 2001-2004, Beth taught legal writing at her alma mater, Loyola University Chicago School of Law.

### Timothy A. Scott (Chicago)



Timothy Scott is a founding member of FeganScott with more than two decades of experience. He has advocated on behalf of a wide range of clients, from individuals in catastrophic personal injury cases to classes of consumers and corporate defendants in highly complex, multi-district litigation.

As a partner, Tim serves many corporate clients in commercial litigation matters involving breaches of contracts, deceptive business practices, defaults in financing and security agreements, and breaches of representations and warranties.

Tim has extensive experience in class action litigation including cases involving antitrust and consumer fraud, often serving as lead or co-lead counsel in these complex cases.



www.feganscott.com

## Counsel

### Melissa Ryan Clark (New York)



Melissa Ryan Clark, Of Counsel at FeganScott, has spent her entire career representing plaintiffs in class action and complex litigation. She is a dedicated and dynamic attorney, with a reputation for streamlining complex issues to achieve the best results for her clients as efficiently as possible.

Melissa has a broad range of class action experience, having represented consumers in data privacy, data breach, and consumer fraud cases against data and tech giants like Facebook, Inc., Google, Apple, Inc., Equifax Inc., and RCN Corp., as well as corporations in other industries, such as Wendy's International, LLC. Melissa also has a strong background in securities fraud litigation and has represented investors in class actions against publicly traded companies like ARIAD Pharmaceuticals, Inc. and Virgin Mobile USA.

In addition to her class action work, Melissa has represented businesses and municipalities in complex commercial litigation. She has represented an alternative energy company in an accounting negligence case against PricewaterhouseCoopers, a foreign investment fund in an action against Fidelity National Title Insurance Company, and municipalities in Fair Housing Act litigation against Wells Fargo, HSBC, and Bank of America

Melissa has also been recognized for her experience and skill in spearheading discovery in complex matters. She was part of the court-appointed teams that oversaw offensive discovery and ESI issues in *In re Apple, Inc. Device Performance Litigation* (N.D. Cal.) and *In re Equifax, Inc. Customer Data Breach Litigation* (N.D. Ga.). In early 2020, Legal 500 named her a "Next Generation Partner" in eDiscovery. Melissa was one of only three lawyers — and the only plaintiffs' attorney — to receive this honor.

Prior to joining FeganScott in June 2020, Melissa was a partner at a boutique litigation firm in New York and at Milberg, a national class action firm. Before that, she was an associate for a securities litigation firm in its New York, NY and New Orleans, LA offices.

Melissa earned her Juris Doctor from Tulane University Law School, where she was on the Moot Court Board and served as a Senior Fellow for Legal Research and Writing. She also attended UC Berkeley Law School where she was on the *California Law Review* and received High Honors in Securities and Class Action Litigation. She earned her Bachelor of Science in International Affairs from Florida State University, where she was a Florida Academic Scholar and completed the "Degree in Three" program.



During law school, Melissa completed judicial externships with the Honorable Jerry Brown, Chief Judge of the United States Bankruptcy Court, Eastern District of Louisiana and the Honorable Jay C. Zainey of the United States District Court, Eastern District of Louisiana. She was also a faculty writing instructor at Tulane University's Freeman School of Business and completed a summer clerkship with the San Francisco District Attorney's Office under then-District Attorney Kamala Harris.

Crain's New York Business named Melissa among "Notable Women in Law 2021." *Benchmark Litigation* has twice named Melissa to the "40 & Under Hot List." She was recognized by *The Legal 500* as a "Next Generation Partner" and "Recommended Lawyer" in Dispute Resolution: e-Discovery. And she has been named to the New York *Super Lawyers* "Rising Stars" list each year since 2011.

**CASE HIGHLIGHTS**

*In re Apple, Inc. Device Performance Litigation* (N.D. Cal.): Oversaw offensive discovery and ESI issues alongside the discovery committee co-chair and lead counsel in this 50-state class action stemming from Apple's alleged throttling of its iPhone devices.

*In re Equifax, Inc. Customer Data Breach Litigation* (N.D. Ga.): Served as an integral member of the team overseeing offensive discovery and ESI issues in this nationwide data-breach class action.

*Torres, et al, v. Wendy's International, LLC* (M.D. Fl.): Served as class counsel in this nationwide data breach class action. The parties reached a $3.4 million settlement.

*In re ARIAD Pharm., Inc. Sec. Litig.* (D. Mass.): Co-lead counsel in this securities class action against a publicly traded pharmaceutical company. Led briefing that resulted in First Circuit's reversal of the district court's dismissal. The parties subsequently reached a $3.5 million settlement.

*Ener1 v. PricewaterhouseCoopers*: Successfully represented a formerly public alternative energy company against PricewaterhouseCoopers in an accounting negligence case. Achieved a substantial confidential settlement.



www.feganscott.com

## Lynn A. Ellenberger (Pittsburgh)



Throughout her career, Lynn A. Ellenberger, Of Counsel at FeganScott, has challenged violations of civil and constitutional rights. At FeganScott, she fights for victims of sexual abuse and harassment, demands accountability for consumers injured or defrauded by large corporations, and represents individuals alleging employment discrimination and other civil rights violations. She also represents criminal defendants challenging their convictions in federal habeas corpus proceedings and appeals.

Before establishing FeganScott's Pittsburgh office, Lynn was an Assistant Federal Public Defender in the Western District of Pennsylvania. She represented clients on death row and those serving near-life prison sentences. She obtained one client's release from prison after serving 28-years for an unconstitutional conviction. Her former client is on the National Registry of Exonerations. She also succeeded in overturning a death sentence for an intellectually disabled client and reversing a death sentence of a profoundly mentally ill client. Then and now, Lynn's passion to provide skilled legal representation to those unable to afford it has resulted in life-changing victories for her clients.

Prior to serving as an Assistant Federal Public Defender, Lynn was a partner at the Chicago law firm of Shefsky & Froelich where she represented businesses and governmental agencies in trial and appellate proceedings. After law school, Lynn was law clerk to Honorable Maurice B. Cohill, Jr. of the United States District Court, Western District of Pennsylvania.

Lynn received her law degree from Vanderbilt University School of Law where she was awarded the Junius I. Allison Prize for Public Interest Work. Lynn graduated Phi Beta Kappa and *magnum cum laude* with honors from the Economics department from Washington and Jefferson College. Today she serves on W&J's Pre-Law Advisory Committee.

Lynn is a sought-after speaker and author on topics that include sexual abuse, mental illness, intellectual disabilities, the death penalty, and appellate practice. Lynn is an avid tennis player and organizes tennis community service events that provide free tennis racquets and instruction to local children. Lynn is also Vice President of the United States Tennis Association's Middle States' Allegheny Mountain District Council.



## **Associates**

### **Brooke A. Achua (New York)**



Brooke Achua is an Associate with FeganScott specializing in complex civil litigation. She has experience representing both plaintiffs and defendants in class action claims, deceptive product labeling litigation, antitrust suits, and consumer protection cases.

As a former attorney at Robins Kaplan, Brooke has managed electronic discovery in cybersecurity actions, defended small-business owners from a variety of breach of contract claims, and propelled class certification forward through her effective representation of a class of merchants in a price-fixing suit. In all areas, Brooke uses her technical experience and creative problem-solving skills to arrive at legal solutions that best serve the needs of her clients.

Brooke is active in the legal community, including as a member of the American Association for Justice and the Metropolitan Black Bar Association. She previously served as an At-Large Director of the Minnesota Association of Black Lawyers and gained valuable insight into the federal judiciary as an extern for the Honorable Michael J. Davis of the U.S. District Court for the District of Minnesota.

Brooke earned her Juris Doctor from Mitchell Hamline School of Law in St. Paul, Minnesota where she graduated *cum laude* and received recognition for her dedication to pro bono work. In law school, Brooke served as the President of the Mitchell Hamline Black Law Student Association, earning her the Judge Pamela G. Alexander Scholarship on behalf of the Minnesota Association of Black Lawyers. Before law school, Ms. Achua solidified her commitment to serving traditionally underrepresented communities through her work as a Congressional Intern to then-Congressman Keith Ellison.

Brooke is licensed in New York and Minnesota.

### **Jonathan D. Lindenfeld (New York)**

Jonathan Lindenfeld, Associate at FeganScott, has developed an impressive record representing victims of economic fraud, serving as an ally throughout the complex litigation process.



Jonathan's prior experience includes securities litigation and shareholder derivative litigation while representing individual and institutional investors. Joining FeganScott in 2020, Jonathan opened the firm's New York City office.



Before joining FeganScott, Jonathan was an associate at the New York-based firm Pomerantz LLP, where his practice focused on federal securities litigation. At Pomerantz, Jonathan litigated cases against some of the largest generic pharmaceutical companies in the United States, arising from their alleged anticompetitive practices. In that role, he developed and executed strategies behind the firm's complex discovery processes. Jonathan has also worked alongside economic and legal experts to obtain numerous precedent-setting decisions, which have paved new avenues of relief for damaged investors.

Jonathan earned his Juris Doctor from Hofstra University School of Law, where he graduated *cum laude* with an honors business law concentration and interned at the U.S. Attorney's Office, Eastern District of New York. He was also an editor for the Hofstra Law Journal of International Business and Law. After law school, Jonathan was an associate at Levi & Korsinsky LLP. Jonathan earned his bachelor's degree in economics from Queens College – City University of New York.

Jonathan is licensed in the states of New York and New Jersey; Southern District of New York; District of New Jersey; and U.S. Courts of Appeals for the Third and Tenth Circuits.

## Ling Wang (Minneapolis)



Ling Wang is an associate in FeganScott's Minneapolis office. In this role, she helps prosecute class action cases across the firm's practice areas. Ling draws from her experience in complex civil litigation and advocates for a diverse array of clients, including those who have been injured or defrauded by large corporations or those alleging civil rights violations. She is also committed to making justice more readily accessible to underrepresented communities and has been recognized as a North Star Lawyer by the Minnesota State Bar Association for providing over 50 hours of legal services to those who otherwise could not afford representation.

Prior to joining FeganScott, Ling was an associate at a boutique class action litigation firm. There, she primarily represented small businesses and consumers bringing claims against large corporations for violations of antitrust and consumer protection laws. She also represented clients on a pro bono basis for contract disputes, immigration, debtor rights, and civil rights issues.

Ling earned her Juris Doctor from the University of St. Thomas School of Law. As a law student, Ling was an editor for the Law Journal, served as a research assistant, and represented immigrants as a certified student lawyer with the University's Interprofessional Center for Counseling and Legal Services. She also completed an externship at a law firm serving multi-unit


www.feganscott.com

retail, restaurant, and hospitality industries; completed a mentor externship program with the Honorable Steven E. Rau of the U.S. District Court for the District of Minnesota; and served as a judicial extern for the Honorable Mary R. Vasaly of the Fourth Judicial District of Minnesota. She earned her Bachelor of Arts degree in economics from Augsburg University.

## Megan Shannon (Chicago)



Megan Shannon is as an associate attorney in FeganScott's Chicago office. In this role, she helps prosecute class action cases across the firm's numerous practice areas, with particular attention on data privacy.

Prior to joining FeganScott, Megan was an associate attorney with Stephan Zouras LLP, where she started as a law clerk in 2017. After starting as an associate attorney in 2019, Megan independently managed over 30 complex class action cases, most of which focused on Illinois Biometric Information Privacy Act (BIPA) claims and wage and hour matters under the Fair Labor Standards Act. Through her BIPA practice, Megan gained invaluable experience litigating matters of first impression, including assisting in various appeals to the Seventh Circuit and Illinois Appellate Court.

Megan earned her Juris Doctor from Chicago-Kent College of Law, where she graduated cum laude with a certificate in Workplace Litigation and Alternative Dispute Resolution. During her time at Chicago-Kent, Megan held the position of student editor for the Employee Rights and Employment Policy Journal and served as a fundraising event chair for the Kent Justice Foundation. As a law student, Megan interned in the City of Chicago Legal Department's Labor Division. She earned Bachelor of Arts degrees in political science and international studies from Loyola University Chicago.

Megan is admitted in Illinois and to the United States District Courts for the Northern, Central, and Southern Districts of Illinois.



www.feganscott.com

## **Staff Attorney**

### **Mary Beth Blauser (Chicago)**



Since 2012, Blauser has used her document review experience coupled with her e-Discovery work to strategically advance internal audits, litigation, and regulatory enforcement cases across the areas of antitrust, employment, product liability, fraud, insurance, banking, and real estate. Blauser also worked as a judicial law clerk for the State of Alaska and as an intern at the Environmental Protection Agency Region V in Chicago.

Blauser earned her law degree cum laude from Vermont Law School. During her time there, Mary Beth served as a staff editor and production editor for the Vermont Journal of Environmental Law.

Mary Beth is licensed in Illinois.

