UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMTIN ZAKIKHANI et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>HYUNDAI MOTOR COMPANY et al.,<br><br>　　　Defendants. | Case No. 8:20-cv-01584-SB-JDE<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

　　　Plaintiffs Kimberly Elzinga, Theodore Maddox, Jr., Jacqueline Washington, Patti Talley, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Ramtin Zakikhani, Brenda Evans, Anthony Vacchio, Minda Briaddy, Adam Pluskowski, Ricky Barber, Lucille Jacob, Carla Ward, Pepper Miller, and Cindy Brady move for preliminary approval of their class action settlement with Defendants Hyundai Motor Company, Hyundai Motor America, Kia Corporation, and Kia America Inc. Dkt. No. 115 (Motion). An additional Plaintiff, Kericha Kennedy, is not part of the settlement and has dismissed her claim with prejudice. Dkt. No. 128. No party has opposed the settlement. The Court grants the Motion.

I.

　　　Plaintiffs brought three substantially similar lawsuits arising from alleged defects with the Anti-Lock Brake System (ABS) in certain cars Defendants manufactured (the Defective Vehicles). Plaintiffs allege that the Defective Vehicles suffer from two flaws: first, the ABS modules remain charged with an electrical current even if the car is off; and second, the ABS modules allow moisture to enter. Dkt. No. 49 (Second Amended Class Action Complaint (SAC)), ¶ 140. Together, Plaintiffs allege, these defects make the Defective Vehicles

1

susceptible to short circuiting, which can result in spontaneous vehicle fires even when a vehicle has been turned off for days. *Id*. ¶¶ 140–42.

The first lawsuit arising from these defects (*Zakikhani*) was filed on August 25, 2020. Dkt. No. 1. After the Court dismissed the *Zakikhani* Plaintiffs' First Amended Complaint, Dkt. No. 48, the *Zakikhani* Plaintiffs filed the SAC on July 16, 2021. Two related lawsuits were subsequently filed, and the three lawsuits were consolidated. Dkt. No. 120. On August 15, 2022, Plaintiffs moved for preliminary approval of their class action settlement as laid out in the Settlement Agreement. Following oral argument, the Court directed the parties to file an Amended Settlement Agreement that clarified ambiguities in the Settlement Agreement. Dkt. No. 127. The parties filed an Amended Settlement Agreement on October 17, 2022. Dkt. No. 129. All capitalized terms not herein defined have the same meaning as in the Amended Settlement Agreement. Dkt. No. 129-1.

The Amended Settlement Agreement defines two Settlement Classes, consisting of owners or lessees of certain models of Hyundai and Kia vehicles who purchased or leased a Class Vehicle in the United States or while abroad on active U.S. military duty. *Id*. §§ 1.15, 1.17. Excluded from the Settlement Classes are claims for death, personal injury, property damage to property other than the Class Vehicles, and subrogation; Defendants and their affiliates, directors, officers, employees, successors, and assigns; owners of Class Vehicles who purchased their vehicles after they were declared total losses; owners of Class Vehicles who individually settled their claims with Defendants prior to the Notice Date; and owners who purchased a Class Vehicle with knowledge of existing damage to the ABS Module. *Id*. §§ 1.15, 1.17, 1.35. Also excluded are people who timely opt out from the settlement by following the procedures outlined in the Long Form Notice. *Id*. §§ 1.15, 1.17. Finally, Class Members do not release any claims that arise from any future recalls by the National Highway Traffic Safety Administration (NHTSA). *Id*. § 1.35.

Under the terms of the Amended Settlement Agreement, Defendants agree to provide Class Members nationwide with repairs to remedy the defective ABS module, extended warranties that cover all future costs Class Members incur arising from the defective ABS module, one free inspection of the ABS module in Class Vehicles, reimbursement for out-of-pocket expenses arising from a defective ABS module already incurred, maximum Black Book value and goodwill payments to owners and lessees of Class Vehicles whose vehicles are a total loss due to a fire arising from a defective ABS module, and repairs to owners and lessees of Class Vehicles who experience a partial loss because of a fire resulting

from a defective ABS module. *Id*. § 2. There are no caps on the amount Defendants will pay for expenses that qualify under the extended warranties, goodwill payments, and reimbursements for past repairs and repair-related expenses (such as towing). However, Class Members must have their vehicle's ABS module inspected, repaired, or replaced within (a) 90 days of an ABS or ESC dashboard warning light going on and (b) 90 days of the latter of the Notice Date, the mailing of a NHTSA Recall campaign notice, or the availability of necessary repair parts at a Class Member's nearest authorized dealer, or they will not receive the warranty extension or repair or repair-related reimbursement benefits under the Settlement. *Id*. §§ 1.12, 2.2.4, 2.5.5. Upon final approval of the Amended Settlement Agreement, Releasors—which include Plaintiffs, Class Members who do not opt out, and their various related entities—will release all Released Claims that they have against Defendants (which generally include all claims arising from the ABS module defect except for the excluded claims identified above). *Id*. §§ 1.37, 8.

II.

Class actions may only be settled with court approval. Fed. R. Civ. P. 23(e). A settlement class must satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) and must also meet the requirements for one of the three types of class actions specified in Rule 23(b). *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019). When certifying a settlement class, concerns about manageability at trial are not implicated, but "a district court must give heightened attention to the definition of the class or subclasses." *Id.* at 556–57.

The Settlement Classes meet the requirements of Rule 23(a). Numerosity is satisfied when it would be impracticable to join all class members individually. "In general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010). The Settlement Classes cover approximately three million Class Vehicles. Motion at 18. Joinder of so many possible plaintiffs and claims is clearly impracticable.

Commonality is satisfied when plaintiffs' claims "depend upon a common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "For purposes of Rule 23(a)(2), even a single common question will do." *Id*. at 359 (cleaned up). Since the claims of all Class Members arise from the same defect to the ABS module, there are substantial questions of law and fact common to each Class Member's claims. Therefore, the commonality requirement is met.

3

Typicality is satisfied when the class representatives have claims and defenses that are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338). Here, Plaintiffs' claims arise from the defective ABS module, just like the claims of other Class Members. Plaintiffs' claims are sufficiently similar to the claims of absent class members, which satisfies the typicality requirement.

Finally, Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiffs and their counsel are able to prosecute the action vigorously and the named plaintiffs do not have conflicting interests with the unnamed class members. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Plaintiffs and Class Counsel have vigorously prosecuted their lawsuits to protect their and other Class Members' interests. Class Counsel have substantial experience in bringing successful class action lawsuits. Dkt. Nos. 115-1, 115-2. Moreover, there are no evident conflicts of interest between Plaintiffs, Class Counsel, and other Class Members that would make Plaintiffs inadequate class representatives. Accordingly, the Court finds that all four elements of Rule 23(a) are satisfied.

Plaintiffs have moved for provisional certification under Rule 23(b)(3), which requires a court to find that the questions of law and fact common to all class members "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Where there is "generalized evidence" that proves or disproves a material fact on a class-wide basis, predominance is met because there is no need to examine each class member's individual position. *Herrera v. Wells Fargo Bank, N.A.*, 2021 WL 3932257, at * 6 (C.D. Cal. June 8, 2021). Here, resolution of Class Members' claims depends on substantially similar facts, including whether vehicles they owned or leased have a defective ABS module, whether Defendants had a duty to disclose the defects, whether Defendants failed to disclose the defects, and whether Defendants knew about the defects. These questions of fact can be proven by common evidence. The proposed Settlement Classes warrant provisional certification under Rule 23(b)(3).

III.

There is a "strong judicial policy" favoring settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). As such, the court's role is limited to determining whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). At the preliminary stage, there is an "initial presumption of fairness," and a court may grant preliminary approval if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The Amended Settlement Agreement is the result of lengthy litigation. This case has been ongoing for more than two years and has included the exchange of substantial amounts of information between Plaintiffs and Defendants, several rounds of dispositive motions, and extensive negotiations. Motion at 1, 10. The Amended Settlement Agreement was negotiated with the assistance of the Hon. Edward A. Infante (Ret.). The process by which the Amended Settlement Agreement was negotiated and the Agreement's material terms do not suggest that there was any collusion. Defendants have agreed to pay separately attorneys' fees and costs and Class Representative Service Awards. There is no clear sailing provision. On these facts, the Court finds that the Amended Settlement Agreement is the product of serious, informed, non-collusive negotiations.

The Amended Settlement Agreement requires Defendants to remedy defective ABS modules in Class Vehicles and reimburse Class Members for out-of-pocket costs associated with the defects. Dkt. No. 129-1 §§ 2.1–2.3, 2.5–2.6. The Agreement also provides relief for Class Members who experience vehicle losses due to a fire arising from a defective ABS Module. *Id*. § 2.4. There are no caps on the amounts Defendants might have to pay. The Amended Settlement Agreement's terms appear comprehensive and do not have any obvious deficiencies.

The Amended Settlement Agreement does not offer preferential treatment to any Class Member. All Class Members will receive the benefits of the Agreement's warranty extensions, reimbursement provisions, ABS module repair provisions, and an inspection of the ABS module. Those Class Members who suffered a fire due to a defective ABS module resulting in Total Loss will receive additional compensation in the form of a one-time $140 goodwill payment. *Id*. §

2.4.5.  Since the benefits Class Members will receive are proportionate to the harm they suffered, the Amended Settlement Agreement does not disproportionately favor any Class Member.

The Amended Settlement Agreement's material terms are adequate in light of the risks inherent in pursuing a class action case to trial, the volume of discovery conducted to date, and the experience of Class Counsel.  The terms provide Class Members with relief for owning vehicles with defective ABS modules through a combination of inspection, repair, reimbursement, warranty extension, and goodwill payment remedies.  Since these forms of relief are targeted to the injuries Class Members allegedly suffered, the Settlement terms fall "within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.  Accordingly, the Amended Settlement Agreement bears fairness scrutiny.

IV.

Finally, Rule 23 requires court approval of the form and content of a class action settlement's notice to class members.  Fed. R. Civ. P. 23(e)(1).  Courts must consider whether the notice comports with due process, which includes whether the notice will reasonably apprise class members of the settlement and give them an opportunity to object.  *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1350–51 (9th Cir. 1980) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The parties have provided the Court with proposed notices.  Dkt. No. 129-1, Exs. B(1), B(2), C.  Defendants Hyundai Motor America and Kia America will provide notice to Class Members through U.S. mail, email, and a dedicated settlement website.  *Id.* §§ 5.2, 5.3.  The Settlement Administrators will provide the Short Form Notice applicable to each Class Member to all reasonably identifiable Class Members through U.S. mail.  The Amended Settlement Agreement contemplates updating Class Members' addresses through state agency searches and the U.S. Postal Service's National Change of Address database.  *Id.* § 5.3.1.  In addition, the Settlement Administrators will email a link to the settlement website and the Long Form Notice to all Class Members for which Defendants maintain email addresses.  *Id.* § 5.3.2.  The settlement website will contain the Long Form Notice.  *Id.* § 5.3.3.  These means of notifying Class Members about the Settlement appear to be sufficient.

The Short Form Notices outline the nature of the action, who is included in the class, the principal settlement terms, how Class Members can obtain relief, how

6

Class Members can opt out of or object to the settlement, and where Class Members can go for further information (by referring to a website or calling a telephone number). The 17-page proposed Long Form Notice provides more detailed information. Since the proposed notices disclose information sufficient to alert class members about the alteration of their rights, the content of the notices satisfies due process. See *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (notice is sufficient if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.") (internal citation omitted).

V.

For the foregoing reasons, the Court **GRANTS** preliminary approval of the Amended Settlement Agreement as follows:

1. The Settlement Classes as defined in the Amended Settlement Agreement are conditionally certified.

2. The Amended Settlement Agreement, Dkt. No. 129-1, is preliminarily approved.

3. The form and content of the proposed notices attached as Exhibits to the Amended Settlement Agreement and plan to disseminate the proposed notices to Class Members by U.S. mail, email, and a dedicated settlement website as described within the Amended Settlement Agreement are approved.

4. Plaintiffs Kimberly Elzinga, Patti Talley, Ramtin Zakikhani, Brenda Evans, Anthony Vacchio, Minda Briaddy, Lucille Jacob, Carla Ward, and Pepper Miller are appointed as Class Representatives of the Hyundai Settlement Class and Plaintiffs Theodore Maddox, Jacqueline Washington, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Adam Pluskowski, Ricky Barber, and Cindy Brady are appointed as Class Representatives of the Kia Settlement Class.

5. Having considered the factors set forth in Rule 23(g)(1) and having reviewed the Motion, supporting declarations, and record in this case, the Court finds that Elizabeth A. Fegan and Steve W. Berman will fairly and adequately represent the interests of the Settlement Classes. Accordingly, the Court hereby appoints Elizabeth A. Fegan and Steve W. Berman as Class Counsel

for the Settlement Classes.

6. **Objections:** Any Settlement Class Member who intends to object to any aspect of the Settlement, including a request for attorneys' fees and expenses to Class Counsel, or service awards to the Class Representatives, must file a written statement of the objection(s) with the Court no later than the Opt-Out and Objection Deadline, as defined below. The written statement must include: (i) the name of the Litigation and a description of the objection(s), including any evidence and applicable legal authority and any supporting evidence the objector wishes to introduce; (ii) the objector's full name, address, email address, telephone number, the Settlement Class to which the objector belongs, and the manufacturer, model name, and model year of the Class Vehicle owned or leased by the objector; (iii) whether the objection applies only to the objector or to the entire Settlement Class; (iv) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with a statement of the number of times in which the objector or the objector's counsel has objected to a class action settlement within five years preceding the submission of the objection, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection; (v) all agreements that relate to the objection or the process of objecting, between the objector or objector's counsel and any other person or entity; (vi) the objector (and the objector's attorney's) signature on the written objection; and (vii) a declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

Objection papers must be filed electronically with the Court or filed by delivery to:

Clerk
United States District Court
for the Central District of California
First Street Courthouse
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

The Clerk shall add to the electronic docket for this Litigation any such objections filed by delivery and not filed electronically. Such papers must also be served by mail on Class Counsel, counsel for Defendants, and the

applicable Settlement Administrator listed below:

ON BEHALF OF CLASS COUNSEL:

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 2nd Avenue Suite 2000
Seattle, WA 98101

ON BEHALF OF DEFENDANTS:

Lance A. Etcheverry
Michael C. Minahan
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301

John Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, D.C. 20005

SETTLEMENT ADMINISTRATOR FOR THE HYUNDAI CLASS:

Hyundai HECU Settlement
P.O. Box 2084910550
Talbert Ave.
Fountain Valley, CA 92708

SETTLEMENT ADMINISTRATOR FOR THE KIA CLASS:

Kia HECU Settlement
P.O. Box 3139

       Portland, OR 97208-3139

7. **Opt-Outs:** Any Settlement Class Member who does not wish to participate in the Settlement must submit a request for exclusion to the Settlement Administrator no later than the Opt-Out and Objection Deadline, as defined below, stating his or her intention to be excluded from the Settlement. For a request for exclusion to be valid, it must set forth: (i) the name of the Litigation; (ii) the Settlement Class Member's full name, address, email address and telephone number; (iii) the make, model, model year, and VIN of their Class Vehicle and the approximate date(s) of purchase or lease; (iv) a specific statement of their intention to be excluded from the Settlement; (v) the identity of the Settlement Class (i.e. Hyundai or Kia) from which the Settlement Class Member desires to be excluded; (vi) the identity of the Settlement Class Member's counsel, if represented; and (vii) the Settlement Class Member's authorized representative's signature and the date on which the request was signed. No mass opt-outs or requests for exclusion shall be accepted. Except for those members of the Settlement Class who timely and properly submit a request for exclusion, all members of the Settlement Class will be deemed Settlement Class Members for all purposes under the Amended Settlement Agreement, and upon the entry of the Final Approval Order and Judgment will be bound by its terms, regardless of whether they submit a claim or receive any monetary relief from the Settlement. Any member of the Settlement Class who does not submit a timely, written request for exclusion will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

8. Settlement Class Members who wish to object to or opt out of the Settlement by submitting a written objection or a written request for exclusion must do so by **April 4, 2023** (Opt-Out and Objection Deadline). Settlement Class Members may not both object and request exclusion. If a Settlement Class Member submits both a written objection and a request for exclusion, the request for exclusion will control. Class Counsel's response to any objections shall be filed within fourteen (14) days after the Opt-Out and Objection Deadline.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing **on April 21, 2023 at 8:30 a.m.** to determine whether the proposed Settlement is fair, reasonable, and adequate and if it

should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; and to determine the fees that should be awarded to Class Counsel and the service awards that should be awarded to the Class Representatives.  The Fairness Hearing may be postponed, adjourned, or continued by further order of this Court, without further notice to the Parties or Settlement Class Members.  Class Counsel shall file papers in support of final approval of the Settlement, together with applications for attorneys' fees and service awards by no later than **March 20, 2023**.  Defendants may, but are not required to, file papers in support of final approval of the Settlement, so long as they do so no later than **March 20, 2023.**  Attendance at the Fairness Hearing by Settlement Class Members, including individuals objecting to the Settlement, is not necessary; however, any persons intending to appear and wishing to be heard are required to provide written notice of their intention to appear at the Fairness Hearing by no later than the Opt-Out and Objection Deadline.  Persons who do not intend to oppose the Settlement, attorneys' fees and expenses, or service awards need not take any action to indicate their approval.

10. Pursuant to the Amended Settlement Agreement and the submission of Defendants, Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator for the Kia Settlement Class.  Defendant Hyundai Motor America elects to self-administer the Settlement with respect to the Hyundai Settlement Class.  Each shall be required to perform all the duties of the Settlement Administrator as set forth in the Amended Settlement Agreement and this Order.  The Court directs the Settlement Administrators to establish Settlement websites, which shall make available copies of this Order, Class Notices, the Amended Settlement Agreement and all Exhibits thereto; instructions on how to submit Claims online, by email, or by mail; Orders of the Court pertaining to the Settlement; and such other information as may be of assistance to Settlement Class Members or required under the Amended Settlement Agreement.  The Settlement Administrators shall provide the Opt-Out List to Class Counsel and counsel for the Defendants by no later than ten (10) days after the Opt-Out and Objection Deadline.  The Settlement Administrators shall provide Class Counsel an affidavit attesting to the completeness and accuracy of the Opt-Out List, which shall be filed by Class Counsel no later than fourteen (14) days prior to the Fairness Hearing.  The Settlement Administrators shall notify the appropriate state and federal officials of the Amended Settlement Agreement pursuant to the Class Action Fairness Act, 28, U.S.C. § 1715 (CAFA) within ten (10) days of filing of the Amended Settlement

    Agreement with the Court. Within fifteen (15) days after the Notice Date, the Settlement Administrators shall provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA.

11. Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation unrelated to the approval of the Settlement are stayed. Pending final determination of whether the Settlement should be approved, all Settlement Class Members are preliminarily enjoined unless and until they have timely and properly excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants, any other Released Person, and Class Counsel as a result of the violation. This provision does not prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

12. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Amended Settlement Agreement.

13. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not

materially inconsistent with this Order or the Amended Settlement Agreement, including making, without further approval of the Court, changes to the form or content of the Class Notice and Claim Forms and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Amended Settlement Agreement, Notice, and Forms with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class.

14. The Court sets the following Settlement approval schedule:

| | |
|---|---|
| **February 17, 2023** | Date for Commencement of Notice ("Notice Date") |
| **March 20, 2023** | Deadline for Plaintiffs' Motion and Memorandum in Support of Final Approval |
| **March 20, 2023** | Deadline to file Motion for Attorneys' Fees and Service Award |
| **April 4, 2023** | Opt-Out and Objection Deadline |
| **April 7, 2023** | Deadline for Settlement Administrators to provide a declaration to the Court attesting to the measures undertaken to provide notice as directed by CAFA |
| **April 7, 2023** | Deadline for Settlement Administrators to provide the Opt-Out List to Class Counsel and counsel for Defendants |
| **April 18, 2023** | Deadline for Plaintiffs' Response to Any Objections |
| **April 19, 2023** | Deadline for Opposition to Motion for Attorneys' Fees and Service Award |
| **April 21, 2023 at 8:30 a.m.** | Fairness Hearing |

IT IS SO ORDERED.

Date: October 20, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge

13