# Exhibit A

Paul S. Rothstein (*pro hac vice pending*)
626 N.E. First Street
Gainesville, Florida 32601
Tel: (352) 376-7650
Fax: (352) 374-7133
PSR@Rothsteinforjustice.com

Jeffrey Spitz (SBN 119343)
Spitz Law Group
11835 W. Olympic Blvd., Ste. 600E
Los Angeles, CA 90064
Tel: 424-273-1126
Fax: 424-273-1119
jspitz@spitzlawgroup.com

*Attorneys for Objector*
*Michael A. Graham*

# DISTRICT COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| Ramtin Zakikhani on behalf of himself and all others similarly situated, | Case No.: 8:20-cv-01584-SB-JDE |
| Plaintiff | **DECLARATION OF MICHAEL A. GRAHAM** |
| | Judge: Honorable Stanley Blumenfeld, Jr |
| Hyundai Motor Company et al. | |
| Defendants | |

DECLARATION OF MICHAEL A. GRAHAM
Case No.: 8:20-cv-01584-SB-JDE
Page 1

Michael A. Graham declares:

1. I have personal knowledge or belief of the facts set forth in this Declaration and, if called and sworn as a witness at any proceeding before this Court, I could and would competently and truthfully testify as set forth herein.

2. My current address is 1505 Spennymore Rd, Raleigh, NC 27603. My email is michaelag2357@gmail.com. My cellphone is (919) 812-4410.

3. I am the current owner of a 2018 Hyundai Santa Fe Sport (VIN: 5NMZU3LB6JH058884). As a result, I am a member of the settlement class.

4. I hold an Associate of Science degree from Trident Technical College in N. Charleston, South Carolina. I also hold two bachelor's degrees from NC Wesleyan, Rocky Mount, North Carolina.

5. My career depends mainly on the education that I have received at Trident Technical College. I have 40 years of experience in commercial nuclear reactor power generation.

6. The reactor protection system automatically initiates corrective action to mitigate the effects of any core parameter which lies outside of its normal operating limits. This system utilizes relays not unlike those in question in this Hyundai ABS litigation.

DECLARATION OF MICHAEL A. GRAHAM
Case No.: 8:20-cv-01584-SB-JDE
Page 2

7. I believe that my background qualifies me to support the objections put forward by my retained counsel and speak to the underlying and ongoing concerns for the safety of class members as a result of the defect in question.

8. I have only previously objected to one case and that case was the Hyundai and Kia Engine litigation. This case was also litigated before this court (In Re: Hyundai and Kia Engine Litigation, Case No. 8:17-CV-00838-JLS-JDE). See relevant order attached as Exhibit 1.

9. The retained counsel representing me with respect to this objection are Paul S. Rothstein, and his local counsel Jeffrey Spitz.

10. To the best of my knowledge, no other counsel is entitled to compensation for any reason related to this objection.

11. I declare, under the penalty of perjury, that the information provided by my counsel and I is true and correct.

12. I will not be able to attend the hearing on April 21st in person. I can appear via Zoom if that is an option.

Executed this 3rd day of April 2023 at Raleigh, North Carolina.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

                         */s/* Michael A. Graham_____
                         Michael A. Graham

# Exhibit 1

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation* | CASE NO. 8:17-cv-00838-JLS-JDE<br><br>Member Cases:<br>8:17-cv-01365-JLS-JDE<br>8:17-cv-02208-JLS-JDE<br>2:18-cv-05255-JLS-JDE<br>8:18-cv-00622-JLS-JDE<br><br>Related Case:<br>8:18-cv-02223-JLS-JDE<br><br>**ORDER AND FINAL JUDGMENT** |

Plaintiffs Cara Centko, Jenn Lazar, Christopher Stanczak, Rose Creps, James Kinnick, Wallace Coats, Maryanne Brogan, Andrea Smolek, Danny Dickerson, Robert Fockler, Amy Franklin, Donald House, Dave Loomis, Joseph McCallister, Arron Miller, Ricky Montoya, Lynn North, Mark Rice, Reid Schmitt, James Smith, and Chris Stackhouse ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Class, entered into a Settlement Agreement with defendants Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), Kia Motors Corporation ("KMC") and Kia Motors America ("KMA") (collectively the "Parties") and moved this Court for an order granting final approval to their class action settlement. The Court carefully considered the Settlement Agreement (Doc. 194-1), the motion for final approval, all supporting papers, the arguments of counsel, and all objections to the proposed settlement, and granted final approval of the class action settlement on May 10, 2021 ("Final Approval Order," Docs. 201, 202).

Now, in consideration of the entire record herein, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Parties in this action.

2. This Order and Final Judgment incorporates herein the Settlement Agreement (Doc. 194-1), the Preliminary Approval Order (Doc. 132), and the Final Approval Order (Docs. 201, 202). Capitalized terms not otherwise defined here shall have the same meaning as set forth in the Settlement Agreement.

3. The Class, as defined in the Court's Final Approval Order, was certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23, and is defined as follows:

> All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, including those that were purchased while the

owner was abroad on active U.S. military duty, but excluding those purchased in the U.S. territories and/or abroad.[1]

4. The Court found that certification of the Class was appropriate pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth in the Preliminary Approval Order and the Final Approval Order. Specifically, the Court concluded that: (i) the members of the Settlement Class are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class; (iii) the Class Representatives' claims and the defenses thereto are typical of the claims of the Settlement Class and the defenses thereto; (iv) the Class Representatives and their counsel can protect and have fairly and adequately protected the interests of the members of the Settlement Class in the

---

[1] The Class excludes all claims for death, personal injury, property damage, and subrogation. The Class also excludes: (a) Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), Kia Motors Corporation ("KMC") and Kia Motors America ("KMA"); (b) any affiliate, parent, or subsidiary of HMA, HMC, KMC or KMA; any entity in which HMA, HMC, KMC or KMA has a controlling interest; any officer, director, or employee of HMA, HMC, KMC or KMA; any successor or assign of HMA, HMC, KMC or KMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (c) individuals and/or entities who validly and timely opt-out of the settlement; (d) consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*i.e.*, salvage or junkyard vehicles) (subject to verification through Carfax or other means); (e) vehicle owners or lessees who rent or previously rented the Class Vehicle for the use of third parties; (f) new and used motor vehicle dealerships engaged in the business of buying, selling or dealing in motor vehicles; (g) banks, credit unions or other lienholders; and (h) current or former owners of a Class Vehicles who previously released their claims in an individual settlement with HMA, HMC, KMC and KMA with respect to the issues raised the Action (for the purpose of clarity, individual owners of 2011-2014 Hyundai Sonatas who released claims against HMA and HMC in the settlement reached in *Mendoza v. Hyundai Motor Company Ltd., et. al.*, Case No. 15-cv-01685-BLF (N.D. Cal.) are not excluded from the claims of the Class).

Action; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the Action and provides substantial benefits to the Settlement Class. The Court therefore determined that this Action satisfied the prerequisites for class certification for settlement purposes pursuant to Federal Rule of Civil Procedure 23.

5. The Class Notice was disseminated in accordance with the procedures required by the Court's Orders (Docs. 132, 137), in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.

6. The Court held a hearing on November 13, 2020 to consider the fairness, reasonableness and adequacy of the proposed Settlement, and adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing.

7. The Court carefully considered and overruled any objections to the proposed settlement that have been filed.

8. The Court concluded that the Settlement is a fair, reasonable and adequate compromise of the claims asserted in this action for the reasons set forth in the Final Approval Order. Specifically, the Court considered each of the factors in Rule 23(e)(2) and each of the eight factors set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). The factors the Court considered included: "(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Id.* The Court found the factors supported final approval.

9. The Court further carefully considered Plaintiffs' request for (1) $6,900,000 in attorneys' fees to Class Counsel; (2) actual costs up to $175,000 to Class Counsel for reimbursement of litigation expenses; and (3) $3,500 to each Plaintiff as service awards in connection with this Action (as defined in the Settlement Agreement) (Fees Mot., Doc. 139).

10. The Court concluded the requested attorneys' fees, costs, and service awards are reasonable under Federal Rule of Civil Procedure 23, and awarded them to Plaintiffs and Class Counsel.

11. If the Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order certifying a Settlement Class shall be vacated *nunc pro tunc*.

12. All Parties are bound by the Final Approval Order, this Order and Final Judgment, and the Settlement Agreement.

13. All Class members, except those who timely opted out (Doc. 191-1), are bound by the Final Approval Order and this Order and Final Judgment.

14. The Court dismisses, on the merits and with prejudice, the above-captioned action and all claims currently pending before it belonging to Class members who did not request exclusion from the Class in the time and manner provided for in the Class Notice ("Settlement Class Members").

15. As of the Effective Date of the Settlement Agreement, Releasors (as defined in the Settlement Agreement) irrevocably release, waive, and discharge any and all past, present, and future liabilities, claims, causes of action, legal claims, damages, costs, attorneys' fees, losses, or demands that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to Class Vehicles against Releasees (as defined in the Settlement Agreement), whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, based on (i) the facts alleged in any complaint filed in the Action and all

legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in the Action, (ii) the release described in section (i) includes claims related to issues of oil consumption, oil maintenance, and vehicle fires originating in the engine compartment that are covered by and remedied under the Lifetime Warranty and other benefits described in Sections II.A through II.H (including the Lifetime Warranty, Repair Reimbursements, Other Repair Related Reimbursements, Inconvenience Due to Repair Delays, Loss of Value for Sold or Traded-In Vehicles due to a Loss Event, Loss of Vehicle By Engine Fire, and Rebate Program) of the Settlement Agreement. The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.   Even if they later discover facts in addition to or different from those which they now know or believe to be true, Releasors fully, finally, and forever settle and release any and all legal claims against Releasees.

16. Upon issuance of the Final Approval Order and this Order and Final Judgment: (i) the Settlement shall be the exclusive remedy for Class members; (ii) Releasees shall not be subject to liability or expense of any kind to any Class member(s) for reasons related to the Action except as set forth herein; and (iii) Class members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

17. All members of the Class who did not make a valid request for exclusion in the time and manner provided in the Class Notice are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against HMA, KMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai Kia America Technical Center), Hyundai Motor Company, Kia Motors Corporation, all

affiliates of the Hyundai Motor Group or any other Releasee based upon, relating to, or arising out of, any of the Released Claims.

  18. The Settlement Agreement, acts performed in furtherance of the Settlement Agreement, and documents executed in furtherance of the Settlement Agreement or the settlement set forth therein may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Plaintiffs, Settlement Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency, or other proceeding.

  19. Neither the Settlement Agreement (nor any Addendum thereto) shall be offered or be admissible in evidence against HMA, KMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, Kia Motors Corporation, all affiliates of the Hyundai Motor Group, and/or their affiliates or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

  20. If this Order and Final Judgment is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order and Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

  21. Without affecting the finality of the Final Approval Order or this Order and Final Judgment in any way, the Court reserves continuing jurisdiction over matters relating to the Settlement, including, without limitation, the administration,

interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

DATED: June 10, 2021

HON. JOSEPHINE L. STATON
U.S. DISTRICT COURT JUDGE