JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMTIN ZAKIKHANI et al., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR COMPANY et al., <br><br> Defendants. | Case No. 8:20-cv-01584-SB-JDE <br><br> FINAL JUDGMENT |

    Plaintiffs Ramtin Zakikhani, Kimberly Elzinga, Patti Talley, Theodore Maddox, Jacqueline Washington, Ana Olaciregui, Elaine Peacock, Melody Irish, Donna Tinsley, Brenda Evans, Anthony Vacchio, Minda Briaddy, Lucille Jacob, Carla Ward, Pepper Miller, Adam Pluskowski, Ricky Barber, and Cindy Brady ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Class, entered into a Settlement Agreement with Defendants Hyundai Motor Company ("HMC"), Hyundai Motor America ("HMA"), Kia Corporation ("KC"), and Kia America, Inc. ("KA") (collectively "Defendants," and with Plaintiffs, the "Parties"), and moved this Court for an order granting final approval of the Settlement. The Court considered the Amended Settlement Agreement (Dkt. No. 131-1 ("Settlement Agreement")), Plaintiffs' motions for final approval and attorneys' fees, costs, and service awards, all supporting papers, the arguments of counsel, and all objections to the Settlement, and granted final approval of the Settlement on May 5, 2023 (Dkt. No. 160 ("Final Approval Order")).

    Now, in consideration of the entire record herein, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

    1.    This Court has subject matter jurisdiction over this action and personal jurisdiction over the Parties in this action.

    2.    This Final Judgment incorporates the Settlement Agreement, the

Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 130 ("Preliminary Approval Order")), and the Final Approval Order. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3. The two Settlement Classes, as defined in Final Approval Order, were certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23, and are defined as follows:

> **HYUNDAI SETTLEMENT CLASS:** All owners and lessees of a Hyundai Class Vehicle who purchased or leased the Hyundai Class Vehicle in the United States and including those purchased while the owner was abroad on active U.S. military duty.
>
> "Hyundai Class Vehicles" refers to Hyundai Tucson vehicles (model years 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Hyundai Santa Fe vehicles (model years 2007, 2016, 2017, and 2018), Hyundai Santa Fe Sport vehicles (model years 2013, 2014, 2015, 2017, and 2018), Santa Fe XL vehicles (model year 2019), Hyundai Azera vehicles (model years 2006, 2007, 2008, 2009, 2010, and 2011), Genesis G80 vehicles (model years 2017, 2018, 2019, and 2020), Genesis G70 vehicles (model years 2019, 2020, and 2021), Hyundai Genesis vehicles (model years 2015 and 2016), Hyundai Elantra vehicles (model years 2007, 2008, 2009, and 2010), Hyundai Elantra Touring vehicles (model years 2009, 2010, and 2011), Hyundai Sonata vehicles (model year 2006), and Hyundai Entourage vehicles (model years 2007 and 2008), which were the subject of NHTSA Recalls.
>
> Excluded from the Hyundai Class are (a) all claims for death, personal injury, damage to property other than to the Hyundai Class Vehicle itself, and subrogation; (b) HMA, HMC, and any affiliate, parent, or subsidiary of HMA or HMC; (c) any entity in which HMA or HMC has a controlling interest; (d) any officer, director, or

employee of HMA or HMC; (e) any successor or assign of HMA or HMC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Hyundai Class Vehicles that, prior to the time of purchase, were deemed a Total Loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Hyundai Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with HMA or HMC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a Total Loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Hyundai Class.

**KIA SETTLEMENT CLASS:** All owners or lessees of a Kia Class Vehicle who purchased or leased the Kia Class Vehicle in the United States, including those purchased while the owner was abroad on active U.S. military duty.

"Kia Class Vehicles" refers to Kia Sportage vehicles (model years 2008, 2009, 2014, 2015, 2016, 2017, 2018, 2019, 2020, and 2021), Kia Sorento vehicles (model years 2007, 2008, 2009, 2014, and 2015), Kia Optima vehicles (model years 2013, 2014, and 2015), Kia Stinger vehicles (model years 2018, 2019, 2020, and 2021), Kia Sedona vehicles (model years 2006, 2007, 2008, 2009, and 2010), Kia Cadenza vehicles (model years 2017, 2018, and 2019), and Kia K900 vehicles (model years 2016, 2017, and 2018), which were the subject of NHTSA Recalls.

Excluded from the Kia Settlement Class are (a) all claims for death, personal injury, damage to property other than to the Kia Class Vehicle itself, and subrogation; (b) KA, KC, and any affiliate, parent, or subsidiary of KA or KC;

>(c) any entity in which KA or KC has a controlling interest; (d) any officer, director, or employee of KA or KC; (e) any successor or assign of KA or KC; (f) any judge to whom the Litigation is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) consumers or businesses that have purchased Kia Class Vehicles that, prior to the time of purchase, were deemed a Total Loss (i.e., salvage title or junkyard vehicles) (subject to verification through Carfax or other means); (h) current or former owners of Kia Class Vehicles who, prior to the Notice Date, released their claims in an individual settlement with KA or KC; (i) owners who purchased the Class Vehicle with knowledge of existing damage to the ABS Module (damage that does not amount to a Total Loss; but rather, damage to the subject components); and (j) those persons who timely and validly exclude themselves from the Kia Class.

4. The Court found that certification of the Settlement Classes was appropriate pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth in the Preliminary Approval Order and the Final Approval Order.  Specifically, the Court concluded that:  (i) the members of the Settlement Classes are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Classes, and such questions predominate over any questions affecting only individual members of the Settlement Classes; (iii) the Class Representatives' claims and the defenses thereto are typical of the claims of the Settlement Classes and the defenses thereto; (iv) the Class Representatives and their counsel can protect and have fairly and adequately protected the interests of the members of the Settlement Classes in the action; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the action and provides substantial benefits to the Settlement Classes.  The Court therefore determined that this action satisfied the prerequisites for class certification for settlement purposes pursuant to Federal Rule of Civil Procedure 23.

5. The Class notice was disseminated in accordance with the procedures

|   |   |
|---|---|
|   | required by the Preliminary Approval Order and applicable law, and satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process, and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order. |
| 6. | The Court held a hearing on April 21, 2023, to consider the fairness, reasonableness, and adequacy of the Settlement.  Adequate notice of the Fairness Hearing was given to members of the Settlement Classes, who had a full and fair opportunity to participate in the Fairness Hearing. |
| 7. | The Court carefully considered and overruled the objections to the Settlement that had been filed. |
| 8. | The Court concluded that the Settlement is a fair, reasonable, and adequate compromise of the claims asserted in this action for the reasons set forth in the Final Approval Order.  Specifically, the Court considered each of the factors in Federal Rule of Civil Procedure 23(e)(2) and several non-exclusive factors set forth in *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012): "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."  The Court found that the factors supported final approval. |
| 9. | The Court also concluded that the Settlement was not a product of collusion among the Parties after considering and applying the factors set forth in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011). |
| 10. | The Court further carefully considered Plaintiffs' request for (1) $5,934,078.10 in attorneys' fees to Class Counsel and Plaintiffs' Counsel; (2) $248,421.90 in costs to Class Counsel and Plaintiffs' Counsel for reimbursement of litigation expenses; and (3) $67,500 in service awards to Plaintiffs in connection with this action (Dkt. Nos. 134, 148). |

11. The Court concluded that Plaintiffs' request for $6,182,500 in attorneys' fees and costs, and their requested service awards, are reasonable under Federal Rule of Civil Procedure 23, and awarded them to Plaintiffs, Class Counsel, and Plaintiffs' Counsel.[1]

12. If the Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, the Court's certification of the Settlement Classes shall be vacated *nunc pro tunc*.

13. All Parties are bound by the Final Approval Order, this Final Judgment, and the Settlement Agreement.

14. All Class Members, except those who timely requested exclusion from the Settlement Classes, are bound by the Final Approval Order, this Order and Final Judgment, and the Settlement Agreement.

15. The Court dismisses, on the merits and with prejudice, the above-captioned action and all claims currently pending before the Court belonging to Class Members who did not request exclusion from the Settlement Classes in the time and manner provided for in the Class notice.

16. As of the Effective Date of the Settlement Agreement, each Releasor (as defined in the Settlement Agreement) irrevocably releases, waives, and forever discharges and holds harmless the Released Persons[2] of

---

[1] The Court awarded each of Plaintiffs Ramtin Zakikhani, Kimberly Elzinga, Patti Talley, Theodore Maddox, Jacqueline Washington, Ana Olaciregui, Elaine Peacock, Melody Irish, and Donna Tinsley (the *Zakikhani* Plaintiffs) $5,000 as service awards.  The Court awarded each of Plaintiffs Brenda Evans, Anthony Vacchio, Minda Briaddy, Lucille Jacob, Carla Ward, Pepper Miller, Adam Pluskowski, Ricky Barber, and Cindy Brady (the *Evans* and *Pluskowski* Plaintiffs) $2,500 as service awards.

[2] "Released Persons" means (a) each Defendant, (b) all distributors, suppliers, wholesalers, retailers, licensors or licensees, and/or any other Person who was in any way involved in or within the chain of distribution of Class Vehicles, including the chain of design, testing, manufacture, assembly, distribution, marketing, sale,

and from any and all Released Claims[3] which the Releasor has or may hereafter have.

17. Upon issuance of the Final Approval Order and this Final Judgment: (i) the Settlement shall be the exclusive remedy for Class Members; (ii) the Released Persons shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the action except as set forth herein; and (iii) Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against the Released Persons.

18. All Class Members who did not make a valid request for exclusion in the time and manner provided in the Class notice are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against any Released Person based upon, relating to, or arising out of, any of the Released Claims.

---

installation, or servicing of Class Vehicles, and (c) the respective past, present, and future parents, subsidiaries, affiliates, officers, directors, shareholders, agents, representatives, servants, employees, attorneys, predecessors and successors in interest, assigns, and insurers of the Persons described in the preceding clauses (a) and (b) above.  Dkt. No. 131-1, § 1.36.

[3] "Released Claims" means any and all known or unknown economic injury claims, demands, actions, suits, causes of action, damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory or statute whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Class Member who has not timely excluded themselves from the Class, whether or not they object to the Settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of the Qualifying Defect in a Class Vehicle including, but not limited to, (i) all claims for out-of-pocket expense, diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, cost-of-maintenance, consequential damages, property damage to the Class Vehicle, or premium-price damages, arising out of the Class Member's purchase or lease of a Class Vehicle, and (ii) the allegations in the Litigation.  Dkt. No. 131-1, § 1.35.  "Released Claims" does not include claims for damage to property other than to the Class Vehicle itself, subrogation, personal injury or wrongful death, or claims derivative of such claims, nor does the Settlement Agreement revive any such claims.  *Id*.  "Released Claims" also does not include any claims that arise from any future NHTSA recall.  *Id*.

19. The Settlement Agreement, acts performed in furtherance of the Settlement Agreement or the Settlement, and documents executed in furtherance of the Settlement Agreement or the Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity or merit of any Released Claims; or (b) any fault, omission, wrongdoing, or liability of any Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or proceeding for any purpose whatsoever.

20. The Settlement Agreement shall not be construed as, offered into evidence as, or deemed to be evidence of, an admission or concession of liability by, or an estoppel against, any of the Parties, or a waiver of any applicable statute of limitations or repose, and shall not be offered or received into evidence, or considered, in any action or proceeding against any Party in any judicial, quasi-judicial, administrative agency, regulatory or self-regulatory organization, or other tribunal, or proceeding for any purpose whatsoever, other than to enforce the provisions of the Settlement Agreement or the provisions of any related agreement, release, or exhibit hereto.

21. If this Final Judgment is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

22. Without affecting the finality of the Final Approval Order or this Final Judgment in any way, the Court reserves continuing jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation, and/or enforcement of the Settlement, the Settlement Agreement, and this Final Judgment.

IT IS SO ORDERED this May 10, 2023

Stanley Blumenfeld, Jr.
United States District Judge